1    Laura Davis Jones (DE Bar No. 2436) *(Admitted Pro Hac Vice)*
     Jeffrey W. Dulberg (CA Bar No. 181200)
2    PACHULSKI STANG ZIEHL & JONES LLP
     10100 Santa Monica Blvd., 13th Floor
3    Los Angeles, CA  90067
     Telephone: 310/277-6910
4    Facsimile: 310/201-0760
     E-mail:    ljones@pszjlaw.com
5               jdulberg@pszjlaw.com

6
     Attorneys for Channel Technologies Group, LLC, Debtor and
7    Debtor in Possession

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **NORTHERN DIVISION**

11

12   In re:                               Case No.:  9:16-bk-11912-PC

13   CHANNEL TECHNOLOGIES GROUP,          Chapter 11
     LLC, [1]
14                          Debtor.

15                                        **DEBTOR'S PROPOSED CHAPTER 11
                                          LIQUIDATING PLAN**
16

17

18

19          **THIS PLAN HAS NOT YET BEEN APPROVED BY THE BANKRUPTCY COURT**

20   **This proposed Plan is not a solicitation of acceptance or rejection of the Plan.  Acceptances or rejections may not
     be solicited until the Bankruptcy Court has approved the related Disclosure Statement under Bankruptcy Code
21   §1125.  The proposed Disclosure Statement is being submitted separately for approval, and has not yet been
     approved by the Bankruptcy Court.**

22

23

24

25

26

27

28   [1] The last four digits of the Debtor's Tax Identification Number are:  0460. The Debtor's mailing address is: 8714 East
     Sandalwood Dr., Scottsdale, AZ  85250.

DOCS_LA:306860.8 13817/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **TABLE OF CONTENTS**

**Page**

I.      DEFINITIONS AND RULES OF CONSTRUCTION .................................................... 1
        A.      Defined Terms. ........................................................................................ 1
        B.      Other Terms. .......................................................................................... 11
        C.      Computation of Time. ............................................................................ 11
        D.      Exhibits. ................................................................................................. 11
II.     CLASSIFICATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS 12
        A.      Summary. ................................................................................................ 12
        B.      Unclassified Claims. .............................................................................. 12
                1.      In General. .................................................................................. 12
                2.      DIP Financing Claim. ................................................................. 12
                3.      Administrative Expenses. ........................................................... 12
                4.      Priority Tax Claims .................................................................... 14
        C.      Classification and Treatment. ................................................................ 14
                1.      Class 1:  Other Priority Claims. ................................................. 15
                2.      Class 2:  Secured Claims. ........................................................... 15
                3.      Class 3:  General Unsecured Claims. ......................................... 15
                4.      Class 4:  Equity Interests ........................................................... 17
III.    ACCEPTANCE OR REJECTION OF THE PLAN ................................................... 18
        A.      Voting Classes. ....................................................................................... 18
        B.      Voting Rights of Holders of Disputed Claims........................................ 18
        C.      Acceptance by Impaired Classes. ........................................................... 18
        D.      Presumed Acceptance/Rejection of the Plan. ......................................... 18
IV.     PROVISIONS FOR TREATMENT OF DISPUTED, CONTINGENT, OR
        UNLIQUIDATED CLAIMS AND ADMINISTRATIVE EXPENSES........................ 19
        A.      Resolution of Disputed  Claims. ............................................................. 19
        B.      Reserve for Disputed Claims. ................................................................. 19
        C.      Exclusive Right to Object to Claims. ...................................................... 20
        D.      Investigation Regarding Disputed Claims. .............................................. 20
        E.      Distribution After Allowance. ................................................................ 21
V.      IMPLEMENTATION OF THE PLAN ..................................................................... 21
        A.      Vesting of Assets. ................................................................................... 21
        B.      Establishment of the Liquidating Trust.................................................. 22
                1.      Generally. ................................................................................... 22
                2.      Beneficiaries. .............................................................................. 23
                3.      Implementation of the Liquidating Trust.................................... 23
                4.      Transfer of the Debtor's Assets. ................................................. 23
                5.      Representative of the Estate. ...................................................... 24
                6.      No Liability of Liquidating Trustee............................................ 24
                7.      Provisions Relating to Federal Income Tax Compliance. ........... 25
                8.      Cooperation with Liquidating Trustee. ....................................... 26
                9.      Compensation of the Liquidating Trustee/Removal of the Liquidating
                        Trustee. ....................................................................................... 26
                10.     Resignation of Liquidating Trustee. ........................................... 26
                11.     Funding of Post-Effective Date Plan Expenses. ......................... 27
                12.     Estate Causes of Action. ............................................................ 27
                13.     Post-Effective Date Professional Fees. ...................................... 29
                14.     Approval for Disposition of Assets............................................. 29
                15.     Compromise of Controversies. ................................................... 29
                16.     Bankruptcy Court Approval Relative to Post-Confirmation Matters. ..... 30
                17.     Liquidating Trustee Certification................................................ 30
                18.     Final Decree. .............................................................................. 30
                19.     Other Rights, Powers and Duties of Liquidating Trustee. .......... 30
                20.     Resolution of Disputes................................................................ 30

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

i

21. Termination of Employment of Liquidating Trustee. ............................. 31
22. Bar Date for Filing Avoidance Action Payment Claims. ....................... 31
C. Prosecution of Estate Causes of Action by the Liquidating Trustee. ................. 31
D. Issuance and Execution of Plan Related Documents. ............................... 31
E. Dissolution of the Debtor and Termination of Current Officers, Directors,
   Employees and Counsel; Dissolution of the Committee. ......................... 32
VI. DISTRIBUTIONS UNDER THE PLAN ......................................................... 32
A. In General. ................................................................................................ 32
B. Manner of Payment Under the Plan. ...................................................... 33
C. Manner of Distribution of Other Property. ............................................. 33
D. Set-offs. .................................................................................................... 33
E. Distribution of Unclaimed Property. ...................................................... 33
F. De Minimis Distributions. ...................................................................... 33
G. Saturday, Sunday or Legal Holiday. ....................................................... 33
H. Delivery of Distributions, Address of Holder. ........................................ 34
I. Payment of Fees and Expenses of Disbursing Agent. ............................ 34
J. Approval for Schedule of Proposed Distributions. ................................. 34
K. Further Assurances Regarding Distributions. ........................................ 34
L. Creditor's Payment of Obligations or Turn Over of Property to the
   Liquidating Trustee. ............................................................................... 35
VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES ............................ 35
A. Rejection. ................................................................................................. 35
B. Bar Date for Rejection Damage Claims. ................................................. 35
C. Insurance Policies. .................................................................................. 36
VIII. EFFECTIVENESS OF THE PLAN ............................................................... 36
A. Conditions Precedent. ............................................................................ 36
B. The Effective Date. .................................................................................. 37
C. Confirmation Request. ............................................................................ 37
D. Notice of the Effective Date. ................................................................... 37
IX. RETENTION OF JURISDICTION ................................................................. 37
X. RELEASES, EXCULPATION AND INJUNCTION .......................................... 39
A. Releases by the Debtor. ........................................................................... 39
B. Exculpation ............................................................................................. 40
C. No Liability for Solicitation or Participation. ........................................ 40
D. Good Faith. .............................................................................................. 41
E. Injunction Enjoining Holders of Claims Against Debtor. ...................... 41
F. Nondischarge of the Debtor. ................................................................... 42
XI. MISCELLANEOUS PROVISIONS ............................................................... 42
A. Payment of Statutory Fees. ..................................................................... 42
B. Preservation of Rights of Action. ............................................................ 42
C. Exemption from Stamp, Transfer and Other Taxes. ............................... 43
   1. Headings. ......................................................................................... 43
   2. Binding Effect. ................................................................................. 43
D. Revocation or Withdrawal. ..................................................................... 43
   1. Right to Revoke. ............................................................................... 43
   2. Effect of Revocation. ........................................................................ 43
   3. Governing Law. ................................................................................ 44
   4. Withholding, Reporting, and Payment of Taxes. .............................. 44
   5. Other Documents and Actions. ........................................................ 44
   6. Modification of the Plan. ................................................................. 44
   7. Notices. ............................................................................................ 45
E. Severability of Plan Provisions. .............................................................. 45
F. Successors and Assigns. .......................................................................... 46
G. Post-Confirmation Notice. ...................................................................... 46
H. Books and Records. ................................................................................. 46
I. Effectiveness of Court Orders. ................................................................ 46

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:306860.8 13817/002

J.      No Waiver............................................................................................. 46
K.      Other Documents and Actions............................................................. 47
L.      Inconsistencies.................................................................................... 47
M.      Implementation of Section 1142 of the Bankruptcy Code................... 47
XII.    RECOMMENDATION .................................................................................... 48

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:306860.8 13817/002

Channel Technologies Group, LLC, the above-captioned debtor and debtor in possession (the "Debtor" or "CTG"), through its undersigned counsel, proposes the following *Proposed Chapter 11 Liquidating Plan* (along with any amendments, supplements and exhibits hereto, collectively, the "Plan") pursuant to section 1121(a) of the Bankruptcy Code for resolution of all Claims against and interests in the Debtor and its Estate.

The Disclosure Statement, which will accompany the Plan, discusses the Debtor's history, business, Chapter 11 Case, and estimates of the distributions of the Debtor's remaining assets to creditors, and contains a summary and discussion of the Plan. Holders of Claims are encouraged to read the Disclosure Statement before voting to accept or reject the Plan.

Following solicitation of acceptances for the Plan, the Debtor will seek the Bankruptcy Court's Confirmation of the Plan. No solicitation materials other than the Disclosure Statement and any schedules, exhibits or other documents attached thereto or referenced therein have been authorized by the Debtor or the Bankruptcy Court for use in soliciting acceptances or rejections of the Plan.

# I.    **DEFINITIONS AND RULES OF CONSTRUCTION**

## A.    **Defined Terms.**

As used herein, the following terms have the respective meanings specified below (such meanings to be equally applicable to both the singular and plural, and masculine and feminine forms of the terms defined):

1.    "Administrative Expense" means any cost or expense of administration of the Chapter 11 Case under sections 503(b) and 507(a)(1) of the Bankruptcy Code, including, without limitation, any actual and necessary post-petition expenses of preserving the Estate, any actual and necessary post-petition expenses of administering and liquidating the Estate, all compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under sections 330, 331, 363 or 503 of the Bankruptcy Code, and any fees or charges assessed against the Estate under section 1930 of title 28 of the United States Code.

2.    "Allowed" means with respect to any Claim or Equity Interest: (a) a Claim or Equity Interest that is evidenced by a proof of Claim or proof of Equity Interest, as applicable, filed by the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

applicable Claims Bar Date (or for which Claim or Equity Interest under the Plan, the Bankruptcy Code, or a Final Order of the Court, a proof of Claim is not required to be filed); (b) a Claim or Equity Interest that is listed in the Schedules, but is not listed as contingent, unliquidated, or disputed, and for which no proof of Claim or proof of Equity Interest, as applicable, has been timely filed; or (c) a Claim or Equity Interest allowed pursuant to the Plan or a Final Order of the Court; provided that with respect to a Claim or Equity Interest described in clauses (a) and (b) above, such Claim or Equity Interest, as applicable, shall be considered Allowed only if and to the extent that with respect to such Claim or Equity Interest no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or such an objection is so interposed and the Claim or Equity Interest, as applicable, shall have been Allowed for voting purposes only by a Final Order. Any Claim or Equity Interest that has been or is hereafter listed in the Schedules as contingent, unliquidated, or disputed, and for which no proof of Claim or proof of Equity Interest is or has been timely filed shall be expunged without further action by the Debtor and without further notice to any party or action, approval, or order of the Bankruptcy Court. Any portion of a Claim that is satisfied or released during the Chapter 11 Case is not an Allowed Claim.

3.      "Allowed Class ____ Claim" means an Allowed Claim in the Class specified.

4.      "Assets" means all assets of the Debtor's  Estate including "property of the estate" as described in section 541 of the Bankruptcy Code and shall, without limitation, include Cash, Estate Causes of Action, any and all claims and causes of action that may be asserted by the Debtor against any third party or third parties, securities, proceeds of insurance and insurance policies, all rights and interests, all real and personal property, and all files, books and records of the Debtor' Estate.

5.      "Available Cash" means the Cash in the Liquidating Trust that is not otherwise designated by the Liquidating Trustee as Cash to be used to satisfy Allowed Administrative Expenses, Allowed Priority Tax Claims, Allowed Secured Claims, Allowed  Other Priority Claims, and expenses of the Liquidating Trust or otherwise subject to a reserve established by the Liquidating Trustee.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6.     "Avoidance Action" means any claim or right under the following: sections 544, 545, 547, 548, 549, 550, 551 and 553(b) of the Bankruptcy Code; all prevailing fraudulent conveyance and fraudulent transfer laws; all non-bankruptcy laws vesting in creditors' rights to avoid, rescind, or recover on account of transfers, including, but not limited to, claims relating to illegal dividends; all preference laws; the Uniform Fraudulent Transfer Act; and California Civil Code sections 3439 and 3440, et seq.

7.     "Avoidance Action Payment Claim" means a Claim based upon or arising from an entity's payment to the Debtor or the Liquidating Trustee of a claim asserted against the entity pursuant to an Avoidance Action.  Any Avoidance Action Payment Claim shall be treated hereunder as a Class 3 Claim.

8.     "Bankruptcy Code" means title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended.

9.     "Bankruptcy Court" means the United States Bankruptcy Court for the Central District of California, Northern Division or, in the event such court ceases to exercise jurisdiction over the Chapter 11 Case, such other court that exercises jurisdiction over the Chapter 11 Case.

10.    "Bankruptcy Rules" means, collectively, (i) the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to the Chapter 11 Case, and (ii) the Local Bankruptcy Rules applicable to cases pending before the Bankruptcy Court, as now in effect or hereafter amended.

11.    "Bar Date Order" means the *Order (A) Establishing Procedures and Deadlines for Filing (i) Proofs of Claim; (ii) Requests for Payment of Administrative Expense Pursuant to 11 U.S.C. § 503 For the Period October 14, 2016 Through April 30, 2017; (B) Approving Manner of Notice of Bar Dates; and (C) Granting Related Relief* entered by the Bankruptcy Court on May 9, 2017 (Docket No.311).

12.    "Beneficiaries" means the Holders of Claims who are the beneficiaries of the Liquidating Trust.

13.    "Blue Wolf Capital Fund" means Blue Wolf Capital Fund II, L.P. and/or its successor or assignee.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

14.  "Blue Wolf Secured Claims" means the Secured Claims of Blue Wolf Capital Fund.

15.  "Business Day" means any day which is not a Saturday, a Sunday, or a "legal holiday" as defined in Bankruptcy Rule 9006(a).

16.  "Cash" means cash or cash equivalents.

17.  "Case Closing Date" means the date on which the Bankruptcy Court enters a final decree closing the Chapter 11 Case, in accordance with section 350 of the Bankruptcy Code.

18.  "Chapter 11 Case" means the case under chapter 11 of the Bankruptcy Code, commenced by the Debtor on the Petition Date in the Bankruptcy Court, styled "*In re Channel Technologies Group, LLC*," assigned Case No. 9:16-11912-PC.

19.  "Claim" means (a) any right to payment from the Debtor' Estate, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor' Estate, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

20.  "Claims Bar Date" means July 14, 2017, which is the general deadline set pursuant to the Bar Date Order for filing proofs of claim for any Claims against the Debtor that arose prior to the Petition Date.

21.  "Class" means one of the Classes of Claims or Classes of Equity Interests designated in the Plan.

22.  "Class 3 Trust Interest" means a proportional beneficial interest in the Liquidating Trust to be provided to each holder of an Allowed Class 3 Claim pursuant to Section II.C of the Plan and the Liquidating Trust Agreement.  The Class 3 Trust Interests shall be uncertificated and non-transferable, except by will, intestate succession, or operation of law, or as otherwise provided in the Liquidating Trust Agreement.

23.  "Committee" means the Official Committee of Unsecured Claims appointed in the Debtor's Chapter 11 Case, as it may be reconstituted from time to time.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

24. "Conditions Precedent" shall have the meaning ascribed to such term in Section VIII. A of the Plan.

25. "Confirmation" means the entry of the Order by the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

26. "Confirmation Date" means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on its docket.

27. "Confirmation Hearing" means the hearing before the Bankruptcy Court pursuant to section 1129 of the Bankruptcy Code to consider confirmation of the Plan.

28. "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

29. "DIP Financing Claims" means any Secured Claims and/or Administrative Expenses of the DIP Lender against the Debtor under or evidenced by the DIP Financing Order and DIP Loan Documents.

30. "DIP Financing Order" means the *Final Order Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014: (1) Authorizing Postpetition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Priority, (3) Authorizing Use of Cash Collateral and Providing for Adequate Protection, and (4) Modifying the Automatic Stay* [Docket No. 110] entered by the Court in the Chapter 11 Case.

31. "DIP Lender" means Blue Wolf Capital Fund II, L.P.

32. "DIP Loan Documents" has the meaning ascribed to this term in the DIP Financing Order.

33. "Disallowed Claim" means a Claim or any portion thereof that (i) has been disallowed by agreement with the creditor, (ii) has been disallowed by Final Order, (iii) is listed in the Schedules in an unknown amount, as zero, as contingent, disputed, or unliquidated, or is not listed in the Schedules, and as to which no proof of Claim or Administrative Expense has been Filed, or (iv) has been withdrawn by the applicable creditor.

34. "Disclosure Statement" means that certain document entitled "*Disclosure Statement in Support of the Debtor's Proposed Chapter 11 Liquidating Plan*" filed in the Chapter 11 Case,

DOCS_LA:306860.8 13817/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

including the exhibits attached thereto, either in its present form or as it may be amended, modified or supplemented from time to time.

35.    "Disputed Claim" means any Claim (i) which is listed in any of the Schedules of the Debtor as unliquidated, disputed, contingent, and/or unknown and for which no proof of Claim has been filed; (ii) as to which a proof of Claim has been filed and the dollar amount of such Claim is not specified in a fixed amount; or (iii) as to which the Debtor or any other party in interest has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and/or any order of the Bankruptcy Court, which objection or request for estimation has not been withdrawn or determined by a Final Order.

36.    "Disputed Claims Reserve" means the Cash to be set aside for, and in an amount sufficient to pay the required Distribution under the Plan to, all Disputed Claims which have not been finally adjudicated as of the Effective Date and which may become Allowed Claims after the Effective Date.  The Disputed Claims Reserve may be established as a separate account, or in an account containing other funds, in the Liquidating Trustee's discretion.

37.    "Distribution(s)" means any transfer under the Plan of Cash or other property or instruments to a Holder of an Allowed Claim.

38.    "Effective Date" means the first day when all the Conditions Precedent have been satisfied or waived pursuant to Section VIII of the Plan.

39.    "Equity Interests" means any equity interest in the Debtor, including, without limitation, the membership interest(s) in the Debtor held directly or indirectly by BW Piezo Holding, LLC.

40.    "Estate" shall mean the estate created by section 541(a) of the Bankruptcy Code upon the Petition Date.

41.    "Estate Cause of Action" shall mean any and all manner of causes of action, claims, obligations, suits, debts, judgments, demands, rights of offset or recoupment, damages (actual, compensatory or punitive), counterclaims or affirmative defenses, whatsoever, whether in law or in equity of the Debtor and Estate, including, but not limited to, Avoidance Actions and any and all

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

claims (if any) against former managers, officers, directors, employees and/or agents of the Debtor (except as such claims may be subject to exculpation under Section X.A. of the Plan)

42.  "Exculpated Parties" means the following: (a) CR3, LLC, (b) David Tiffany, (c) Pachulski Stang Ziehl & Jones, LLP, (d) Lockheed Martin Corporation (solely in its capacity as a Committee member), (e) Advanced GeoEnvironmental, Inc. (solely in its capacity as a Committee member), and (f) Winthrop Couchot Golubow Hollander LLP.

43.  "File," "Filed," "Files," or "Filing" means any document(s) properly and timely filed with the Bankruptcy Court in the Chapter 11 Case, as reflected on the official docket of the Bankruptcy Court for the Chapter 11 Case, and served on parties, as and to the extent that such filing and service are required pursuant to the Bankruptcy Code, Bankruptcy Rules and/or order of the Bankruptcy Court.

44.  "Final Order" means an order or judgment of the Bankruptcy Court or other applicable court as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending; or as to which any right to appeal, reargue, rehear, or petition for certiorari shall have been waived in writing in form and substance satisfactory to the Debtor prior to the Effective Date, or the Liquidating Trustee after the Effective Date, respectively, or, in the event that an appeal, writ of certiorari, reargument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court or other applicable court shall have been affirmed by the highest court to which such order or judgment was appealed or from which reargument or rehearing was sought, or certiorari shall have been denied, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired.

45.  "First Administrative Expenses Bar Date" means July 14, 2017, which is the deadline set pursuant to the Bar Date Order for filing requests for Administrative Expenses arising between the Petition Date and April 30, 2017.

46.  "General Unsecured Claim" means any Claim that is not an Administrative Expense, Priority Tax Claim, a Claim classified in Class 1 or 2, or an Equity Interest in the Debtor.  General

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

Unsecured Claims include, without limitation, unsecured Claims arising from the rejection of executory contracts and unexpired leases.

47.     "Holder" means the owner of a Claim or Equity Interest.

48.     "Impaired" has the meaning set forth in § 1124 of the Bankruptcy Code.

49.     "Liquidating Trust" means the trust created pursuant to the Plan, Confirmation Order, and the Liquidating Trust Agreement, and created for the benefit of Holders of all Allowed Claims. Except as otherwise expressly provided in the Plan, all of the Assets of the Debtor will be transferred to the Liquidating Trust on the Effective Date of the Plan.  The Liquidating Trust will continue and conclude the liquidation of such assets and the Debtor, including the resolution of all Estate Causes of Action, and make Distributions to the Holders of Allowed Claims and pay the expenses of the Liquidating Trust, all as provided in the Plan.

50.     "Liquidating Trust Agreement" means that certain liquidating trust agreement by and between the Debtor and the Liquidating Trustee to be entered into pursuant to the Plan and the Confirmation Order, as such may be amended from time to time.

51.     "Liquidating Trust Assets" means any and all Assets of the Debtor and Estate, including Cash, Estate Causes of Action and other personal and real property, all of which shall be transferred or assigned to the Liquidating Trust on the Effective Date of the Plan, free and clear of any liens or claims that might otherwise have existed in favor of any party.

52.     "Liquidating Trustee" means Richard J. Feferman, and any successor trustee appointed pursuant to the Liquidating Trust Agreement, that has the powers and responsibilities set forth in the Plan, the Confirmation Order and the Liquidating Trust Agreement and in such capacity shall act as a liquidator of the Debtor and its assets for the benefit of Holders of Allowed Claims. Whenever the Liquidating Trustee is referred to herein, all such references are qualified by the Liquidating Trustee's powers, rights and obligations as set forth in the Liquidating Trust Agreement.

53.     "Liquidating Trustee Claim Objection Deadline" shall mean the first Business Day to occur after 120 days after the Effective Date, provided, however, that such date may be extended by (i) order of the Bankruptcy Court to a later date upon motion brought by the Liquidating Trustee at any time before the occurrence thereof, or (ii) in the case of any Claim, by agreement between the

8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Holder of the Claim and the Liquidating Trustee.  Any such later date shall then become the Liquidating Trustee Claim Objection Deadline.

54.    "Other Priority Claim" means any Claim accorded priority in right of payment under section 507(a) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Expense.

55.    "Other Secured Claim" means any Secured Claim other than a Secured Claim of a taxing authority or any Blue Wolf Secured Claims.

56.    "Person" means any individual, corporation general partnership, limited partnership, association, joint stock company, joint venture, estate, trust, government or any political subdivision, governmental unit, official committee appointed by the Office of the United States Trustee, unofficial committee of creditors, or other entity.

57.    "Petition Date" means October 14, 2016, the date on which the Debtor filed its voluntary petition commencing the Chapter 11 Case.

58.    "Plan" means this chapter 11 plan of liquidation, including all exhibits hereto, either in their present form or as they may be altered, amended, or modified from time to time.

59.    "Post-Effective Date Notice Party" has the meaning set forth in Section XI.N of this Plan.

60.    "Post-Effective Date Plan Expenses" means all voluntary and involuntary costs, expenses, charges, obligations, or liabilities of any kind or nature, whether matured, unmatured, non-contingent, contingent, liquidated, or unliquidated (collectively, "Expenses") incurred after the Effective Date related to the implementation of this Plan, including, but not limited to:  (a) the Expenses associated with administering this Plan, including any taxes assessed against the Liquidating Trust Assets; (b) all fees of the Office of the United States Trustee; (c) the Expenses associated with making the Distributions required by this Plan; (d) any Expenses associated with preparing and filing tax returns and paying taxes; (e) the Expenses of independent contractors and professionals providing services to the Liquidating Trustee; and (f) the fees of the Liquidating Trustee, and the reimbursement of expenses, to which the Liquidating Trustee is entitled under the Liquidating Trust Agreement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

61.    "Priority Tax Claim" means a Claim of a governmental unit of the kind specified in section 507(a)(8) of the Bankruptcy Code.

62.    "Pro Rata," "Pro Rata Share," and "Pro Rata Basis" means, at any time, the proportion that the face amount of a Claim in a particular Class bears to the aggregate face amount of all Claims (including Disputed Claims, but excluding disallowed Claims) in such Class; and "face amount," as used herein, means (a) when used in reference to a Disputed Claim, the full stated liquidated amount claimed by the Holder of the Claim in any proof of Claim timely filed with the Bankruptcy Court or otherwise deemed timely filed by any Final Order of the Bankruptcy Court or other applicably bankruptcy law; and (b) when used in reference to an Allowed Claim, the allowed amount of such Claim.

63.    "Professional Person" means, for purposes of this Plan, any person (a) employed in accordance with an order of the Bankruptcy Court under sections 327, 363 or 1103 of the Bankruptcy Code and to be compensated for services under sections 327, 328, 329, 330, 331 and 504 of the Bankruptcy Code, or (b) for which compensation or reimbursement is requested under section 503(b)(2)-(b)(6) of the Bankruptcy Code.

64.    "Rejection Damage Claim" means a Claim for any obligations or damages arising under an unexpired real-property or personal-property lease or executory contract that the Estate rejects under Bankruptcy Code section 365 or pursuant to the terms of this Plan.

65.    "Released Parties" means the following: (a) CR3, LLC, (b) David Tiffany, and (c) Pachulski Stang Ziehl & Jones, LLP.

66.    "Schedules" means the schedules of assets and liabilities, list of equity security holders, and statement of financial affairs filed by the Debtor as required by section 521(a)(l) of the Bankruptcy Code, Bankruptcy Rules 1007(a)(l) and(3) and (b)(l), and Official Bankruptcy Form Nos. 6 and 7, as amended from time to time.

67.    "Second Administrative Expenses Bar Date" has the meaning ascribed to this term in Section II.B.3.b(ii) of the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

68.    "Secured Claim" means a Claim against the Debtor to the extent of the value, as determined by the Bankruptcy Court pursuant to section 506(a) of the Bankruptcy Code, of any interest in property of the Debtor's Estate securing such Claim.

69.    "Voting Deadline" means 5:00 p.m. (Pacific Time) on the date established by order of the Bankruptcy Court for receipt of ballots voting to accept or reject the Plan.

**B.    Other Terms.**

The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. A term used herein that is not defined herein shall have the meaning ascribed to that term, if any, in the Bankruptcy Code or Bankruptcy Rules and shall be construed in accordance with the rules of construction thereunder.  The definition given to any term or provision in this Plan supersedes any different meaning that may be given to that term or provision in the Disclosure Statement. Whenever it is appropriate from the context, each term, whether stated in the singular or the plural, includes both the singular and the plural.  Each pronoun stated in the masculine, feminine or neuter includes each of the masculine, feminine and neuter.  Any reference to an exhibit, schedule, instrument or other document means such exhibit, schedule, instrument or other document as it has been, or may be, amended, modified, restated or supplemented as of the Confirmation Date, and any such exhibit, schedule, instrument or other document shall be deemed to be included in this Plan, regardless of when it is filed.

**C.    Computation of Time.**

In computing any period of time prescribed or allowed by the Plan, unless otherwise expressly provided, the provisions of Bankruptcy Rule 9006(a) shall apply.

**D.    Exhibits.**

Any and all exhibits to the Plan are incorporated into and are a part of the Plan as if set forth in full herein.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## II.    CLASSIFICATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

### A.    Summary.

The chart below summarizes the Classes of Claims and Equity Interests for all purposes, including voting, confirmation, and distribution pursuant to the Plan:

| CLASS | STATUS |
|-------|--------|
| Class 1: Other Priority Claims | Unimpaired - not entitled to vote |
| Class 2: Secured Claims | Unimpaired - not entitled to vote |
| Class 3: General Unsecured Claims | Impaired - entitled to vote |
| Class 4: Equity Interests | Impaired - deemed to reject |

### B.    Unclassified Claims.

#### 1.    In General.

As provided in section 1123(a)(1) of the Bankruptcy Code, Administrative Expenses and Priority Tax Claims against the Debtor are not classified for purposes of voting on, or receiving Distributions under, the Plan.  Holders of such Claims are not entitled to vote on the Plan.  All such Claims, together with DIP Financing Claims, are instead treated separately in accordance herewith and in accordance with the requirements set forth in section 1129(a)(9) of the Bankruptcy Code.

#### 2.    DIP Financing Claim.

The DIP Financing Claim has been satisfied in full during the Chapter 11 Case.

#### 3.    Administrative Expenses.

##### a.    General.

Subject to the allowance procedures and deadlines provided herein, the Liquidating Trustee (or its agent) shall pay to each Holder of an Allowed Administrative Expense, on account of the Allowed Administrative Expense, and in full satisfaction thereof, Cash equal to the amount of such Allowed Administrative Expense, unless the Holder agrees to other treatment.  Except as otherwise provided herein or in a prior order of the Bankruptcy Court: (i) payment of an Administrative Expense that is an Allowed Claim as of the Effective Date shall be made on the later of the Effective Date or the date such payment would have become due for payment of such Allowed Administrative

12

Expense in the absence of the Chapter 11 Case, whether pursuant to contract or applicable non-bankruptcy law; and (ii) payment of an Administrative Expense that becomes an Allowed Claim following the Effective Date shall be made on or before the date that is thirty (30) days after an order deeming such Administrative Expense an Allowed Claim becomes a Final Order.

b.     Deadlines for Filing Claims.

(i)     *Administrative Expenses Arising Before or On April 30, 2017.*

In accordance with the Claims Bar Date Order, all applications for payment of Administrative Expenses incurred between the Petition Date and April 30, 2017 (other than Professional Persons), must have Filed such applications prior to the First Administrative Expenses Bar Date.  Persons that failed to File such applications on or before the First Administrative Expenses Bar Date shall be barred from asserting such Administrative Expenses against the Debtor, the Estate, the Liquidating Trust, the Liquidating Trustee, or any of their respective property.

(ii)     *Administrative Expenses Arising Between April 30, 2017 and Effective Date; Professional Persons' Fees.*

All applications for final compensation of Professional Persons for services rendered  and for reimbursement of expenses  incurred  on or before the Effective Date and all other requests for payment of Administrative Expenses incurred between April 30, 2017 and the Effective Date pursuant to Bankruptcy Code sections 327, 328, 330, 331, 503(b), 507(a)(1) or 1103 (except only for post-petition obligations incurred through the Effective  Date in the ordinary course of the Debtor's post-petition business and obligations under section 1930 of title 28 of the United States Code) shall be filed no later than sixty (60) days after the Effective  Date (the "Second Administrative Expenses Bar Date").  Professional Persons and others that do not File such requests on or before the Second Administrative Expenses Bar Date shall be barred from asserting such Administrative Expenses against the Debtor, the Estate, the Liquidating Trust, the Liquidating Trustee, or any of their respective property.  Objections to applications of Professional Persons or others for compensation or reimbursement of expenses must be Filed and served on the Liquidating Trustee and its counsel, as well as the Professional Persons and others to whose application the objection is addressed, in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13

accordance with the Bankruptcy Code, the Bankruptcy Rules or pursuant to any other procedure set forth by an order of the Bankruptcy Court.

### 4.    Priority Tax Claims

Except as otherwise agreed to by the parties, or ordered by the Bankruptcy Court, as soon as practicable after the Effective Date, each holder of an unpaid Allowed Priority Tax Claim shall receive payment in full in an amount equal to the Allowed Priority Tax Claim.

Except as otherwise provided in section 503(b)(l)(D) of the Bankruptcy Code and 28 U.S.C. § 960, all requests for payment of Claims by a governmental unit (as defined under section 101(27) of the Bankruptcy Code) for taxes (and for interest and/or penalties related to such taxes) for any tax year or period, all or any portion of which occurs or falls within the period from and including the Petition Date through and including the Effective  Date, and for which no bar date has otherwise been previously established or is governing (including the First Administrative Expenses Bar Date), must be Filed on or before the later of: (a) sixty (60) days following the Effective Date; or (b) ninety (90) days following the filing of the tax return for such taxes for such tax year or period with the applicable governmental unit.  Except as otherwise provided in section 503(b)(1)(D) of the Bankruptcy Code and 28 U.S.C. § 960, any Holder of a Claim for taxes is required to File a request for a payment of the post-petition taxes and other monies due related to such taxes.  Except as otherwise provided in section 503(b)(l)(D) of the Bankruptcy Code and 28 U.S.C. § 960, any Holder of a Claim for taxes which does not File such a Claim by the applicable bar date shall be forever barred from asserting any such Claim against the Debtor, the Estate, the Liquidating Trust, the Liquidating Trustee, or any of their respective property, whether any such Claim is deemed to arise prior to, on, or subsequent to the Effective Date, and shall receive no Distribution under the Plan or otherwise on account of such Claim.

### C.    Classification and Treatment.

The treatment of Claims and Equity Interests under this Plan is in full and complete satisfaction of the legal, contractual, and equitable rights that each Holder or a Claim or Holder of an Equity Interest may have in or against the Debtor or its property.  This treatment supersedes and replaces any agreements or rights which those entities have in or against the Debtor or its property.

14

DOCS_LA:306860.8 13817/002

**NO DISTRIBUTIONS SHALL BE MADE, AND NO RIGHTS SHALL BE RETAINED, ON ACCOUNT OF ANY CLAIM THAT IS NOT AN ALLOWED CLAIM.**

  1.  **Class 1:  Other Priority Claims.**

    a.  Classification:  Class 1 consists of all Claims entitled to priority in right of payment under section 507(a) of the Bankruptcy Code, except Priority Tax Claims and Administrative Expenses.

    b.  Treatment:  The Liquidating Trustee shall pay all Allowed Claims in this Class in full, in Cash, on the later of: (i) the Effective Date; and (ii) the date on which an order allowing such Claim becomes a Final Order, and in each case or as soon thereafter as is practicable. Class 1 is not Impaired, and the holders of Claims in Class 1 are not entitled to vote to accept or reject the Plan.

  2.  **Class 2:  Secured Claims.**

    a.  Classification:  Class 2 consists of Secured Claims. For purposes of Distributions under the Plan, each Holder of a Secured Claim in Class 2 is considered to be in its own separate subclass within Class 2 (*i.e.*, Class 2A, Class 2B, *etc.*), and each such subclass is deemed to be a separate Class for purposes of the Plan.

    b.  Treatment:  Except to the extent that a Holder of an Allowed Secured Claim has been paid by the Debtor, in whole or in part, prior to the Effective Date, on the Effective Date or as soon as reasonably practicable thereafter, at the option of the Debtor, each Holder of an Allowed Secured Claim shall receive, in full satisfaction, settlement, and release of, and in exchange for, such Secured Claim, (x) payment in full in Cash of the unpaid portion of such Allowed Secured Claim, (y) return of the collateral securing such Claim or (z) such other treatment as may be agreed to by the Holder.  The Debtor shall inform each Holder of a Secured Claim of the treatment of such creditor's Secured Claim not less than ten (10) days prior to the Confirmation Hearing.  Class 2 is not Impaired, and the Holders of Claims in Class 2 are not entitled to vote to accept or reject the Plan.

  3.  **Class 3:  General Unsecured Claims.**

    a.  Classification:  Class 3 consists of all General Unsecured Claims.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

15

b.      Treatment:  On the Effective Date, unless a Holder of an Allowed Class 3 Claim agrees to accept a lesser treatment of such Claim, each Holder of an Allowed Class 3 Claim shall receive, in full satisfaction, settlement, and release of, and in exchange for, such General Unsecured Claim, an allocated Class 3 Trust Interest, which shall entitle the Holder to receive its Pro Rata share of funds available to Holders of Class 3 Trust Interests pursuant to the Liquidating Trust Agreement.  Class 3 is Impaired, and the Holders of Allowed Class 3 Claims are entitled to vote to accept or reject the Plan.

c.      Timing of Distributions:  The Liquidating Trustee shall make Distributions to the Holders of Allowed Class 3 Claims on account of their respective Class 3 Trust Interests. All Holders of Allowed Class 3 Claims shall receive an initial Distribution of their respective Class 3 Trust Interests within 120 days following the Effective Date, or on such later date as the Liquidating Trustee determines to be practicable, in the exercise of its sole and absolute discretion, and shall receive thereafter Distributions of their respptive Class 3 Trust Interests on each 180th-day anniversary of the Effective Date, or on such later date as the Liquidating Trustee determines to be practicable in the exercise of its sole and absolute discretion.  Holders of Allowed Class 3 Claims shall receive any final Distribution of their respective Class 3 Trust Interests within ten (10) days after the Liquidating Trustee's filing of the Liquidating Trustee's Certification (as such term is defined in Section V.B.17 hereof), or as soon thereafter as is practicable.

d.      Post-Petition Interest:  In accordance with section 726(a)(5) of the Bankruptcy Code, an Allowed Class 3 Claim shall not include post-petition interest on account of such Allowed Class 3 Claim, except to the extent that all of the following are satisfied and paid in full:  (i) all Allowed Administrative Claims; (ii) all Allowed Priority Tax Claims; (iii) all Allowed Other Priority Claims; (iv) all Allowed Secured Claims; (v) all Allowed General Unsecured Claims; (vi) all late-filed Claims; (vii) all Post-Effective Date Plan Expenses; and (viii) all Allowed Claims for fines, penalties, or forfeiture, or for multiple, exemplary or punitive damages, arising before the Petition Date, to the extent that such Claims are not for actual pecuniary loss suffered by the Holder of such Claim, as set forth in section 726(a)(4) of the Bankruptcy Code.  Any post-petition interest

16

that may be payable on an Allowed General Unsecured Claim shall be calculated from the Petition Date through the date on which such Allowed General Unsecured Claim is paid in full.

          e.      Conditions to Payment of Distributions:  Notwithstanding any other provision to the contrary contained in this Plan, no Distribution shall be made on account of any Allowed Class 3 Claim until each of the following occurs:  (i) all Administrative Claims are paid or are reserved for; (ii) all Priority Tax Claims are paid or are reserved for; (iii) all Other Priority Claims are paid or are reserved for; (iv) all Allowed Secured Claims are paid or are reserved for (subject to the elections provided pursuant to Section II.C.2.d hereof); and (v) all outstanding Post-Effective Date Plan Expenses have been paid in full and an adequate reserve is established by the Liquidating Trustee providing for full payment of the estimated amount of all Post-Effective Date Plan Expenses through the Case Closing Date, in an amount to be determined by the Liquidating Trustee in the exercise of its sole and absolute discretion.

      **4.**      **Class 4:  Equity Interests.**

      a.      Classification:  Class 4 consists of Equity Interests.

      b.      Treatment:  As of the Effective Date, each Holder of record of an Allowed Equity Interest shall not receive a Distribution under the Plan and all Equity Interests will be deemed to be cancelled and void; provided, however, that, in the event that each Allowed Claim, plus any post-petition interest to which the Holder thereof is entitled, is paid in full, each Holder of record of an Allowed Equity Interest shall receive, in full and complete satisfaction, exchange and release of such Allowed Equity Interest, its Pro Rata share of any funds remaining in the Liquidating Trust, payable as soon as practicable as determined by the Liquidating Trustee in the exercise of its sole and absolute discretion.

      For the purpose only of determining any Distributions to which Holders of Allowed Equity Interests may be entitled under this Section II.C.4, each beneficial Holder of record of an Equity Interest in the Debtor as of the Effective Date shall be deemed to have an Allowed Equity Interest for the number of shares of stock in the Debtor held by it as of the Effective Date.  In the event that any entity that is neither the Holder of record of an Equity Interest in the Debtor as of the Effective Date nor the beneficial owner of an Equity Interest in the Debtor as of the Effective

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

17

Date files a proof of right to record status pursuant to Rule 3003(d) of the Bankruptcy Rules, such proof of right shall be disallowed automatically and without any need for the Debtor, the Liquidating Trustee, or any other party-in-interest to object thereto or otherwise take any act with respect thereto.

Class 4 is Impaired, but because it is every likely that  no Distributions shall be made to Holders of Equity Interests in Class 4, such Holders are deemed conclusively to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Therefore the Holders of Interests in Class 4 are not entitled to vote to accept or reject the Plan.

## III.    ACCEPTANCE OR REJECTION OF THE PLAN

### A.    Voting Classes.

Each Holder of an Allowed Class 3 Claim shall be entitled to vote to accept or reject the Plan.  No other Holder of a Claim or Interest Equity shall be entitled to cast a vote with respect to the Plan.

### B.    Voting Rights of Holders of Disputed Claims.

A Disputed Claim will not be counted for purposes of voting on the Plan to the extent it is disputed, provided an objection to such Claim has been filed no later than seven (7) calendar days prior to the deadline for casting ballots on the Plan, unless an order of the Bankruptcy Court is entered after notice and a hearing temporarily allowing the Disputed Claim for voting purposes under Bankruptcy Rule 3018(a).

### C.    Acceptance by Impaired Classes.

An Impaired Class of Claims shall have accepted the Plan if (i) the Holders (other than any Holder designated under section 1126(e) of the Bankruptcy Code) of at least two-thirds in dollar amount of the Allowed Claims actually voting in such Class have voted to accept the Plan and (ii) more than one-half in number of the Holders (other than any Holder designated under section 1126(e) of the Bankruptcy Code) of such Allowed Claims actually voting in such Class have voted to accept the Plan.

### D.    Presumed Acceptance/Rejection of the Plan.

Classes 1 and 2 are unimpaired under the Plan and, therefore, are conclusively presumed by the Bankruptcy Code to accept the Plan.  Class 4 is very likely not receiving a Distribution under the Plan and therefore, for the purpose of the Plan, is conclusively presumed by the Bankruptcy Code to reject the Plan.

18

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## IV.    PROVISIONS FOR TREATMENT OF DISPUTED, CONTINGENT, OR UNLIQUIDATED CLAIMS AND ADMINISTRATIVE EXPENSES

### A.    Resolution of Disputed  Claims.

As of the Effective Date, and subject to the provisions of this Plan, the Liquidating Trustee shall have the sole authority to investigate, administer, monitor, implement, litigate and settle all Disputed Claims.  From and after the Effective Date, the Liquidating Trustee may file and prosecute objections to Claims, including, but not limited to, Administrative Expenses, Priority Tax Claims, and Other Priority Claims.  All objections shall be filed prior to the Liquidating Trustee Claim Objection Deadline and served upon the Holder of the Claim to which the objection is made.

### B.    Reserve for Disputed Claims.

Cash which would be distributed on account of Holders of Disputed Claims, in the event that such Disputed Claims become Allowed Claims, shall instead be placed in the Disputed Claims Reserve maintained by the Liquidating Trustee.  Such Cash in the Disputed Claims Reserve will be reserved for the benefit of Holders of such Disputed Claims pending determination of their entitlement thereto.  Unless the Bankruptcy Court orders otherwise, the Liquidating Trustee will reserve Pro Rata Distributions for such Disputed Claims based upon the full amount of the Disputed Claims or, in the case of a Disputed Claim that is an Administrative Expense, Priority Tax Claim or Other Priority Claim, Cash in the full amount of such Disputed Claim.  No reserve shall be required for any Disputed Claim to the extent of any effective insurance coverage therefor.  Such Cash so reserved shall be distributed by the Liquidating Trustee to the holder of a Disputed Claim to the extent that such Disputed Claim becomes an Allowed Claim pursuant to a Final Order.

To the extent that a Disputed Claim ultimately is disallowed or allowed in an amount less than the amount of Cash that has been reserved, the resulting surplus Cash shall be allocated among Holders of Allowed Claims in the Class in which the Disputed Claim was classified as provided in the Plan.

To the extent that any portion of a Disputed Claim is not disputed, the Liquidating Trustee shall establish a reserve in the Disputed Claims Reserve only on account of that portion of the Disputed Claim that is in dispute and shall make one or more interim Distributions on account of the portion of such Disputed Claim that is not in dispute.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

19

The Liquidating Trustee may, at the Liquidating Trustee's sole discretion, file a tax election to treat the Disputed Claims Reserve as a Disputed Ownership Fund ("DOF") within the meaning of Treasury Income Tax Regulation Section 1.468B-9 for federal income tax purposes, rather than tax such reserve as a part of the grantor liquidating trust.  If the election is made, the Liquidating Trustee shall comply with all federal and state tax reporting and tax compliance requirements of the DOF, including but not limited to the filing of a separate federal income tax return for the DOF and the payment of federal and/or state income tax due.

### C.    Exclusive Right to Object to Claims.

From and after the Effective Date, the Liquidating Trustee shall have the sole and exclusive right to file, litigate and settle objections to Disputed Claims.  As the representative of the Estate, the Liquidating Trustee shall succeed to all of the rights and powers of the Debtor and the Estate with respect to all objections to Disputed Claims, and shall be substituted for, and shall replace, the Debtor and the Estate as the party-in-interest in all litigation regarding Disputed Claims pending as of the Effective Date.

### D.    Investigation Regarding Disputed Claims.

Notwithstanding the fact that the Liquidating Trustee shall have, after the Effective Date, the sole and exclusive right to file objections to Disputed Claims, nothing contained herein shall be deemed to obligate the Liquidating Trustee to file any objection to a Claim, which action shall be determined by the Liquidating Trustee in the exercise of its sole and absolute discretion.

**THE DEBTOR HAS NOT COMPLETED ITS INVESTIGATION REGARDING THE CLAIMS IN THE CHAPTER 11 CASE AND THE FILING OF OBJECTIONS TO DISPUTED CLAIMS.  THIS INVESTIGATION IS ONGOING AND, SUBJECT ONLY TO THE LIQUIDATING TRUSTEE CLAIM OBJECTION DEADLINE, MAY OCCUR AFTER THE CONFIRMATION DATE.  AS A RESULT, HOLDERS OF CLAIMS AND OTHER PARTIES-IN-INTEREST ARE HEREBY ADVISED THAT AN OBJECTION TO A DISPUTED CLAIM MAY BE FILED AT ANY TIME, SUBJECT ONLY TO THE LIQUIDATING TRUSTEE CLAIM OBJECTION DEADLINE.  THE LIQUIDATING TRUSTEE SHALL HAVE THE RIGHT TO OBJECT TO AMOUNTS THAT HAVE BEEN**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

20

**SCHEDULED BY THE DEBTOR, OR THAT ARE REFLECTED IN THE DEBTOR'S BOOKS AND RECORDS, AND WHICH ARE FOUND TO BE OBJECTIONABLE IN ANY RESPECT.**

E.    **Distribution After Allowance.**

Within fourteen (14) days following the date on which a Disputed Claim becomes an Allowed Claim and is no longer a Disputed Claim, the Liquidating Trustee, as disbursing agent under this Plan, shall distribute to the Holder of such Allowed Claim any Cash or other property that would have been distributable to such Holder as if, at the time of the making of any Distribution to the Class of which such Holder is a member, such Claim had been an Allowed Claim and not a Disputed Claim.

## V.    IMPLEMENTATION OF THE PLAN

On or soon as practicable after the Effective Date, the following shall occur with respect to the implementation of this Plan:  (i) all acts, documents and agreements appropriate to implement this Plan shall be executed; (ii) the Liquidating Trustee, as disbursing agent under this Plan, shall make all Distributions required to be made on or about the Effective Date of this Plan in accordance with the terms and conditions of this Plan; and (iii) the Liquidating Trustee, as disbursing agent under this Plan, shall fund reserves required to be funded pursuant to this Plan.

Upon the Effective Date, all transactions and matters provided for under this Plan shall be deemed to have been authorized and approved by the Debtor without any requirement of further action by the Debtor, or Holders of Equity Interests in the Debtor.

A.    **Vesting of Assets.**

Unless otherwise expressly provided under this Plan, on the Effective Date, the Debtor's Assets, including, without limitation, all Estate Causes of Action, will vest in the Liquidating Trust free and clear of all claims, liens, encumbrances, charges and other interests, subject to the provisions of the Plan.  On and after the Effective Date, the transfer of the Debtor's Assets from the Estate to the Liquidating Trust will be deemed final and irrevocable and Distributions may be made from the Liquidating Trust.

In connection with the foregoing:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(a) On the Effective Date, the appointment of the Liquidating Trustee shall become effective and the Liquidating Trustee shall begin to administer the Liquidating Trust pursuant to the terms of the Liquidating Trust Agreement and the Plan and may use, acquire and dispose of property of the Liquidating Trust free of any restrictions imposed under the Bankruptcy Code. The Liquidating Trustee shall have the rights, powers and duties provided for by this Plan, the Liquidating Trust Agreement, and by the Confirmation Order. The Liquidating Trustee, in the exercise of its reasonable business judgment, shall be responsible for liquidating the remaining assets of the Debtor, winding up the financial affairs of the Debtor, and for making Distributions to Holders of Claims in as efficient, effective and economical manner as is reasonably practicable so as to produce for Holders of Claims as favorable a recovery on their Claims as is reasonably possible under the circumstances of this case.

(b) The Confirmation Order will provide the Liquidating Trustee with express authority to convey, transfer and assign any and all of the Liquidating Trust Assets and to take all actions necessary to effectuate same and to prosecute, settle and compromise (including, without limitation, by set-off) any and all Estate Causes of Action and Disputed Claims, without any need for notice to creditors or order or approval of the Bankruptcy Court.

(c) As of the Effective Date, the Liquidating Trust Assets will be free and clear of all liens, claims and interests of Holders of Claims and Equity Interests, except as otherwise provided in the Plan.

**B.      Establishment of the Liquidating Trust.**

**1.      Generally.**

On the Effective Date the Liquidating Trust Agreement will become effective, and, if not previously signed, the Debtor and the Liquidating Trustee will execute the Liquidating Trust Agreement. The Liquidating Trust is organized and established as a trust for the benefit of the Beneficiaries and is intended to qualify as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**2.      Beneficiaries.**

In accordance with Treasury Regulation Section 301.7701-4(d), the Beneficiaries of the Liquidating Trust will be the Holders of all Allowed Class 3 Claims against the Debtor.  The Holders of such Allowed Claims will receive an allocation of the Liquidating Trust Assets as provided for in the Plan and the Liquidating Trust Agreement.  The Beneficiaries of the Liquidating Trust shall be treated as the grantors and owners of such Beneficiaries' respective portion of the Liquidating Trust.

**3.      Implementation of the Liquidating Trust.**

On the Effective Date, the Debtor, on behalf of the Estate, and the Liquidating Trustee will be authorized and directed to take all such actions as required to transfer to the Liquidating Trust, from the Debtor and Estate, the Debtor's Assets.  From and after the Effective Date, the Liquidating Trustee will be authorized to, and will, take all such actions to implement the Liquidating Trust Agreement and the provisions of the Plan as are contemplated to be implemented by the Liquidating Trustee, including, without limitation, directing Distributions to Holders of Allowed Claims, objecting, compromising and settling Claims (including, without limitation, exercising set-off rights and/or seeking the subordination and/or reclassification of Claims), prosecuting or otherwise resolving Estate Causes of Action and causing Distributions from the Liquidating Trust to be made to the Beneficiaries.  The funding of the Liquidating Trust will be from the Debtor's Cash on hand as of the Effective Date and the proceeds of the liquidation by the Liquidating Trustee of any other Liquidating Trust Assets.

**4.      Transfer of the Debtor's Assets.**

On the Effective Date, pursuant to the Plan and sections 1123, 1141 and 1146(a) of the Bankruptcy Code, the Debtor is authorized and directed to transfer, grant, assign, convey, set over, and deliver to the Liquidating Trustee all of the Debtor's and Estate's right, title and interest in and to its Assets, including all Estate Causes of Action, free and clear of all liens, Claims, encumbrances or interests of any kind in such property, except as otherwise expressly provided in the Plan.  To the extent required to implement the transfer of the Debtor's Assets from the Debtor and Estate to the Liquidating Trust, all Persons will cooperate with the Debtor and Estate to assist the Debtor and Estate to implement said transfers.

23

### 5.    Representative of the Estate.

The Debtor shall identify the Liquidating Trustee in its sole discretion subject to consultation with the Committee.  The Liquidating Trustee will be appointed as the representative of the Debtor's Estate pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code and as such will be vested with the authority and power (subject to the Liquidating Trust Agreement) to *inter alia*: (i) object to, settle and compromise Claims (including any Claim for payment of any Administrative Expense) against the Debtor (including, without limitation, exercising set-off rights and/or seeking the subordination and/or reclassification of Claims) and Equity Interests in the Debtor; (ii) administer, investigate, prosecute, settle and abandon all Estate Causes of Action assigned to the Liquidating Trust; (iii) make Distributions provided for in the Plan, including, but not limited to, on account of Allowed Claims; and (iv) take such action as required to administer, wind-down, and close the Chapter 11 Case.  Except only for the filing of a final decree to close the Chapter 11 Case pursuant to Rule 3022 of the Bankruptcy Rules, the Liquidating Trustee may take, as representative of the Estate, all acts to implement and consummate the Plan and the Liquidating Trust Agreement, including the acts set forth in this Section V.B.5, without any need for notice to creditors or order or approval of the Bankruptcy Court.  As the representative of the Estate, the Liquidating Trustee will be vested with all of the rights and powers of the Debtor and Estate with respect to all Estate Causes of Action assigned and transferred to the Liquidating Trust, and the Liquidating Trustee will be substituted in place of the Debtor and Estate, as applicable, as the party in interest in all such litigation pending as of the Effective Date.

From and after the Effective Date, the Liquidating Trustee shall, without any further notice or action, order, or approval of the Bankruptcy Court, pay in Cash the reasonable legal, professional, or other fees and expenses related to implementation and consummation of the Plan and Liquidating Trust Agreement incurred by the Liquidating Trust.

### 6.    No Liability of Liquidating Trustee.

To the maximum extent permitted by law, the Liquidating Trustee, its employees, officers, directors, agents, members, and representatives, and professionals employed or retained by the Liquidating Trustee (the "Liquidating Trustee's Agents"), will not have or incur liability to any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

24

Person for an act taken or omission made in good faith in connection with or related to the administration of the Liquidating Trust Assets, the implementation of the Plan and the Distributions made thereunder or Distributions made under the Liquidating Trust Agreement; **provided, however, that the foregoing limitation shall not apply to any damages suffered or incurred by any Holder of a Claim or Beneficiary that are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence, willful misconduct, or from profit derived from a breach of trust by the Liquidating Trustee or the Liquidating Trustee's Agents**.  The Liquidating Trustee, the Liquidating Trustee's Agents, and their respective employees, officers, directors, agents, members, and representatives, and professionals employed or retained by any of them, will in all respects be entitled to reasonably rely on the advice of counsel with respect to their duties and responsibilities under the Plan and the Liquidating Trust Agreement.  Entry of the Confirmation Order constitutes a judicial determination that the exculpation provision contained in this Section of the Plan is necessary to, *inter alia*, facilitate Confirmation and feasibility and to minimize potential claims arising after the Effective Date for indemnity, reimbursement or contribution from the Estate, or the Liquidating Trust, or their respective property.  The entry of the Confirmation Order confirming the Plan will also constitute a res judicata determination of the matters included in the exculpation provisions of the Plan.  Notwithstanding the foregoing, nothing herein or in this Section of the Plan will alter any provision in the Liquidating Trust Agreement that provides for the potential liability of the Liquidating Trustee to any Person.

## 7.    Provisions Relating to Federal Income Tax Compliance.

A transfer to the Liquidating Trust shall be treated for all purposes of the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code"), as a transfer to creditors to the extent creditors are Beneficiaries.  For example, such treatment shall apply for purposes of Internal Revenue Code sections 61(a)(12), 483, 1001, 1012 and 1274.  Any such transfer shall be treated for federal income tax purposes as a deemed transfer to the beneficiary-creditors followed by a deemed transfer by the beneficiary-creditors to the Liquidating Trusts.  The Beneficiaries of the Liquidating

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Trust shall be treated for federal income tax purposes as the grantors and deemed owners of the Liquidating Trust.

### 8.    Cooperation with Liquidating Trustee.

All Holders of Claims, Holders of Equity Interests and other parties-in-interest shall cooperate with the Liquidating Trustee by executing any documents, and by taking any acts, appropriate to implement the provisions of this Plan.

### 9.    Compensation of the Liquidating Trustee/Removal of the Liquidating Trustee.

On the Effective Date of this Plan, the Liquidating Trustee shall be appointed to serve under this Plan and the Liquidating Trust Agreement.  The Liquidating Trustee's compensation shall be as provided in the Liquidating Trust Agreement.  The Liquidating Trustee shall serve during the term of this Plan; provided, however, that, upon motion made with notice and an opportunity for a hearing given to the Post-Effective Date Notice Parties, any party-in-interest shall be entitled to request, for cause shown, that the Bankruptcy Court terminate the employment of the Liquidating Trustee and replace it with another Person, who if appointed by Final Order of the Bankruptcy Court, will have all of the rights, powers and duties provided to the Liquidating Trustee by this Plan, the Liquidating Trust Agreement, the Confirmation Order and by the provisions of the Final Order of the Bankruptcy Court appointing such replacement Liquidating Trustee.

### 10.    Resignation of Liquidating Trustee.

Upon any resignation, death, disability or inability to serve of the Liquidating Trustee ("Liquidating Trustee Service Termination Event"), the members of the Committee as of the Confirmation Date may appoint a replacement Liquidating Trustee after notice to the Post-Effective Date Notice Parties.  In the event that no replacement Liquidating Trustee is appointed within sixty (60) days after the date of any Liquidating Trustee Service Termination Event, the Office of the United States Trustee may, after notice and an opportunity for hearing, request that the Chapter 11 Case be converted to one under chapter 7 of the Bankruptcy Code.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### 11. Funding of Post-Effective Date Plan Expenses.

The Liquidating Trust shall be entitled to incur, and to be reimbursed for, Post-Effective Plan Expenses in performing its duties and obligations under the Plan and Liquidating Trust Agreement. All Post-Effective Date Plan Expenses shall be expenses of the Liquidating Trust. The Liquidating Trustee shall have no personal liability for any Post-Effective Date Plan Expenses. The Liquidating Trustee shall disburse funds from the Liquidating Trust Assets for the purpose of funding the Post-Effective Date Plan Expenses.

### 12. Estate Causes of Action.

The right to enforce, file, litigate, prosecute, settle, adjust, retain, enforce, collect and abandon on behalf of the Debtor and the Estate any and all Estate Causes of Action, including, but not limited to, any Avoidance Actions, is deemed automatically transferred on the Effective Date from the Estate to the Liquidating Trustee.

As of the Effective Date, the Liquidating Trustee shall be authorized to exercise and to perform the rights, powers and duties held by the Estate with respect to the Estate Causes of Action, and, from and after the Effective Date, the Liquidating Trustee, shall have the sole and exclusive right, to file, litigate, prosecute, settle, adjust, retain, enforce, collect and abandon claims and interests of the Estate with respect to the Estate Causes of Action, without the consent or approval of any third party, and without any further approval or order of the Bankruptcy Court.

The Liquidating Trustee shall make the decision, in the exercise of its business judgment, whether to prosecute or to continue to prosecute any Estate Cause of Action. This decision shall be based, in part, upon the Liquidating Trustee's evaluation of the merits of the Estate Cause of Action as well as the costs required to prosecute such Estate Cause of Action taking into account the resources available to make Distributions to Creditors. The Liquidating Trustee, shall be entitled to determine, in the exercise of its business judgment, not to prosecute, or to abandon, any Estate Cause of Action.

The Liquidating Trustee may retain professionals to represent it in prosecuting Estate Causes of Action, including professionals who were employed by the Debtor or the Committee in the Chapter 11 Case. The Liquidating Trustee shall determine the terms of the retention of

27

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

professionals, in the exercise of its business judgment, and shall be entitled to retain counsel on a contingency fee basis to prosecute some or all of the Estate Causes of Action.

Unless an Estate Cause of Action is expressly waived, relinquished, released, compromised, or settled in this Plan or in any Final Order, such Estate Cause of Action is expressly reserved for later adjudication by the Liquidating Trustee (including, without limitation, any Estate Causes of Action of which the Debtor presently may be unaware, or which may arise or exist by reason of facts or circumstances unknown to the Debtor at this time, or facts or circumstances which may change or be different from those which the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to the Liquidating Trustee's prosecution of Estate Causes of Action based on the Disclosure Statement, this Plan, or the Confirmation Order.  Without limiting the generality of the foregoing, any Person with respect to which the Debtor has incurred an obligation (whether on account of services, purchase or sale of property, or otherwise), or who has received services from the Debtor or a transfer of money or property of the Debtor, or who has transacted business with the Debtor, should assume that such obligation, transfer, or transaction may be evaluated by the Liquidating Trustee subsequent to the Effective Date and may be the subject of an Avoidance Action or other action or proceeding filed after the Effective Date.

**THE DEBTOR HAS NOT COMPLETED ITS INVESTIGATION REGARDING THE EXISTENCE OF ESTATE CAUSES OF ACTION.  THE INVESTIGATION IN THIS REGARD IS ONGOING.  AS A RESULT, ALL PARTIES-IN-INTEREST ARE HEREBY ADVISED THAT, NOTWITHSTANDING THE FACT THAT THE EXISTENCE OF ANY PARTICULAR ESTATE CAUSE OF ACTION MAY NOT BE LISTED, DISCLOSED OR SET FORTH IN THIS PLAN, AN ESTATE CAUSE OF ACTION MAY BE FILED AGAINST ANY CREDITOR OR OTHER PARTY AS THE LIQUIDATING TRUSTEE MAY DETERMINE, IN THE EXERCISE OF ITS SOLE AND ABSOLUTE DISCRETION.**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### 13.    Post-Effective Date Professional Fees.

The Liquidating Trustee may employ, without any need to give notice to Holders of Claims or other parties-in-interest or obtain any approval of the Bankruptcy Court, any professional to aid the Liquidating Trustee in performing the Liquidating Trustee's duties under this Plan or the Liquidating Trust Agreement, as the Liquidating Truste deems appropriate in the exercise of its sole and absolute discretion, including rofessionals who were employed by the Debtor or the Committee in the Chapter 11 Case.  Any professional employed by the Liquidating Trustee after the Effective Date shall be entitled to obtain from the Liquidating Trustee payment of the professional's fees and costs as a Post-Effective Date Plan Expense, in the ordinary course, without any need to give notice to Holders of Claims or other parties-in-interest or to obtain any approval or order of the Bankruptcy Court.  Notwithstanding the foregoing, if the Liquidating Trustee should fail to pay any post-Effective Date fees and costs of a professional entitled to such payment, within thirty (30) days after the professional's rendering of its billing statement, the professional shall be entitled to seek, by application filed in accordance with the Bankruptcy Rules, an order of the Bankruptcy Court requiring the Liquidating Trustee to forthwith pay to the professional its fees and costs.

### 14.    Approval for Disposition of Assets.

From and after the Effective Date, the Liquidating Trustee shall be entitled to sell, transfer, assign, encumber or otherwise dispose of any interest in any of the Liquidating Trust Assets, without any need to give notice to Holders of Claims or parties-in-interest or to obtain any approval or order of the Bankruptcy Court.  Notwithstanding the foregoing, the Liquidating Trustee shall be entitled to seek, from the Bankruptcy Court, an order authorizing the sale of any Liquidating Trust Asset free and clear of liens pursuant to the provisions of section 363(f) of the Bankruptcy Code.

### 15.    Compromise of Controversies.

From and after the Effective Date, the Liquidating Trustee shall be entitled to compromise any objections to a Disputed Claim, or any controversies relating to Estate Causes of Action or other litigation pending after the Confirmation Date, without any need to give notice to creditors or parties-in-interest or to obtain any approval or order of the Bankruptcy Court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:306860.8 13817/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**16.    Bankruptcy Court Approval Relative to Post-Confirmation Matters.**

Nothing contained in this Plan shall be deemed to impair in any manner the right of the Liquidating Trustee to seek at any time after the Effective Date orders of the Bankruptcy Court approving actions to be taken, or granting relief, consistent with this Plan as may be necessary or desirable to effectuate the provisions of this Plan.

**17.    Liquidating Trustee Certification.**

On or before the date upon which the Liquidating Trustee determines, in the exercise of its sole and absolute discretion, that all Estate Causes of Action and objections to Disputed Claims have been resolved by Final Order, that all other Liquidating Trust Assets have been liquidated or otherwise disposed of, and that all Distributions required to be made under this Plan have been made or that final Distributions are being made or will be made within ten (10) days or as soon thereafter as is practicable by the Liquidating Trustee, the Liquidating Trustee shall file with the Bankruptcy Court and serve upon the Office of the United States Trustee and any other Post-Effective Date Notice Party a certification attesting to such determination ("Liquidating Trustee Certification").

**18.    Final Decree.**

Unless earlier filed by the Liquidating Trustee, by the thirtieth (30th) day after the filing of the Liquidating Trustee Certification, the Liquidating Trustee shall file, in accordance with Rule 3022 of the Chapter 11 Bankruptcy Rules, an application with the Bankruptcy Court to obtain a final decree to close the Case.

**19.    Other Rights, Powers and Duties of Liquidating Trustee.**

In addition to the rights, powers and duties granted expressly to the Liquidating Trustee pursuant to this Plan, the Liquidating Trustee shall have such other rights, powers and duties that are appropriate to implement and to carry out the provisions of this Plan for the benefit of Holders of Claims that are not inconsistent with the provisions of this Plan.

**20.    Resolution of Disputes.**

In the event that a dispute should arise between the Liquidating Trustee and any party-in-interest in the Chapter 11 Case regarding any matters pertaining to this Plan, the Liquidating Trust Agreement or pertaining to the Liquidating Trustee's performance of its duties and exercise of its

30

rights, powers and remedies under this Plan, either of them may request, pursuant to the provisions of the Bankruptcy Rules, that the Bankruptcy Court resolve the merits of such dispute.

### 21.    Termination of Employment of Liquidating Trustee.

Upon the Case Closing Date, the rights, powers and duties granted to the Liquidating Trustee hereunder or under the Liquidating Trust Agreement shall terminate and the Liquidating Trustee shall be discharged.

### 22.    Bar Date for Filing Avoidance Action Payment Claims.

Any Avoidance Action Payment Claim shall be forever barred, shall not be enforceable against the Debtor or the Estate and shall not be entitled to any Distribution under this Plan, unless a proof of Claim for such Avoidance Action Payment Claim is filed and served on the Liquidating Trustee within thirty (30) days after the later of (a) the date of entry of the order of the Bankruptcy Court adjudging the creditor's liability to the Debtor on account of such Avoidance Action, or (b) the Effective Date.

### C.    Prosecution of Estate Causes of Action by the Liquidating Trustee.

Pursuant to the Confirmation Order, on the Effective Date, the Debtor irrevocably assigns, transfers and conveys to the Liquidating Trustee the right to manage and control all property of the Estate, including, but not limited to, all Estate Causes of Action. Subject to the provisions of this Plan and the Liquidating Trust Agreement, the Liquidating Trustee shall have the sole power and authority to prosecute, compromise or otherwise resolve after the Effective Date any and all such Estate Causes of Action, with all recoveries derived therefrom to be included within the Liquidating Trust Assets.

### D.    Issuance and Execution of Plan Related Documents.

As of the Effective Date, the Debtor and/or the Liquidating Trustee will execute such amendments, modifications, supplements, and other documents as may be reasonably appropriate to implement the Plan.  The Debtor and/or the Liquidating Trustee are authorized to execute such amendments, modifications, supplements and other documents as provided for in the Plan without any further corporate action, and upon such execution, such amendments, modifications,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

31

supplements and other documents as provided for in the Plan shall be deemed binding upon the Debtor and/or the Liquidating Trustee and such other parties as applicable.

**E.**    **Dissolution of the Debtor and Termination of Current Officers, Directors, Employees and Counsel; Dissolution of the Committee.**

From and after the Effective Date, the Debtor and the Committee shall be dissolved, and the Liquidating Trustee shall be authorized to take all action necessary to dissolve the Debtor.  On the Effective Date, the employment, retention, appointment and authority of all officers (including, without limitation, the Chief Restructuring Officer of the Debtor), directors, employees and professionals of the Debtor, and all professionals of the Committee, shall be deemed to terminate; provided, however that such parties shall be entitled to prosecute final fee applications as necessary.

On the Effective Date, the Committee shall cease to exist and its members, designated representatives and/or agents (including, without limitation, attorneys and other advisors and agents) shall, subject to those matters set forth below, be released and discharged from any further authority, duties, responsibilities and obligations relating to, arising from, or in connection with the Committee.  The Committee shall continue to exist after such date solely with respect to all the applications filed pursuant to sections 330 and 331 of the Bankruptcy Code seeking payment of fees and expenses incurred by any professional.

**VI.**    **DISTRIBUTIONS UNDER THE PLAN**

**A.**    **In General.**

Except as otherwise provided herein, or as may be ordered by the Bankruptcy Court, Distributions to be made on account of Allowed Claims, other than Allowed Class 3 Claims, shall be made on or soon as reasonably practicable after the Effective Date.  The date(s) for Distributions to be made on account of Allowed Class 3 Claims shall be selected by the Liquidating Trustee in accordance with the Liquidating Trust Agreement, provided, however, that the date(s) selected shall be made as soon as reasonably practicable after the Effective Date, subject to the terms of the Liquidating Trust Agreement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### B.    Manner of Payment Under the Plan.

Any payment of Cash made by the Liquidating Trustee pursuant to the Plan may be made either by check drawn on a domestic bank or by wire transfer from a domestic bank, at the option of the Liquidating Trustee.

### C.    Manner of Distribution of Other Property.

Any Distribution under the Plan of property other than Cash shall be made by the Liquidating Trustee in accordance with the terms of the Plan.

### D.    Set-offs.

The Liquidating Trustee may set off against any Claim and the payments to be made pursuant to the Plan in respect of such Claim, any claims of any nature whatsoever that the Debtor, Estate or the Liquidating Trust may have against the Holder of such Claim; *provided* that neither the failure to effect such set-off nor the allowance of any Claim that otherwise would be subject to set-off, shall constitute a waiver or release by the Debtor, Estate or Liquidating Trust of any such claim that the Debtor, Estate or Liquidating Trust may have against such Holder.

### E.    Distribution of Unclaimed Property.

Except as otherwise provided in the Plan, any Distribution of property (Cash or otherwise) under the Plan which is unclaimed after the later of (i) one hundred eighty (180) days following the Effective Date or (ii) ninety (90) days after such Distribution has been remitted to the Holder of the Allowed Claim, shall be deemed Available Cash and distributed as provided for under the Plan.

### F.    De Minimis Distributions.

No cash payment of less than fifty dollars ($50.00) shall be made by the Liquidating Trustee to any Holder of a Claim unless a request therefor is made in writing to the Liquidating Trustee.

### G.    Saturday, Sunday or Legal Holiday.

If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:306860.8 13817/002

**H.    Delivery of Distributions, Address of Holder.**

For purposes of all notices and Distributions under this Plan, the Liquidating Trustee shall be entitled to rely on, and Distributions to Holders of Allowed Claims shall be made by regular U.S. first class mail to, the following name and address for the Holder of each such Claim:  (a) the address set forth in the proof of Claim Filed by such Holder; (b) the address set forth in any written notice of address change delivered by the Holder to the Debtor or the Liquidating Trustee after the date on which any related proof of Claim was Filed, or (c) the address reflected on the Schedules if no proof of Claim is Filed and neither the Debtor nor the Liquidating Trustee has received a written notice of a change of address.  The Liquidating Trustee shall be under no duty to attempt to locate Holders of Allowed Claims who are entitled to unclaimed Distributions.

**I.    Payment of Fees and Expenses of Disbursing Agent.**

The fees and expenses incurred by the Liquidating Trustee, in connection with the performance of its duties as disbursing agent under this Plan, shall be paid from the Liquidating Trust Assets.

**J.    Approval for Schedule of Proposed Distributions.**

In the discretion of the Liquidating Trustee, the Liquidating Trustee shall be entitled to prepare a preliminary schedule of proposed Distributions to Holders of Claims ("Distribution Schedule"), and to apply, on an expedited basis, for an order of the Bankruptcy Court approving the making of such Distributions pursuant to the Distribution Schedule.  Notice of any such application shall be served on the Post-Effective Date Notice Parties or as otherwise determined by the Bankruptcy Court.

**K.    Further Assurances Regarding Distributions.**

As a condition to obtaining Distributions under this Plan, each Holder of a Claim shall execute and deliver to the Liquidating Trustee, or join in the execution and delivery of, any agreement or instrument appropriate for the consummation of this Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:306860.8 13817/002

**L.    Creditor's Payment of Obligations or Turn Over of Property to the Liquidating Trustee.**

As a condition to obtaining Distributions under this Plan, any Holder of a Claim from which property is recoverable pursuant to a Final Order of the Bankruptcy Court under sections 542, 543, 550 or 553 of the Bankruptcy Code, or otherwise, or that is a transferee of a transfer avoidable pursuant to a Final Order of the Bankruptcy Court under sections 522, 544, 545, 547, 548 or 549 of the Bankruptcy Code or otherwise, shall pay to the Liquidating Trustee the amount, or turn over to the Liquidating Trustee any such property, for which such Holder of a Claim is liable to the Debtor.

**VII.    EXECUTORY CONTRACTS AND UNEXPIRED  LEASES**

**A.    Rejection.**

On the Effective Date, any and all agreements executed by the Debtor before the Effective Date, other than agreements that were previously either assumed and assigned or rejected either by a Final Order or under Bankruptcy Code section 365, to the extent that these agreements constitute executory contracts or unexpired leases under Bankruptcy Code section 365, shall be rejected.  The Confirmation Order shall constitute a Final Order approving this rejection.  All Allowed Rejection Damage Claims shall be treated as Class 3 Claims under the Plan.

**B.    Bar Date for Rejection Damage Claims.**

Any Rejection Damage Claims arising from rejection under the Plan of an executory contract or unexpired lease must be filed with the Bankruptcy Court and served on the Liquidating Trustee and its counsel within thirty (30) days after the Effective Date.  Any Rejection Damage Claims that are not timely filed and served will be forever barred and unenforceable against the Debtor, the Estate, the Liquidating Trust, the Liquidating Trustee, and their property, and the entities holding these Claims will be barred from receiving any Distributions under the Plan on account of their Rejection Damage Claims.  The Liquidating Trustee shall have the right to object to any such Rejection Damage Claims; provided, however, that any such objections must be served and filed not later than one hundred twenty (120) days after the Effective Date, subject to extension for cause.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

35

C.    **Insurance Policies.**

For the avoidance of doubt, all of the Debtor's rights with respect to all insurance policies under which the Debtor may be a beneficiary (including all insurance policies that may have expired prior to the Petition Date, all insurance policies in existence on the Petition Date, all insurance policies entered into by the Debtor after the Petition Date, and all insurance policies under which the Debtor holds rights to make, amend, prosecute and benefit from claims) are retained according to their respective terms and will be transferred or assigned to the Liquidating Trust pursuant to this Plan.

Notwithstanding the foregoing and any provision providing for the rejection of executory contracts herein, any insurance policy that is deemed to be an executory contract shall neither be rejected nor assumed  by operation of this Plan and shall be the subject of a specific motion by the Liquidating Trustee who shall retain the right to assume or reject any such executory contract pursuant to and subject to the provisions of section 365 of the Bankruptcy Code following the Effective Date; until such time as the Liquidating Trustee rejects any such executory contract, all rights, interests, and remedies under such executory contract shall be retained fully by the Liquidating Trustee.

**VIII.    EFFECTIVENESS OF THE PLAN**

A.    **Conditions Precedent.**

The Effective Date shall not occur until the following condition(s) (the "Conditions Precedent") have been satisfied or waived:

(i)    the Bankruptcy Court shall have entered an order granting approval of the Disclosure Statement and finding that it contains adequate information pursuant to section 1125 of the Bankruptcy Code and that order shall have become a Final Order;

(ii)    the Bankruptcy Court shall have entered a Confirmation Order that is in form and substance satisfactory to the Debtor and the Committee;

(iii)    the Confirmation Order shall have become a Final Order; and

(iv)    no stay of the Confirmation Order is in effect.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:306860.8 13817/002

Notwithstanding the foregoing, the Conditions Precedent set forth in Section VIII.A.iii hereof may be waived by the Debtor and the Committee (such waiver shall not require any notice, Bankruptcy Court order, or any further action).

**B.**     **The Effective Date.**

The Plan will not be consummated or become binding unless and until the Effective Date occurs.  The Effective Date will be the later of: the date that is the first day of the month following the date on which all Conditions Precedent have been satisfied or waived.  Any action to be taken on the Effective Date may be taken on or as soon as reasonably practicable after the Effective Date.

**C.**     **Confirmation Request.**

In the event that all of the applicable requirements of section 1129(a) are met other than section 1129(a)(8), the Debtor requests confirmation of the Plan under section 1129(b).  The Debtor will provide further support for Confirmation of the Plan under the "cram down" provisions of section 1129(b) in its brief to be filed in support of the Plan.

**D.**     **Notice of the Effective Date.**

As soon as practicable after the Effective Date has occurred, the Liquidating Trustee shall file with the Bankruptcy Court an informational notice specifying the Effective Date, as a matter of record.

**IX.**    **RETENTION OF JURISDICTION**

This Plan shall not in any way limit the Bankruptcy Court's post-confirmation jurisdiction as provided under the Bankruptcy Code.  The Bankruptcy Court will retain and have exclusive jurisdiction to the fullest extent permissible over any proceeding (i) arising under the Bankruptcy Code or (ii) arising in or related to the Chapter 11 Case or the Plan, including but not limited to the following:

a)     To hear and determine pending motions for the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases, if any are pending as of the Effective Date, the determination of any cure payments related thereto, and the allowance or disallowance of Claims resulting therefrom;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

b)      To determine any and all adversary proceedings, applications, motions, and contested matters instituted prior to the closing of the Chapter 11 Case;

c)      To ensure that Distributions to holders of Allowed Claims are accomplished as provided herein;

d)      To hear and determine any objections to Administrative Expenses and to proofs of Claims filed both before and after the Effective Date (including, without limitation, whether all or any part of any Claim set forth in any such proof of Claim or Administrative Expense is subject to partial or complete subordination pursuant to applicable law), and to allow or disallow any Disputed Claim in whole or in part, provided, however, that, for the avoidance of doubt, the Liquidating Trustee may settle or compromise (including by set-off) any Disputed Claim without further Order of the Court;

e)      To hear and determine all applications for compensation and reimbursement of expenses of Professional Persons under sections 330, 331, and 503(b) of the Bankruptcy Code;

f)      To hear and determine any disputes arising in connection with the interpretation, implementation, execution, or enforcement of the Plan, the Liquidating Trust Agreement, the Confirmation Order, or any other order of the Bankruptcy Court;

g)      To hear or determine any action to recover assets of the Estate, wherever located;

h)      To hear and determine any actions or matters related to Estate Causes of Action, whether or not such actions or matters are pending on the Effective Date;

i)      To hear and determine any matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

j)      To hear and determine any objections to the allowance of Claims or Administrative Claims, whether filed before or after the Confirmation Date, including any objections to the classification of any Claim, and any proceedings to allow, disallow, determine, liquidate, estimate, or establish the priority or the secured or unsecured status of any Claim, or to establish reserves pending the resolution of Disputed Claims;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:306860.8 13817/002

k)    To hear and determine any proceeding to modify this Plan, after confirmation of this Plan, and, if in the best interests of Holders of Claims, modification of this Plan even after this Plan has been substantially consummated;

l)    To consider the issuance of injunctions or other orders as may be necessary or appropriate to aid in the implementation of this Plan or to restrain interference by any entity with the consummation or the enforcement of this Plan;

m)    To hear any other matter not inconsistent with the Bankruptcy Code;

n)    To hear any other matter deemed relevant by the Bankruptcy Court; and

o)    To enter a final decree closing the Chapter 11 Case.

## X.    RELEASES, EXCULPATION AND INJUNCTION

### A.    Releases by the Debtor

*In consideration for services rendered to the Estate and for the consideration as more fully set forth herein, to the greatest extent permissible by law, and except as otherwise specifically provided in this Plan, as of the Effective Date, the Debtor shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each of the Released Parties of and from any and all past, present and future legal actions, causes of action, choses in action, rights, demands, suits, claims, liabilities, encumbrances, lawsuits, adverse consequences, amounts paid in settlement, costs, fees, damages, debts, deficiencies, diminution in value, disbursements, expenses, losses and other obligations of any kind, character or nature whatsoever, whether in law, equity or otherwise (including, without limitation, those arising under Chapter 5 of the Bankruptcy Code and applicable non-bankruptcy law, and any and all alter-ego, lender liability, indemnification or contribution theories of recovery, and interest or other costs, penalties, legal, accounting and other professional fees and expenses, and incidental, consequential and punitive damages payable to third parties), whether known or unknown, fixed or contingent, direct, indirect, or derivative, asserted or unasserted, foreseen or unforeseen, suspected or unsuspected, now existing, heretofore existing or which may heretofore accrue against the Debtor or the Released Parties (in each case, solely in their capacities as such) occurring from the beginning of time to and including the Effective Date related in any way,*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*directly or indirectly, arising out of, and/or connected with any or all of the Debtor or the Estate;*

*provided, however, that notwithstanding the foregoing or any other provision of this Plan, nothing*

*in this Plan, or any order confirming this Plan shall affect any causes of action, claims, or*

*counterclaims that may be asserted in connection with an objection to a Claim that has not been*

*Allowed, in each case as determined by a court of competent jurisdiction.  Notwithstanding*

*anything to the contrary in this Plan, this Article does not release any post-Effective Date*

*obligations of any party under this Plan or any document, instrument, or agreement executed to*

*implement this Plan.  Furthermore, nothing in this Plan shall affect the liability of any Claims*

*held by any third party against any of the Released Parties.*

### B.    Exculpation

*None of the Exculpated Parties shall have or incur any liability for any act or omission in*

*connection with, related to, or arising out of, the Chapter 11 Case, the formulation, preparation,*

*dissemination, implementation, confirmation, or approval of this Plan, the administration of this*

*Plan, or any contract, instrument, release, or other agreement or document provided for or*

*contemplated in connection with the consummation of the transactions set forth in this Plan,*

*provided, however, that the foregoing provisions shall not affect the liability of any Person that*

*would result solely from any such act or omission to the extent that act or omission is determined*

*by a Final Order of the Court to have constituted willful misconduct or gross negligence or*

*breach of fiduciary duty; provided further, however, that this provision shall not limit the Debtor's*

*obligations under this Plan; provided further, however, that notwithstanding the foregoing or any*

*other provision of this Plan, nothing in this Plan, or any order confirming this Plan shall affect*

*any causes of action, claims, or counterclaims that may be asserted in connection with an*

*objection to a Claim that has not been Allowed, in each case as determined by a court of*

*competent jurisdiction.*

### C.    No Liability for Solicitation or Participation.

As specified in section 1125(e) of the Bankruptcy Code, Persons that solicit acceptances or

rejections of this Plan, in good faith and in compliance with the applicable provisions of the

Bankruptcy Code, shall not be liable, on account of such solicitation or participation, for violation of

40

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or the offer, issuance, sale, or purchase of securities.

**D.      Good Faith.**

Confirmation of this Plan shall constitute a finding that the Plan was proposed, and that acceptances of the Plan were solicited, in good faith and in compliance with applicable provisions of the Bankruptcy Code.

**E.      Injunction Enjoining Holders of Claims Against Debtor.**

The Plan is the sole means for resolving, paying or otherwise dealing with Claims and Equity Interests.  To that end, except as expressly provided in the Plan, at all times on and after the Effective Date, all Persons who have been, are, or may be holders of Claims against or Interests in the Debtor, arising prior to the Effective Date, will be permanently enjoined from taking any of the following actions, on account of any such Claim or Equity Interest, against the Debtor, the Estate, the Liquidating Trust or its property (other than actions brought to enforce any rights or obligations under the Plan):(a)      commencing, conducting or continuing in any manner, directly or indirectly any suit, action, or other proceeding of any kind against the Debtor and/or Estate, the Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets (including, without limitation, all suits, actions, and proceedings that are pending as of the Effective Date which will be deemed to be withdrawn or dismissed with prejudice);

(b)      Enforcing, levying, attaching, executing, collecting, or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree, or order against the Debtor, the Estate, the Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets;

(c)      creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any lien, security interest or encumbrance against the Debtor, the Estate, the Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets; and

(d)      proceeding in any manner in any place whatsoever against the Debtor, the Estate, the Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets that does not conform to or comply with the provisions of the Plan.

41

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**F.    Nondischarge of the Debtor.**

In accordance with Bankruptcy Code section 1141(d)(3), the Confirmation Order will not discharge Claims.  However, no Holder of a Claim may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Holder pursuant to the Plan.  As of the Confirmation Date, all Persons are enjoined from asserting against any property that is to be distributed under the Plan, any Claims, rights, causes of action, liabilities, or Equity Interests based upon any act, omission, transaction, or other activity that occurred before the Confirmation Date except as expressly provided in the Plan or the Confirmation Order.

**XI.    MISCELLANEOUS  PROVISIONS**

**A.    Payment of Statutory Fees.**

All quarterly fees due and payable to the Office of the United States Trustee pursuant to section 1930(a)(6) of title 28 of the United States Code shall be duly paid in full on or before the Effective Date, as required by section 1129(a)(12) of the Bankruptcy Code.  The Liquidating Trust shall be responsible for timely payment of such quarterly fees due and payable after the Effective Date and until the Chapter 11 Case is closed, pursuant to section 1930(a)(6) of title 28 of the United States Code, with respect to cash disbursements made by the Liquidating Trustee under the Plan. After the Effective Date and until the Chapter 11 Case is closed, the Liquidating Trustee shall file with the Office of the United States Trustee monthly financial reports specifying all disbursements made pursuant to the Plan and shall make all payments based upon such disbursements as required by applicable law.

**B.    Preservation of Rights of Action.**

Except to the extent any rights, claims, defenses, and counterclaims are expressly and specifically released in connection with this Plan or in any settlement agreement approved during the Chapter 11 Case: (i) any and all Estate Causes of Action accruing to the Debtor's Estate shall vest in the Liquidating Trust on the Effective Date, whether or not litigation relating thereto is pending on the Effective Date, and whether or not any such Estate Causes of Action have been listed or referred to in this Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court,

42

and (ii) the Debtor's Estate does not waive, release, relinquish, forfeit, or abandon (and it shall not be estopped or otherwise precluded or impaired from asserting) any Estate Cause of Action that constitutes property of the Debtor' Estate: (a) whether or not such Estate Cause of Action has been listed or referred to in this Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court, (b) whether or not such Estate Cause of Action is currently known to the Debtor or the Liquidating Trustee, and (c) whether or not a defendant in any litigation relating to such Estate Cause of Action filed a proof of claim in the Chapter 11 Case, filed a notice of appearance or any other pleading or notice in the Chapter 11 Case, voted for or against this Plan, or received or retained any consideration under this Plan.

### C.    **Exemption from Stamp, Transfer and Other Taxes.**

Pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of assets under the Plan by the Debtor, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with the Plan, will not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

#### 1.    **Headings.**

Headings are used in the Plan for convenience and reference only, and shall not constitute a part of the Plan for any other purpose.

#### 2.    **Binding Effect.**

The Plan shall be binding upon and inure to the benefit of the Debtor' Estate, Holders of Claims, Holders of Equity Interests, and their respective successors or assigns.

### D.    **Revocation or Withdrawal.**

#### 1.    **Right to Revoke.**

The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date.

#### 2.    **Effect of Revocation.**

If the Debtor revokes the Plan prior to the Confirmation Date or if the Confirmation Date or the Effective Date does not occur, then the Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any claims by or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

43

against the Debtor or Estate, or any other person or to prejudice in any manner the rights of the Debtor or Estate, or any person in any further proceedings involving the Debtor.

### 3. Governing Law.

Unless a rule of law or procedure is supplied by (i) federal law (including the Bankruptcy Code and Bankruptcy Rules), or (ii) an express choice of law provision in any agreement, contract, instrument or document provided for, or executed in connection with, this Plan, the rights and obligations arising under the Plan and any agreements, contracts, documents and instruments executed in connection with this Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of California without giving effect to the principles of conflict of laws thereof.

### 4. Withholding, Reporting, and Payment of Taxes.

In connection with the Plan and all instruments issued in connection therewith and Distributions thereon, the Liquidating Trustee shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority and all Distributions hereunder shall be subject to any such withholding and reporting requirements. The Liquidating Trustee shall report and pay taxes on the income of the Liquidating Trust Assets, if any, as required by applicable law. In addition, to the extent required by applicable law, reported Distributions from such reserves shall include all interest and investment income, if any, attributable to the Cash or property being distributed net of taxes which are, or are estimated to be, due and payable thereon.

### 5. Other Documents and Actions.

The Debtor on and prior to the Effective Date and the Liquidating Trustee after the Effective Date may execute such other documents and take such other actions as may be necessary or appropriate to effectuate the transactions contemplated under this Plan.

### 6. Modification of the Plan.

Prior to the Effective Date, the Plan may be altered, amended, or modified pursuant to section 1127 of the Bankruptcy Code by the Debtor. After the Effective Date, the Liquidating Trustee shall have the sole authority and power to alter, amend, or modify the Plan pursuant to section 1127 of the Bankruptcy Code.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

44

### 7. Notices.

Any notice to the Debtor or Liquidating Trustee required or permitted to be provided under the Plan shall be in writing and served by either (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, or (c) reputable overnight delivery service, freight prepaid, to be addressed as follows:

**Debtor:**

Channel Technologies Group, LLC
Attn:  David Tiffany
8714 East Sandalwood Dr
Scottsdale, AZ  85250

**With a copy to:**

Pachulski Stang Ziehl & Jones LLP
Attention: Jeffrey Dulberg
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760

**Liquidating Trustee:**

Richard J. Feferman
Corporate Recovery Associates
3830 Valley Center Drive, Suite 705-152
San Diego, CA  92130
Telephone: 858/792.7473

### E. Severability of Plan Provisions.

If, prior to Confirmation, any term or provision of the Plan is found by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  The Confirmation Order shall constitute a judicial

DOCS_LA:306860.8 13817/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**F.      Successors and Assigns.**

The rights, benefits, and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors, and assigns of such entity.

**G.      Post-Confirmation Notice.**

From and after the Effective Date, any person who desires notice of any pleading or document filed in the Bankruptcy Court, or any hearing in the Bankruptcy Court, or other matter as to which the Bankruptcy Code requires notice to be provided, shall file a request for post-confirmation notice and shall serve the request on the Liquidating Trustee ("Post Effective Date Notice Party"); provided, however, the United States Trustee shall be deemed to have requested post-confirmation notice.

**H.      Books and Records.**

Upon the Case Closing Date, the Liquidating Trustee shall be authorized, in the exercise of its sole and absolute discretion, to discard or destroy any and all pre-Effective Date books and records of the Debtor in the Liquidating Trustee's custody or control.  The Liquidating Trustee shall continue to preserve post-Effective Date books and records in its custody or control through the Case Closing Date, or as otherwise provided by order of the Bankruptcy Court.

**I.      Effectiveness of Court Orders.**

All orders and judgments, including injunctions, entered by the Bankruptcy Court during the Chapter 11 Case, and in existence on the Confirmation Date, shall remain in full force and effect from and after the Effective Date, to the extent not inconsistent with the provisions of this Plan or the Confirmation Order.

**J.      No Waiver.**

Neither the failure to list a Claim in the Schedules filed by the Debtor, the failure to object to any Claim for purposes of voting, the failure to object to a Claim or Administrative Claim prior to the Effective Date, the failure to assert an Estate Cause of Action prior to the Effective Date, nor any

46

action or inaction with respect to a Claim, Administrative Claim, or Estate Cause of Action, other than a legally effective express waiver or release, shall be deemed to be a waiver or release of the right of the Liquidating Trustee to object to or examine such Claim or Administrative Claim, in whole or in part, or retain and assert, pursue, prosecute, litigate, or otherwise enforce any Estate Cause of Action.

**K.    Other Documents and Actions.**

The Debtor and the Liquidating Trustee may execute such other documents and take such other actions as may be necessary or appropriate to effectuate the transactions contemplated under this Plan.

**L.    Inconsistencies.**

In the event that any provisions of this Plan are inconsistent with the provisions of the Disclosure Statement, the provisions of this Plan shall control.

**M.    Implementation of Section 1142 of the Bankruptcy Code.**

Pursuant to section 1142(a) of the Bankruptcy Code, the Debtor and the Liquidating Trustee are authorized to carry out the terms of this Plan.  Pursuant to section 1142(b) of the Bankruptcy Code, all Holders of Claims and Holders of Equity Interests shall execute and deliver, or join in the execution and delivery of, any instrument or document appropriate to effectuate this Plan, and perform any other act that is appropriate for the consummation of this Plan.  To the extent that any Holder of a Claim or Holder of an Equity Interest fails to comply with these provisions, the Debtor and the Liquidating Trustee shall be entitled to obtain, on an expedited basis, an order of the Bankruptcy Court compelling such Holder's compliance with these provisions, and, during the time period encompassed by such Holder's non-compliance, no payment shall be made to such Holder under this Plan.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:306860.8 13817/002

## XII. <u>RECOMMENDATION</u>

The Debtor recommends that all creditors that receive a ballot and are eligible to vote on the Plan vote in favor of the Plan. The Debtor has thoroughly evaluated various alternatives to the Plan. After studying the other alternatives, the Debtor has concluded that the Plan is the best alternative, and will maximize recoveries to unsecured creditors.

Dated: December 6, 2017

CHANNEL TECHNOLOGIES GROUP, LLC

By: _____

Name: David Tiffany

Title: Chief Restructuring Officer

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

48

DOCS_LA:306860.8 13817/002

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S PROPOSED CHAPTER 11 LIQUIDATING PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 6, 2017,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **December 6, 2017,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 6, 2017,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA FEDEX**
The Honorable Peter H. Carroll
United States Bankruptcy Court
Central District of California
1415 State Street, Suite 230 / Ctrm. 201
Santa Barbara, CA 93101

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 6, 2017 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:310927.1 13817/002

**Mailing Information for Case 9:16-bk-11912-PC**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- Daniel Denny    ddenny@gibsondunn.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Michael S Greger    mgreger@allenmatkins.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- Andrew B Levin    alevin@wcghlaw.com, bayrelevin@hotmail.com;pj@wcghlaw.com;sly@wcghlaw.com
- David W. Meadows    david@davidwmeadowslaw.com
- Samuel A Newman    snewman@gibsondunn.com
- Victoria Newmark    vnewmark@pszjlaw.com
- Reed H Olmstead    reed@olmstead.law, olmstead.ecf@gmail.com;r41602@notify.bestcase.com
- Robert E Opera    ropera@wcghlaw.com, pj@wcghlaw.com;sly@wcghlaw.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
- Alan J Watson    alan.watson@hklaw.com, gloria.hoshiko@hklaw.com

2. **SERVED BY UNITED STATES MAIL:**

**Channel Technologies Group, LLC**
**Ch 11 Case No.: 9:16-bk-11912-PC**
**2002 Service List**

**Debtor**
Channel Technologies Group, LLC
Attn:    David Tiffany
            Chief Restructuring Officer
8714 East Sandalwood Drive
Scottsdale, AZ  85250

Brian Fittipaldi, Esq.
Office of the U.S. Trustee
1415 State Street, Suite 148
Santa Barbara, CA  93101

United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017

Charles Miller, Member
5916 Carnegie Lane
Plano, Texas 75093

CR3 Partners
Attn:  William Snyder; David Tiffany;
        Robert Carringer; Michael Nguyen
13355 Noel Road
Suite 310, Tower 1
Dallas, TX  75240

**Claims Agent**
Prime Clerk
Attn:  Michael J. Frishberg
830 3rd Avenue
New York, NY 10022

**Bank**
CIT/One West
Gordon Lenarth, Director
Treasury Management Group
888 East Walnut Street
Pasadena, CA  91101
Email:  gordon.lenarth@cit.com

**Government Entities**

Jeff Sessions
U.S. Attorney General
U.S. Dept. of Justice
950 Pennsylvania Avenue NW
Washington, D.C.  20530-0001

U.S. Dept. of Justice
Ben Franklin Station
P.O. Box 683
Washington, DC  20044

Eileen M. Decker, U.S. Attorney
Dorothy A. Schouten, AUSA, Civil Chief
Elan S. Levey, AUSA
United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA  90012

Xavier Becerra
State of California
Office of the Attorney General
1300 "I" Street
Sacramento, CA  95814-2919

Lisa Chao, Supervising Deputy AG
Brian D. Wesley, Deputy AG
300 South Spring Street, Suite 1702
Los Angeles, CA  90013

DFAS
Attn:  Office of the General Counsel
8899 East 56th Street
Indianapolis, IN  46349-0160

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

Internal Revenue Service
1332 Anacapa St.
Santa Barbara, CA  93101

CA Franchise Tax Board
BK Section, MS:  A-340
P.O. Box 2952
Sacramento, CA  95812-2952

Littleton Massachusetts Chief Assessor
Attn:  Katherine Miller
37 Shattuck Street, Room 206
Littleton, MA  01460

Littleton Massachusetts Tax Collector
Attn:  Deborah Richards
37 Shattuck Street, Room 207
Littleton, MA  01460

CA Franchise Tax Board
P.O. Box 942857
Sacramento, CA  95812-2952

Santa Barbara County Tax Collector
Attn:  Harry E. Hagen
105 East Anapamu Street, Suite 109
Santa Barbara, CA  93102

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA  94280-0001

State Board of Equalization
Special Operations BK Team, MIC:  74
P.O. Box 942879
Sacramento, CA  94279-0074

Massachusetts Dept. of Revenue
P.O. Box 9550
Boston, MA  02114-9550

Massachusetts Dept. of Revenue
P.O. Box 7010
Boston, MA  02204

U.S. Securities & Exchange Commission
Attn:  Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, CA  90071

### CREDITORS' COMMITTEE

**General Insolvency Counsel for Official
Committee of Unsecured Creditors**
Robert E. Opera
Andrew B. Levin
Winthrop Couchot Golubow Hollander LLP
660 Newport Center Drive, 4th Floor
Newport Beach, CA  92660

**Counsel for Lockheed Martin Corp.**
Christopher R. Donoho, III
M. Shane Johnson
Hogan Lovells US LLP
875 Third Avenue
New York, NY  10022

Lockheed Martin Corporation
7 Barnabas Road
Marion, MA  02738
Attn:  Patricia Hanson

Lockheed Martin Corporation
Rotary and Mission Systems
9500 Godwin Drive
Manassas, VA  20110
Attn:  John Mellis, Esq.

Advanced GeoEnvironmental, Inc.
837 Shaw Road
Stockton, CA  95215

### Secured Creditors

**Counsel to Blue Wolf Capital Fund II, L.P.**
John J. Monaghan
Holland & Knight, LLP
10 St. James Avenue, 11th Floor
Boston, MA  02116

**Prepetition Secured Creditor/DIP
Lender**
Blue Wolf Capital Partners
Attn:  President
One Liberty Plaza, 52nd Floor
New York, NY  10006

### Interested Parties

Amerisource Funding, Inc.
7225 Langtry Street
Houston, TX  77040

Fidus Mezzanine Capital II, L.P.
  as Collateral Agent
1603 Orrington Avenue, Suite 1005
Evanston, IL  60201

Gladstone Investment Corporation
1521 West Branch Drive, Suite 200
McLean, VA  22102

**Counsel for MSI Transducers Corp.**
Christopher M. Candon
Sheehan Phinney Bass & Green
1000 Elm Street, 17th Floor
Manchester, NH  03101

Wells Fargo Business Credit
  Government Services Group
A Div. of Wells Fargo Bank, N.A.
2010 Corporate Ridge, Suite 900
McLean, VA  22102

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**Request for Special Notice**

**Counsel for Northrop Grumman Corp.**
Samuel A. Newman
Daniel B. Denny
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197

**Counsel for Attorneys for Creditor
BAE Systems Information and Electric
Systems Integration, Inc.**
Robert R. Moore
Michael S. Greger/William W. Huckins
Allen Matkins
Three Embarcadero Center, 12th Fl.
San Francisco, CA  94111

Brent A. Lindstrom
Electro Optical Industries
Sales Director
410 Canon Drive
Santa Barbara, CA  93105

**Counsel to Blue Wolf Capital Fund II,
L.P.**
Alan J. Watson
Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071-2040

**Counsel for Landlord**
Thomas N. Harding
Seed Mackall LLP
1332 Anacapa St., Suite 200
Santa Barbara, CA 93101

Joy Equipment Protection, Inc.
Post Office Box 1080
Carpinteria, CA  93014

Water Store
94 Frederick Lopez
Goleta, CA  93117
Attn:  William Risser, President

CEC, Inc.
Post Office Box 23245
Santa Barbara, CA  93121
Attn:  Jason Carlton, President

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:310927.1 13817/002

**F 9013-3.1.PROOF.SERVICE**