```
 1  KAUFMAN McANDREW LLP
    STEPHEN F. MCANDREW, State Bar No. 149063
 2  16633 Ventura Boulevard, Suite 500
    Encino, California 91436
 3  Telephone:   (818) 788-5767
    Facsimile: (818) 788-2992
 4
    Attorneys defendant Lynn Chen
 5
 6
 7
 8             UNITED STATES BANKRUPTCY COURT
 9              CENTRAL DISTRICT OF CALIFORNIA
10                    NORTHERN DIVISION
11  In re:                          | Case No.  9:16-bk-11912-DS
12  CHANNEL TECHNOLOGIES             | Adv. Case No. 9:18-ap-01070-DS
    GROUP, LLC,
13                                   | Chapter 11 Proceeding
          Debtor.
14                                   | **STIPULATION TO EXTEND TIME TO**
                                     | **RESPOND TO COMPLAINT**
15  CORPORATE RECOVERY
    ASSOCIATES, LLC, as Liquidating
16  Trustee appointed under the confirmed
    Chapter 11 plan of Channel         | Judge:          Courtroom: 201
17  Technologies Group, LLC,
                                       | Action filed:   October 15, 2018
18        Plaintiff.
19        v.
20  KEVIN RUELAS, PIERRE CHAO,
    JOHN MEI, LYNN CHEN,
21  CHRISTOPHER HOLMES, MARK
    SHAW, CHARLES MILLER, DAVID
22  OLDHAM, and DOES 1-10,
23        Defendants.
24
25
26
27
28
```

1

| STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT | Case No.  9:16-bk-11912-DS<br>Adv. Case No. 9:18-ap-01070-DS |
|---|---|

Defendant Lynn Chen ("Defendant") and Plaintiff Corporate Recovery Associates, LLC, by and through their respective attorneys, hereby enter into this Stipulation as follows:

## STIPULATION

A. Plaintiff Corporate Recovery Associates, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC ("Plaintiff') filed a lawsuit (the "Complaint") against the Defendants in Santa Barbara Superior Court, State of California, on October 15, 2018;

B. On November 14, 2018, the Complaint was removed to this Court;

C. A Motion to Remand this proceeding ("Motion") was filed on December 14, 2018, (Docket No. 13) and is set for hearing on January 16, 2019;

D. Defendant does not join the notice of removal or the motion to remand and awaits this Court's decision;

E. Whether the case is in Federal or State Court may determine how defendant responds to the Complaint;

F. The parties have agreed to meet and confer regarding the allegations against defendant before defendant files a responsive pleading.

WHEREFORE, SUBJECT TO COURT APPROVAL, IT IS AGREED:

1. The time to respond to the Complaint is extended to January 25, 2019.

Dated: January 4, 2019                KAUFMAN McANDREW LLP

By: _____
Stephen F. McAndrew
Attorneys for Defendant Lynn Chen

Dated: January 4, 2019                LYNN PINKER COX HURST, LLP

By: _____
Christian Orozco
Attorneys for Plaintiff Corporate Recovery Associates, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I declare that, I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Los Angeles, California, and my business address is 16633 Ventura Boulevard, Suite 500, Encino, California 91436. On the date herein below specified, I served the foregoing document, described as set forth below on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes, at Encino, California addressed as follows:

Date of Service:    **January 7, 2019**

Document Served:    **STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT**

| | |
|---|---|
| Brian D. Fittipaldi, Esq. | Brian.fittipaldi@usdoj.gov |
| Christian A. Orozco, Esq. | corozco@lynnllp.com <br> thooker@lynnllp.com |
| Christopher O. Rivas, Esq. | crivas@reedsmith.com <br> chris-rivas-8658@ecf.pacerpro.com |
| Howard Steinberg, Esq. | steinbergh@gtlaw.com <br> pearsallt@gtlaw.com <br> laik@gtlaw.com |
| United States Trustee (ND) | ustpregion16.nd.ecf@usdoj.gov |

☐ **BY REGULAR MAIL:** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Encino, California. I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted by facsimile (818-788-2992) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

KAUFMAN McANDREW LLP

1

☒ **BY ELECTRONIC FILING SERVICE:** Complying with Code Civ. Proc. §1013, my electronic business address is dd@kmcllp.com and I caused such document(s) to be electronically served on designated recipients through electronic transmission through the electronic service system. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I caused such document(s) to be placed in an envelope or package clearly labeled to identify the person being served, to be personally served via on the parties listed on the service list below.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

☐ With a receptionist, or with a person having charge thereof; or

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 7, 2019, at Encino, California.

/s/ D. Milam
D. Milam

2

# **PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                        )
COUNTY OF LOS ANGELES   )

    I declare that, I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Los Angeles, California, and my business address is 16633 Ventura Boulevard, Suite 500, Encino, California 91436. On the date herein below specified, I served the foregoing document, described as set forth below on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes, at Encino, California addressed as follows:

Date of Service:    January 7, 2019

Document Served:    **STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT**

United States Bankruptcy Court,
Central District of California
Honorable Deborah J. Saltzman
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639
Los Angeles, CA 90012

☐ **BY REGULAR MAIL:** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Encino, California. I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **BY OVERNIGHT DELIVERY:** I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by overnight delivery service. I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of KAUFMAN McANDREW LLP business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or delivered to a courier or driver authorized to receive documents on the same date it is placed at KAUFMAN McANDREW LLP for collection.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted by facsimile (818-788-2992) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY ELECTRONIC FILING SERVICE:** Complying with Code Civ. Proc. §1013, my electronic business address is dd@kmcllp.com and I caused such document(s) to be electronically served on designated recipients through electronic transmission through the electronic service system. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I caused such document(s) to be placed in an envelope or package clearly labeled to identify the person being served, to be personally served via on the parties listed on the service list below.

    ☐    By personally delivering the copies;

    ☐    By leaving the copies at the attorney's office;

        ☐    With a receptionist, or with a person having charge thereof; or

        ☐    In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

    ☐    By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 7, 2019, at Encino, California.

/S/ D. Milam
D. Milam

KAUFMAN McANDREW LLP

2