**GRIFFITH & THORNBURGH, LLP**
ATTORNEYS AND COUNSELORS
8 EAST FIGUEROA STREET, SUITE 300
SANTA BARBARA, CA 93101
TELEPHONE: 805-965-5131
TELECOPIER: 805-965-6751

Joseph M. Sholder, Bar No. 126347   Email: sholder@g-tlaw.com
Felicita A. Torres, Bar No. 298630   Email: torres@g-tlaw.com

Attorneys for Liquidating Trustee Appointed under
Confirmed Chapter 11 Liquidating Plan

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re | Case No. 9:16-bk-11912-DS |
| CHANNEL TECHNOLOGIES GROUP, LLC, | Chapter 11 |
| DEBTOR. | **LIQUIDATING TRUSTEE'S THIRD POST-CONFIRMATION STATUS REPORT** |
| | [No Hearing Set] |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES-IN-INTEREST:**

Corporate Recovery Associates, LLC, the Liquidating Trustee ("Liquidating Trustee") appointed under the confirmed Chapter 11 Liquidating Plan ("Plan")[1] [Docket No. 426] of Debtor Channel Technologies Group, LLC

---

[1] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Plan.

("Debtor"), hereby submits the following Post-Confirmation Status Report ("Status Report"), as required by the Order Confirming Chapter 11 Liquidating Plan [Docket No. 473] ("Confirmation Order"), entered by the Court on March 2, 2018.

### A.  Occurrence of the Effective Date.

The Effective Date of the Plan occurred on April 2, 2018.  On April 2, 2018, the Liquidating Trustee provided notice of the occurrence of the Effective Date pursuant to the filing and service of the Notice of: (1) Occurrence of Effective Date of Chapter 11 Liquidating Plan, and (2) Deadlines for Filing Certain Claims and Requests for Payment [Docket No. 547].

### B.  Status of the Debtor's Efforts to Consummate the Plan.

The Plan provides, among other things, for the establishment of a liquidating trust ("Liquidating Trust") and the appointment of the Liquidating Trustee to act as the trustee of the Liquidating Trust.  The Liquidating Trust was organized and established to liquidate the assets of the Debtor's estate for the benefit of the holders of all Allowed General Unsecured Claims against the Debtor.  Pursuant to the terms of the Plan, the assets of the Debtor's estate, including but not limited to potential causes of action held by the Debtor's estate, were transferred to the Liquidating Trust on the Effective Date.

### 1.  The Liquidating Trustee's Evaluation and Prosecution of Litigation Claims.

The Liquidating Trustee has evaluated thoroughly whether avoidance claims or other litigation claims should be pursued by the Liquidating Trustee for the benefit of the Debtor's creditors.  Based upon such evaluation, the Liquidating Trustee has taken certain actions, including negotiating agreements with five entities for tolling the statutory deadline for pursuing avoidance claims under

Section 546 of the bankruptcy code, and prosecuting the Litigation Claims.[2]

    a.  **Tolling Agreements.**  The Liquidating Trustee currently has tolling agreements with three entities, and is participating in ongoing discussions with the parties to the tolling agreements regarding potential settlement of ongoing disputes.  The Liquidating Trustee has entered into a settlement agreement with one entity, and continues to evaluate whether to pursue avoidance actions against others with which it has pending tolling agreements.

    **b.**  **Preference Action.**  On October 12, 2018, the Liquidating Trustee filed a complaint against Lynn Chen, seeking, in part, to avoid and recover pursuant to Sections 547 and 550 of the Bankruptcy Code preferential transfers made to Ms. Chen in the amount of approximately $203,713 ("Preference Action").  Griffith & Thornburgh, LLP, substituted in as Plaintiff's counsel in this action on February 27, 2019.  The initial status conference in this case was held on March 19, 2019, and a discovery cutoff date of October 31, 2019 was set in the action.

    **c.**  **Contingency Fee Litigation.**  The Liquidating Trustee has retained the law firm of Lynn Pinker Cox Hurst, LLP ("Lynn Pinker"), a nationally-

---

[2] These Litigation Claims are comprised of i) a preference action filed October 12, 2018, against Lynn Chen, seeking, in part, to avoid and recover pursuant to Sections 547 and 550 of the Bankruptcy Code preferential transfers in approximate amount of $203,713 ("Preference Action"); ii) an action filed by the law firm of Lynn Pinker Cox Hurst, LLP ("Lynn Pinker") on the Liquidating Trustee's behalf on October 12, 2018, against BW Piezo Holdings, LLC (an insider of the debtor), Blue Wolf Capital Partners, LLC and other entities, asserting, among others, causes of action for avoidance of fraudulent transfers under Sections 548 and 550 of the Bankruptcy Code ("Fraudulent Transfer Action").  The Fraudulent Transfer Action is based, in part, on Defendants' diversion of approximately $70 million in gross sale proceeds from sale of a debtor-affiliated shell entity.; and iii) an action filed in the Santa Barbara Superior Court on October 15, 2018, against a number of former directors and officers of the Debtor, asserting, among others, causes of action for breach of fiduciary duty and negligence ("D & O Action") related, in part, to the diversion of $70 million in gross sale proceeds referenced in the Fraudulent Transfer Action.  The Preference Action, Fraudulent Transfer Action and D & O Action are collectively referred to as the "Litigation Claims."

recognized litigation boutique law firm located in Dallas, Texas, to file litigation claims on behalf of the Liquidating Trustee for the benefit of the Debtor's creditors. The Liquidating Trustee has engaged Lynn Pinker on a contingency fee basis.

On October 12, 2018, the Liquidating Trustee, represented by Lynn Pinker, filed in this Court a complaint against BW Piezo Holdings, LLC (an insider of the Debtor), Blue Wolf Capital Partners, LLC and other entities, asserting, among others, causes of action for avoidance of fraudulent transfers under Sections 548 and 550 of the Bankruptcy Code ("Fraudulent Transfer Action").

In addition, on October 15, 2018, the Liquidating Trustee, represented by Lynn Pinker, filed in the Superior Court of the State of California, County of Santa Barbara ("State Court"), a complaint against a number of former directors and officers of the Debtor asserting, among others, causes of action for breach of fiduciary duty and negligence ("D&O Action"). On November 14, 2018, three of the defendants named in the D&O Action filed a Notice of Removal of the D&O Action from State Court to this Court (9:18-ap-01070-DS). The Liquidating Trustee successfully defended against the removal and obtained a remand order, then turned to defending against multiple motions to dismiss filed by various defendants in the Fraudulent Transfer Action. Hearing on the motions to dismiss was held March 18, 2019, before the Honorable Peter H. Carroll, and Judge Carroll informed the parties that he expected to render a decision regarding the motions to dismiss within an approximate 30-day period after the hearing.

The Liquidating Trustee believes that the claims asserted pursuant to the Preference Action, the Fraudulent Transfer Action and the D&O Action are meritorious, and is hopeful that, by prosecuting the Litigation Claims, the Liquidating Trustee will recover funds sufficient to enable the Liquidating Trustee to make meaningful distributions to general unsecured creditors in this case.

**2.   The Liquidating Trustee's Evaluation of the Claims Asserted Against the Debtor's Estate.**

Since the appointment of the Liquidating Trustee pursuant to the terms of the Plan, the Liquidating Trustee has devoted a significant amount of time and effort toward evaluating claims asserted against the Debtor in order to determine the validity of such claims and whether grounds exist to object to any such claims. Approximately 430 unsecured claims have been asserted against the Debtor's estate, asserting initially more than $37.0 million in unsecured claims against the Debtor. The Liquidating Trustee has identified more than 150 claims which are subject to dispute in this case, and has already filed objections to 134 claims. The Liquidating Trustee is currently actively negotiating, with the assistance of counsel, with the holder of a disputed administrative claim.

**a.   Resolution of the Lockheed Martin Claim.**  On April 10, 2017, Lockheed Martin Corporation-Rotary and Mission Systems ("Lockheed") filed a general unsecured claim in the amount of $19,568,400 ("Lockheed Claim"), based on an alleged breach of that certain Teaming Agreement, dated as of July 18, 2014, by and between the Debtor and Lockheed. The Debtor engaged in settlement discussions with Lockheed regarding the resolution of the Lockheed Claim. On or about April 3, 2018, the Liquidating Trustee entered into a stipulation with Lockheed, pursuant to which the Lockheed Claim was reduced from $19,568,400 to $3,841,683 and treated as an allowed general unsecured claim under the terms of the Plan.

**b.   Claims Objections.**  The Liquidating Trustee has already filed objections to 134 claims, substantially all of which have been sustained by the Court.

In addition to such claim objections, the Liquidating Trustee anticipates addressing, and, if appropriate, filing objections to, numerous other disputed claims. However, given the number and complexity of the outstanding disputed

claims in this case, the Liquidating Trustee is employing a judicious and measured approach in strategizing to determine when, and whether, to file and litigate objections to disputed claims. This analysis, and the Liquidating Trustee's ultimate objective with regard to outstanding disputed claims, are dependent on the outcome of the Liquidating Trustee's pending Litigation Claims. Successful prosecution of the Litigation Claims is critical to the interest of the Debtor's creditors.

The Liquidating Trustee anticipates that the resolution of a number of the above-referenced claims will be complex and time-consuming. The Liquidating Trustee believes that it is prudent not to incur the substantial expense that would be associated with objecting to the numerous and complex outstanding disputed claims in this case until there is clarity regarding the outcome of the Litigation Claims, and until an associated determination can be made that pursuing disputed claims litigation is likely to result in a tangible benefit to creditors that is not outweighed by costs.

On July 12, 2018, the Court entered an order [Docket No. 653], pursuant to which the Court extended, through November 30, 2018, the deadline established by the Plan for the Liquidating Trustee to file objections to claims asserted against the Debtor's estate ("Claim Objection Deadline"). On November 14, 2018, the Court entered an order [Docket No. 763] extending through March 29, 2019 the Claim Objection Deadline. On March 14, 2019, the Court entered an order [Docket No. 779], extending through March 30, 2020, the Claim Objection Deadline.

C.     **Distributions Made Under the Plan.**

The Debtor has made all distributions with respect to allowed administrative claims required by the Plan. The Plan is a "pot" plan and, accordingly, there is no fixed payment to holders of Allowed General Unsecured Claims. As set forth hereinabove, the Liquidating Trustee is in the process of

pursuing the Litigation Claims to attempt to obtain recoveries for the benefit of the Debtor's creditors. Moreover, the Liquidating Trustee is investigating claims asserted against the Debtor's estate, and if appropriate, will file additional objections to disputed claims. The recovery by creditors in this case will depend, for the most part, upon the amount of any recoveries realized by the Liquidating Trustee from the pursuit of the Litigation Claims, and upon the success of objections to disputed claims asserted by the Liquidating Trustee. Accordingly, it is impossible at this time to predict either the timing or the ultimate recovery by creditors in this case.

### D.     **Post-Confirmation Tax Liabilities.**

The Liquidating Trust does not have any undisputed post-confirmation tax liabilities. The Santa Barbara County Treasurer-Tax Collector ("Tax Collector") has filed an untimely administrative claim concerning taxes on assets sold while the bankruptcy case was pending. The Liquidating Trustee is currently negotiating, with the assistance of counsel, with the Tax Collector regarding this disputed claim, and the Liquidating Trustee has reserved against the claim pending evaluation and negotiations.

### E.     **The Liquidating Trustee's Ability to Continue to Comply with the Terms of the Plan.**

The Liquidating Trustee projects that it will be able to continue to comply with the terms of the Plan.

### F.     **Plan Consummation and Motion for Final Decree**

While the Liquidating Trustee is acting diligently to pursue the Litigation Claims on behalf of the Debtor's creditors, absent settlements of such litigation, the Liquidating Trustee expects such efforts to take considerable time and, therefore, cannot provide an estimate as to the date by which the Plan will be fully consummated and by which the Liquidating Trustee will be able to seek a final decree closing this case.

1  DATED:  March 20, 2019.

2                                        GRIFFITH & THORNBURGH, LLP

3
                   By _____
4                                           JOSEPH M. SHOLDER
                                            FELICITA A. TORRES
5                                        Attorneys for Liquidating Trustee
                                         Appointed under Confirmed Ch. 11 Plan
6

DATED: March 20, 2019.

GRIFFITH & THORNBURGH, LLP

By _____/s/_____
   JOSEPH M. SHOLDER
   FELICITA A. TORRES
Attorneys for Liquidating Trustee
Appointed under Confirmed Ch. 11 Plan

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 8 E. Figueroa Street, Suite 300, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):    _____

**Post Confirmation Status Report**    _____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 20, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **March 20, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Deborah J. Saltzman
United States Bankruptcy Court
Roybal Federal Building
255 E. Temple Street  Suite 1634 Bin
Los Angeles, CA 90012

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 20, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 20, 2019 | Evelyn R. Downs | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

ECF:

Peter J Benvenutti    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
•Jonathan Boustani    jboustani@btlaw.com
•John P Byrne    John.Byrne@byrnelawcorp.com
Joseph M Sholder sholder@g-tlaw.com
Felicita A Torres torres@g-tlaw.com
•Cheryl S Chang    Chang@Blankrome.com, Hno@BlankRome.com
•Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;odalys@lesliecohenlaw.com
•Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
•Daniel Denny    ddenny@milbank.com
•Jeffrey W Dulberg    jdulberg@pszjlaw.com
•Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
•Richard H Golubow    rgolubow@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
•Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com
•William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
•Tobias S Keller    tkeller@kellerbenvenutti.com
•Ian Landsberg    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
•Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
•Andrew B Levin    alevin@wcghlaw.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
•Stephen F Mcandrew    steve@kmcllp.com, steve@mcandrewlaw.net
•David W. Meadows    david@davidwmeadowslaw.com
•Samuel A Newman    snewman@gibsondunn.com
•Victoria Newmark    vnewmark@pszjlaw.com
•Reed H Olmstead    reed@olmstead.law, olmstead.ecf@gmail.com;r41602@notify.bestcase.com
•Robert E Opera    ropera@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
•Christian A Orozco    , thooker@lynnllp.com
•Christian A Orozco    corozco@lynnllp.com, thooker@lynnllp.com
•Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
•Joseph M Sholder    sholder@g-tlaw.com
•Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
• United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
•Alan J Watson    alan.watson@hklaw.com, rosanna.perez@hklaw.com


**USPS Regular Mail (creditors and Trustee):**

Brian Fittipaldi, Esq
Office of the US Trustee
1415 State Street, Suite 148
Santa Barbara, CA 93101

United States Trustee
915 Wilshire Blvd Ste 1850
Los Angeles, CA 90017

Counsel for Creditor BAE Systems Information and Electric
Robert R. Moore, Esq.
Three Embarcadero Center 12th Floor
San Francisco, CA 94111

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                               F 9013-3.1.PROOF.SERVICE

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

Joy Equipment Protection Inc
PO Box 1080
Carpinteria, CA 93014

CEC Inc
Attn: Jason Carlton President
PO Box 23245
Santa Barbara, CA 93121

Counsel to Blue Wolf Capital Fund II, LP
Alan J. Watson
Holland & Knight, LLP
400 South Hope Street 8th Floor
Los Angeles, CA 90071-2040

Counsel for Northrop Grumman Corp.
Samuel A. Newman
Gibson Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Counsel for Landlord
Thomas N. Harding
Seek Mackall LLP
1332 Anacapa Street Suite 200
Santa Barbara, CA 93101

Brent A Lindstrom
Electro Optical Industries
410 Canon Drive
Santa Barbara, CA 93105


**USPS Regular Mail (parties requesting special notice):**

Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street  17th Floor
Wilmington, DE 19801

Edward Jason Dennis
2100 Ross Ave Ste 2700
Dallas, TX 75201

Adrian Garcia
2100 Ross Avenue, Ste 2700
Dallas, TX 75201

Sam Butler Hardy IV
2100 Ross Avenue, Ste.2700
Dallas, TX 75201

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

John J Monaghan
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Timothy J. Trager
REICKER, PFAU, PYLE & McROY LLP
1421 State St Suite B
PO Box 1470
Santa Barbara, CA 93102

Water Store
94 Frederick Lopez
Goleta, CA 93117

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                        F 9013-3.1.PROOF.SERVICE