...

...

**GRIFFITH & THORNBURGH, LLP**
ATTORNEYS AND COUNSELORS
8 EAST FIGUEROA STREET, SUITE 300
SANTA BARBARA, CA 93101
TELEPHONE: 805-965-5131
TELECOPIER: 805-965-6751

Joseph M. Sholder, Bar No. 126347   Email: sholder@g-tlaw.com
Felicita A. Torres, Bar No. 298630   Email: torres@g-tlaw.com

Attorneys for Liquidating Trustee Appointed under
Confirmed Chapter 11 Liquidating Plan

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>    DEBTOR. | Case No. 9:16-bk-11912-DS<br><br>Chapter 11<br><br>**LIQUIDATING TRUSTEE'S SEVENTH POST-CONFIRMATION STATUS REPORT**<br><br>[No Hearing Set] |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES-IN-INTEREST:**

Corporate Recovery Associates, LLC, the Liquidating Trustee ("Liquidating Trustee") appointed under the confirmed Chapter 11 Liquidating Plan ("Plan")[1] [Docket No. 426] of Debtor Channel Technologies Group, LLC

---

[1] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Plan.

("Debtor"), hereby submits the following Post-Confirmation Status Report ("Status Report"), as required by the Order Confirming Chapter 11 Liquidating Plan [Docket No. 473] ("Confirmation Order"), entered by the Court on March 2, 2018.

### A.    Occurrence of the Effective Date.

The Effective Date of the Plan occurred on April 2, 2018.  On April 2, 2018, the Liquidating Trustee provided notice of the occurrence of the Effective Date pursuant to the filing and service of the Notice of: (1) Occurrence of Effective Date of Chapter 11 Liquidating Plan, and (2) Deadlines for Filing Certain Claims and Requests for Payment [Docket No. 547].

### B.    Status of the Debtor's Efforts to Consummate the Plan.

The Plan provides, among other things, for the establishment of a liquidating trust ("Liquidating Trust") and the appointment of the Liquidating Trustee to act as the trustee of the Liquidating Trust.  The Liquidating Trust was organized and established to liquidate the assets of the Debtor's estate for the benefit of the holders of all Allowed General Unsecured Claims against the Debtor.  Pursuant to the terms of the Plan, the assets of the Debtor's estate, including but not limited to potential causes of action held by the Debtor's estate, were transferred to the Liquidating Trust on the Effective Date.

#### 1.    The Liquidating Trustee's Evaluation and Prosecution of Litigation Claims.

The Liquidating Trustee has evaluated thoroughly whether avoidance claims or other litigation claims should be pursued by the Liquidating Trustee for the benefit of the Debtor's creditors.  Based upon such evaluation, the Liquidating Trustee has taken certain actions, including negotiating agreements with five entities for tolling the statutory deadline for pursuing avoidance claims under

Section 546 of the bankruptcy code, and prosecuting the Litigation Claims.[2] The current status of such actions are as follows:

      a.    <u>Tolling Agreements</u>. Having negotiated settlement of disputes with various parties, the Liquidating Trustee is not a party to any pending tolling agreements.

      b.    <u>Preference Action</u>. The parties to the Preference Action, (9:18-ap-01057-DS), have entered into a confidential global settlement agreement pursuant to which both the Preference Action and the D& O Action were resolved, and the parties filed a stipulation to dismiss the Preference Action with prejudice. On March 25, 2020, the Court entered an order approving the parties' stipulation to dismiss the Preference Action, and the adversary proceeding has been closed.

      c.    <u>Complex Litigation</u>.

The D & O Action filed in Santa Barbara County Superior Court against several former officers and directors of the Debtor has been settled. Pursuant to

---

[2] These Litigation Claims are comprised of i) a preference action filed October 12, 2018, against Lynn Chen, seeking, in part, to avoid and recover pursuant to Sections 547 and 550 of the Bankruptcy Code preferential transfers in approximate amount of $203,713 ("Preference Action"); and the following Complex Litigation Claims: ii) an action filed by the Lynn Pinker law firm ("Lynn Pinker") on the Liquidating Trustee's behalf on October 12, 2018, against BW Piezo Holdings, LLC (an insider of the debtor), Blue Wolf Capital Partners, LLC and other entities, asserting, among others, causes of action for avoidance of fraudulent transfers under Sections 548 and 550 of the Bankruptcy Code ("Fraudulent Transfer Action"). The Fraudulent Transfer Action is based, in part, on Defendants' diversion of approximately $70 million in gross sale proceeds from sale of a debtor-affiliated shell entity.; iii) an action filed in the Santa Barbara Superior Court on October 15, 2018, against a number of former directors and officers of the Debtor, asserting, among others, causes of action for breach of fiduciary duty and negligence ("D & O Action") related, in part, to the diversion of $70 million in gross sale proceeds referenced in the Fraudulent Transfer Action, and iv) an action filed in this Court on April 18, 2019 against Grant Thornton, seeking recovery , pursuant to 11 U.S.C. sections 548 and 549, of post-petition payments made to Grant Thornton ("Grant Thornton Action"). The Preference Action, Fraudulent Transfer Action, D & O Action and Grant Thornton Action are collectively referred to as the "Litigation Claims."

the confidential settlement, the parties' have stipulated to a dismissal of the D & O Action.

In the Fraudulent Transfer Action (9:18-ap-01058-DS), on April 8, 2020, the Liquidating Trustee, the Blue Wolf Entities, and BW Piezo filed a joint stipulation to dismiss BW Piezo with prejudice from the Fraudulent Transfer Action, and the Liquidating Trustee and BW Piezo filed a separate stipulation providing for dismissal with prejudice of BW Piezo. These stipulated dismissals of BW Piezo from the Fraudulent Transfer Action were filed in connection with the confidential global mediation and settlement agreement entered in the D & O Action. The stipulated dismissal of BW Piezo was approved by the Court on April 10, 2020.

The Liquidating Trustee and various Defendants in the Fraudulent Transfer Action have engaged in virtual mediations which have resulted in a confidential settlement. On July 6, 2020, the Liquidating Trustee and Defendants Fidus Investment Corporation, Fidus Mezzanine Capital II, L.P., Avante Mezzanine Partners SBIC, LP, and Avante Mezzanine Partner II, Inc. (collectively, "Lenders"), filed a stipulation to dismiss the Lenders from the Fraudulent Transfer Action with prejudice. The Liquidating Trustee continues efforts to schedule mediation and negotiate settlements with the remaining parties to the Fraudulent Transfer action, while also continuing to prepare for potential litigation.

The Liquidating Trustee has entered into a confidential settlement of the Grant Thornton Action, and on July 6, 2020, filed a stipulation dismissing the adversary proceeding with prejudice.

The Liquidating Trustee believes that the pending claims asserted and remaining to be litigated in the Fraudulent Transfer Action are meritorious, and is hopeful that, by continuing to prosecute these claims, the Liquidating Trustee may recover funds sufficient to enable the Liquidating Trustee to make

meaningful distributions to general unsecured creditors in this case.

## 2. The Liquidating Trustee's Evaluation of the Claims Asserted Against the Debtor's Estate.

Since the appointment of the Liquidating Trustee pursuant to the terms of the Plan, the Liquidating Trustee has devoted a significant amount of time and effort toward evaluating claims asserted against the Debtor in order to determine the validity of such claims and whether grounds exist to object to any such claims. Approximately 430 unsecured claims have been asserted against the Debtor's estate, asserting initially more than $37.0 million in unsecured claims against the Debtor. The Liquidating Trustee has identified more than 150 claims which are subject to dispute in this case, and has already filed objections to 134 claims. The Liquidating Trustee has pursued potential settlement, with the assistance of counsel, with the holder of a disputed administrative claim.

### a. Resolution of the Lockheed Martin Claim.
On April 10, 2017, Lockheed Martin Corporation-Rotary and Mission Systems ("Lockheed") filed a general unsecured claim in the amount of $19,568,400 ("Lockheed Claim"), based on an alleged breach of that certain Teaming Agreement, dated as of July 18, 2014, by and between the Debtor and Lockheed. The Debtor engaged in settlement discussions with Lockheed regarding the resolution of the Lockheed Claim. On or about April 3, 2018, the Liquidating Trustee entered into a stipulation with Lockheed, pursuant to which the Lockheed Claim was reduced from $19,568,400 to $3,841,683 and treated as an allowed general unsecured claim under the terms of the Plan.

### b. Claims Objections.
The Liquidating Trustee has already filed objections to 134 claims, substantially all of which have been sustained by the Court.

In addition to such claim objections, the Liquidating Trustee anticipates addressing, and, if appropriate, filing objections to, numerous other disputed

- 5 -

claims, but given the number and complexity of the outstanding disputed claims in this case, the Liquidating Trustee continues to employ a judicious and measured approach in strategizing to determine when, and whether, to file and litigate objections to disputed claims. This analysis, and the Liquidating Trustee's ultimate objective with regard to outstanding disputed claims, are dependent on the outcome of the Liquidating Trustee's pending Litigation Claims.

The Liquidating Trustee believes that it is prudent not to incur the substantial expense that would be associated with objecting to the numerous and complex outstanding disputed claims in this case until there is final clarity regarding the outcome of the remaining Litigation Claims, and until an associated determination can be made that pursuing disputed claims litigation is likely to result in a tangible benefit to creditors that is not outweighed by costs.

On February 21, 2020, the Court entered an order [Docket No. 788], extending through March 29, 2021, the Claim Objection Deadline.

### C.    Distributions Made Under the Plan.

The Debtor has made all distributions with respect to allowed administrative claims required by the Plan. The Plan is a "pot" plan and, accordingly, there is no fixed payment to holders of Allowed General Unsecured Claims. As set forth hereinabove, the Liquidating Trustee is in the process of pursuing the Litigation Claims to attempt to obtain recoveries for the benefit of the Debtor's creditors. Moreover, the Liquidating Trustee is investigating claims asserted against the Debtor's estate, and if appropriate, will file additional objections to disputed claims. The recovery by creditors in this case will depend, for the most part, upon the amount of any recoveries realized by the Liquidating Trustee from the pursuit of the remaining Litigation Claims, and upon the success of objections to disputed claims asserted by the Liquidating Trustee. Accordingly, it is impossible at this time to predict either the timing or the ultimate recovery by

creditors in this case.

**D.    Post-Confirmation Tax Liabilities.**

The Liquidating Trust does not have any undisputed post-confirmation tax liabilities. The Santa Barbara County Treasurer-Tax Collector ("Tax Collector") has filed an untimely administrative claim concerning taxes on assets sold while the bankruptcy case was pending. The Liquidating Trustee has pursued a potential settlement, with the assistance of counsel, with the Tax Collector regarding this disputed claim, and the Liquidating Trustee has reserved against the claim pending evaluation and negotiations.

**E.    The Liquidating Trustee's Ability to Continue to Comply with the Terms of the Plan.**

The Liquidating Trustee projects that it will be able to continue to comply with the terms of the Plan.

**F.    Plan Consummation and Motion for Final Decree**

The Liquidating Trustee continues to act diligently to pursue the Litigation Claims on behalf of the Debtor's creditors, and has obtained settlements of some of the Litigation Claims. However, the Liquidating Trustee expects that litigation and settlement efforts associated with the remaining Litigation Claims may take considerable time, particularly given the unpredictability of scheduling and calendaring efforts in the current pandemic. Further, a cost-benefit analysis of whether to pursue objections to pending claims cannot be effectively conducted until there is finality regarding the Litigation Claims. For these reasons, the Liquidating Trustee is unable to provide an estimate as to the date by which the Plan will be fully consummated and by which the Liquidating Trustee will be able to seek a final decree closing this case.

////

////

DATED: July 10, 2020.

                                      GRIFFITH & THORNBURGH, LLP

                                      By /s/ Felicita _____
                                          JOSEPH M. SHOLDER
                                          FELICITA A. TORRES
                                 Attorneys for Liquidating Trustee
                                 Appointed under Confirmed Ch. 11 Plan

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 E. Figueroa Street, Suite 300, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):    _____

**Post Confirmation Status Report**    _____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 10, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **July 10, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)    , 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 10, 2020 | Evelyn R. Downs | /s/ Evelyn R. Downs |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

ECF:

Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
Peter J Benvenutti    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
Jonathan Boustani    jboustani@btlaw.com
John P Byrne    John.Byrne@byrnelawcorp.com
Cheryl S Chang    Chang@Blankrome.com, Hno@BlankRome.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
Edward J Dennis    , eburch@lynnllp.com
Edward J Dennis    jdennis@lynnllp.com, eburch@lynnllp.com
Daniel Denny    ddenny@milbank.com
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com
Craig N Haring    charing@blankrome.com, arc@blankrome.com
William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
Tobias S Keller    tkeller@kellerbenvenutti.com
Ian Landsberg    ilandsberg@sklarkirsh.com, lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfrazier@sklarkirsh.com
Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com
Elan S Levey    elan.levey@usdoj.gov, tiffany.davenport@usdoj.gov
Andrew B Levin    alevin@wcghlaw.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
Stephen F Mcandrew    mcandrewsteve@gmail.com, steve@mcandrewlaw.net;steve@kmcllp.com
David W. Meadows    david@davidwmeadowslaw.com
Samuel A Newman    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
Victoria Newmark    vnewmark@pszjlaw.com
Reed H Olmstead    reed@olmstead.law, olmstead.ecf@gmail.com;r41602@notify.bestcase.com
Robert E Opera    ropera@wghlawyers.com, pj@wcghlaw.com;jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
Christian A Orozco    corozco@lynnllp.com, thooker@lynnllp.com;kpatel@lynnllp.com
Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
Joseph M Sholder    sholder@g-tlaw.com
Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
Felicita A Torres    torres@g-tlaw.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
Alan J Watson    alan.watson@hklaw.com, rosanna.perez@hklaw.com

**USPS Regular Mail (creditors and Trustee):**

Brian Fittipaldi, Esq
Office of the US Trustee
1415 State Street, Suite 148
Santa Barbara, CA 93101

United States Trustee
915 Wilshire Blvd Ste 1850
Los Angeles, CA 90017

Counsel for Creditor BAE Systems Information and Electric
Robert R. Moore, Esq.
Three Embarcadero Center 12th Floor
San Francisco, CA 94111

Joy Equipment Protection Inc
PO Box 1080
Carpinteria, CA 93014

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

CEC Inc
Attn: Jason Carlton President
PO Box 23245
Santa Barbara, CA 93121

Counsel to Blue Wolf Capital Fund II, LP
Alan J. Watson
Holland & Knight, LLP
400 South Hope Street 8th Floor
Los Angeles, CA 90071-2040

Counsel for Northrop Grumman Corp.
Samuel A. Newman
Gibson Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Counsel for Landlord
Thomas N. Harding
Seek Mackall LLP
1332 Anacapa Street Suite 200
Santa Barbara, CA 93101

Brent A Lindstrom
Electro Optical Industries
410 Canon Drive
Santa Barbara, CA 93105


**USPS Regular Mail (parties requesting special notice):**

Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street  17th Floor
Wilmington, DE 19801

Adrian Garcia
2100 Ross Avenue, Ste 2700
Dallas, TX 75201

Sam Butler Hardy IV
2100 Ross Avenue, Ste.2700
Dallas, TX 75201

John J Monaghan
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Timothy J. Trager
REICKER, PFAU, PYLE & McROY LLP
1421 State St Suite B
PO Box 1470
Santa Barbara, CA 93102

Water Store
94 Frederick Lopez
Goleta, CA 93117

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE