**GRIFFITH & THORNBURGH, LLP**
ATTORNEYS AND COUNSELORS
8 EAST FIGUEROA STREET, SUITE 300
SANTA BARBARA, CA  93101
TELEPHONE:  805-965-5131
TELECOPIER:  805-965-6751

Felicita A. Torres, Bar No. 298630   Email: torres@g-tlaw.com
Lauren A. Rode, Bar No. 281803      Email:  rode@g-tlaw.com

Attorneys for Liquidating Trustee Appointed under
Confirmed Chapter 11 Liquidating Plan

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| In re | Case No. 9:16-bk-11912-DS |
| CHANNEL TECHNOLOGIES GROUP, LLC, | Chapter 11 |
| DEBTOR. | **LIQUIDATING TRUSTEE'S THIRTEENTH POST-CONFIRMATION STATUS REPORT** |
| | [No Hearing Set] |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES-IN-INTEREST:**

Corporate Recovery Associates, LLC, the Liquidating Trustee ("Liquidating Trustee") appointed under the confirmed Chapter 11 Liquidating Plan ("Plan")[1] [Docket No. 426] of Debtor Channel Technologies Group, LLC

---

[1] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Plan.

- 1 -

("Debtor"), hereby submits the following Post-Confirmation Status Report ("Status Report"), as required by the Order Confirming Chapter 11 Liquidating Plan [Docket No. 473] ("Confirmation Order"), entered by the Court on March 2, 2018.

### A.  Occurrence of the Effective Date.

The Effective Date of the Plan occurred on April 2, 2018. On April 2, 2018, the Liquidating Trustee provided notice of the occurrence of the Effective Date pursuant to the filing and service of the Notice of: (1) Occurrence of Effective Date of Chapter 11 Liquidating Plan, and (2) Deadlines for Filing Certain Claims and Requests for Payment [Docket No. 547].

### B.  Status of the Debtor's Efforts to Consummate the Plan.

The Plan provides, among other things, for the establishment of a liquidating trust ("Liquidating Trust") and the appointment of the Liquidating Trustee to act as the trustee of the Liquidating Trust. The Liquidating Trust was organized and established to liquidate the assets of the Debtor's estate for the benefit of the holders of all Allowed General Unsecured Claims against the Debtor. Pursuant to the terms of the Plan, the assets of the Debtor's estate, including but not limited to potential causes of action held by the Debtor's estate, were transferred to the Liquidating Trust on the Effective Date.

#### 1.  The Liquidating Trustee's Evaluation and Prosecution of Litigation Claims.

The Liquidating Trustee evaluated thoroughly whether avoidance or other litigation claims should be pursued by the Liquidating Trustee for the benefit of the Debtor's creditors. Based upon such evaluation, the Liquidating Trustee took certain actions, including negotiating agreements with five entities for tolling the statutory deadline for pursuing avoidance claims under Section 546 of the

bankruptcy code, and prosecuting the Litigation Claims.[2] Having negotiated settlement of disputes with various parties, the Liquidating Trustee is not a party to any pending tolling agreements. Further, all Litigation Claims have been successfully resolved and liquidated as follows:

      **a.** **Preference Action.** The parties to the Preference Action, (9:18-ap-01057-DS), entered into a confidential global settlement agreement pursuant to which both the Preference Action and the D& O Action were resolved, and the parties filed a stipulation to dismiss the Preference Action with prejudice. On March 25, 2020, the Court entered an order approving the parties' stipulation to dismiss the Preference Action, and the adversary proceeding has been closed.

      **b.** **Grant Thornton Action**. The Liquidating Trustee entered into a confidential settlement of the Grant Thornton Action, and on July 6, 2020, filed a stipulation dismissing the adversary proceeding with prejudice.

---

[2] These Litigation Claims are comprised of i) a preference action filed October 12, 2018, against Lynn Chen, seeking, in part, to avoid and recover pursuant to Sections 547 and 550 of the Bankruptcy Code preferential transfers in approximate amount of $203,713 ("Preference Action"); and the following Complex Litigation Claims: ii) an action filed by the Lynn Pinker law firm ("Lynn Pinker") on the Liquidating Trustee's behalf on October 12, 2018, against BW Piezo Holdings, LLC (an insider of the debtor), Blue Wolf Capital Partners, LLC and other entities, asserting, among others, causes of action for avoidance of fraudulent transfers under Sections 548 and 550 of the Bankruptcy Code ("Fraudulent Transfer Action"). The Fraudulent Transfer Action is based, in part, on Defendants' diversion of approximately $70 million in gross sale proceeds from sale of a debtor-affiliated shell entity.; iii) an action filed in the Santa Barbara Superior Court on October 15, 2018, against a number of former directors and officers of the Debtor, asserting, among others, causes of action for breach of fiduciary duty and negligence ("D & O Action") related, in part, to the diversion of $70 million in gross sale proceeds referenced in the Fraudulent Transfer Action, and iv) an action filed in this Court on April 18, 2019 against Grant Thornton, seeking recovery , pursuant to 11 U.S.C. sections 548 and 549, of post-petition payments made to Grant Thornton ("Grant Thornton Action"). The Preference Action, Fraudulent Transfer Action, D & O Action and Grant Thornton Action are collectively referred to as the "Litigation Claims."

                **c.**      **Complex Litigation.**

Throughout 2021, the Fraudulent Transfer Action continued to be actively litigated against remaining defendants, and the Liquidating Trustee continued to be mindful of conserving and efficiently managing estate cash assets to fund costs incurred in prosecuting the Action. The remaining parties to the litigation were, among other things, engaged in a lengthy discovery dispute which was ultimately resolved by a July 16, 2021 order of this Court.

The Liquidating Trustee and the remaining defendants in the Fraudulent Transfer Action participated in a mediation on November 2, 2021, and several days afterwards the parties ultimately arrived at a confidential settlement of the Action.

On January 7, 2022, the Liquidating Trustee and remaining defendants filed a stipulation to dismiss the Action against the remaining defendants with prejudice. An order approving the stipulation and dismissal was entered on July 10, 2022, and the Fraudulent Transfer Action was closed on January 25, 2022.

The Liquidating Trustee anticipates that, based on the successful resolution and liquidation of all of the Litigation Claims filed in this case there will be some distribution to the Debtor's general unsecured creditors.

        **2.**      **The Liquidating Trustee's Evaluation of the Claims Asserted Against the Debtor's Estate.**

Since the appointment of the Liquidating Trustee pursuant to the terms of the Plan, the Liquidating Trustee has devoted a significant amount of time and effort performing an initial evaluation of the claims asserted against the Debtor to determine the validity of such claims and whether grounds exist to object to any such claims. Approximately 430 unsecured claims have been asserted against the Debtor's estate, asserting initially more than $37.0 million in unsecured claims against the Debtor. The Liquidating Trustee has identified more than 150 claims

which are subject to dispute in this case, and has already filed objections to more than 100 claims.

After performing its initial evaluation of pending claims, the Liquidating Trustee determined that further examination of potential disputed claims, and the basis for dispute, would require devotion of substantial time and resources. At that time, the Liquidating Trustee determined, in the exercise of its business judgment, that it would be prudent to avoid further expenditure of time and resources on detailed investigation of pending claims in order to devote attention and resources to the investigation and prosecution of the Litigation Claims.

Now that all of the Litigation Claims have been successfully litigated and liquidated, the Liquidating Trustee has turned to a further in-depth analysis of the remaining claims. As part of that effort, the Liquidating Trustee and its counsel resumed negotiation with the holder of a disputed administrative tax claim, and have negotiated a settlement that is subject to the parties agreeing on written settlement terms. The Liquidating Trustee has also made progress examining the bases for objection to various potentially disputed claims and expects to initiate discussion and negotiation with the holders of such claims prior to determining whether to file formal claim objections.

### 3. **Resolution of the Lockheed Martin Claim.**

On April 10, 2017, Lockheed Martin Corporation-Rotary and Mission Systems ("Lockheed") filed a general unsecured claim in the amount of $19,568,400 ("Lockheed Claim"), based on an alleged breach of that certain Teaming Agreement, dated as of July 18, 2014, by and between the Debtor and Lockheed. The Debtor engaged in settlement discussions with Lockheed regarding the resolution of the Lockheed Claim. On or about April 3, 2018, the Liquidating Trustee entered into a stipulation with Lockheed, pursuant to which the Lockheed Claim was reduced from $19,568,400 to $3,841,683 and treated as an allowed general unsecured claim under the terms of the Plan. As a result of

the reduction of Lockheed's claim, and the Court's sustaining of numerous claims objections filed by the Liquidating Trustee, the Liquidating Trustee estimates that there now are approximately $17.4 million in outstanding unsecured claims against the Debtor's estate.

4. **Claims Objections.** The Liquidating Trustee has already filed objections to over 100 claims, substantially all of which have been sustained by the Court.

In addition to such claim objections, the Liquidating Trustee anticipates addressing, and, if appropriate, filing objections to, numerous other disputed claims. Now that the Litigation Claims have been fully resolved and liquidated, the Liquidating Trustee has turned its attention to the next step in administration of this case - performing a thorough survey of the remaining disputed claims, and ultimately determining whether further in-depth investigation, analysis, negotiation with disputed claimants, and pursuing formal disputed claims litigation is likely to result in a tangible benefit to creditors that is not outweighed by costs.

On January 28, 2022, the Court entered an order [Docket No. 810], extending through March 31, 2023, the Claim Objection Deadline.

5. **Term of the Liquidating Trust**

Per section 9.3 of the Liquidating Trust Agreement (Docket # 438, Exhibit A), if the Liquidating Trust has not been previously terminated, it terminates on the fifth anniversary of the effective date (April 2, 2023), unless the bankruptcy court has approved an extension of the Liquidating Trust term. Given the complexity of the disputed claims analysis, the Trustee may find it necessary to file a timely request for a Court order extending the term of the Liquidating Trust. Per the terms of the Liquidating Trust Agreement, an order approving extension of the Trust term must be obtained within the six-month period prior to the commencement of any extended term. Here, that six-month period would be

between October 2022 and April 2023.

### C. Distributions Made Under the Plan.

The Debtor has made all distributions with respect to allowed administrative claims required by the Plan. The Plan is a "pot" plan and, accordingly, there is no fixed payment to holders of Allowed General Unsecured Claims. As set forth hereinabove, the Liquidating Trustee anticipates that, based on the successful resolution of all of the Litigation Claims filed in this case there will be meaningful distribution to the Debtor's general unsecured creditors.

The Liquidating Trustee has now commenced further evaluation, on a per-claim basis, of remaining disputed claims to determine whether there would be a tangible benefit to creditors of further action and formal objection to claims litigation that would outweigh the costs incurred in processing such objections.

Given the number and complexity of the outstanding claims, this analysis will continue to require dedication of significant time and resources. Accordingly, the Liquidating Trustee is unable at this time to predict either the timing or the ultimate recovery by creditors in this case.

### D. Post-Confirmation Tax Liabilities.

The Liquidating Trust does not have any undisputed post-confirmation tax liabilities. The Santa Barbara County Treasurer-Tax Collector ("Tax Collector") has filed an untimely administrative claim concerning taxes on assets sold while the bankruptcy case was pending. The Liquidating Trustee, with the assistance of counsel, negotiated a settlement (which is subject to the parties entering into a mutually agreeable settlement agreement) with the Tax Collector regarding this disputed claim.

### E. The Liquidating Trustee's Ability to Continue to Comply with the Terms of the Plan.

The Liquidating Trustee projects that it will be able to continue to comply with the terms of the Plan.

### F.     **Plan Consummation and Motion for Final Decree**

Now that all of the Litigation Claims filed in this case have been successfully resolved, the Liquidating Trustee has turned to a cost-benefit analysis of whether to pursue objections to disputed pending claims. The Liquidating Trustee expects that this thorough analysis will continue to require devotion of significant time. For these reasons, the Liquidating Trustee is unable to provide an estimate as to the date by which the Plan will be fully consummated and by which the Liquidating Trustee will be able to seek a final decree closing this case.

DATED: June 13, 2022.

                                  GRIFFITH & THORNBURGH, LLP

                                  By _____
                                    FELICITA A. TORRES
                                  Attorneys for Liquidating Trustee
                                  Appointed under Confirmed Ch. 11 Plan

In re:  Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 E. Figueroa Street, Suite 300, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
**13th Post-Confirmation Status Report**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 13, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)   **June 13, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)         **, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 13, 2022 | Felicita A. Torres | /s/ Felicita A. Torres |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

NEF Service:

Jonathan Boustani    jboustani@btlaw.com
John P Byrne    John.Byrne@byrnelawcorp.com
Cheryl S Chang    Chang@Blankrome.com, Hno@BlankRome.com
Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
Edward J Dennis    , eburch@lynnllp.com;srusso@lynnllp.com
Edward J Dennis    jdennis@lynnllp.com, eburch@lynnllp.com;srusso@lynnllp.com
Daniel Denny    ddenny@milbank.com
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com
Craig N Haring    charing@blankrome.com
William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
Ian Landsberg    ilandsberg@sklarkirsh.com, lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfrazier@sklarkirsh.com;cbullock@sklarkirsh.com
Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com;jose.barajas@btlaw.com
Elan S Levey    elan.levey@usdoj.gov, julie.morales@usdoj.gov
Andrew B Levin    ablevin@mintz.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
Stephen F Mcandrew    mcandrewsteve@gmail.com, steve@mcandrewlaw.net;steve@kmcllp.com
David W. Meadows    david@davidwmeadowslaw.com
Eliyahu Ness    eli_ness@outlook.com
Samuel A Newman    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
Victoria Newmark    vnewmark@pszjlaw.com
Reed H Olmstead    reed@olmstead.law, olmstead.ecf@gmail.com;r41602@notify.bestcase.com
Robert E Opera    ropera@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com
Christian A Orozco    christian.a.orozco@usdoj.gov
Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
Joseph M Sholder    sholder@g-tlaw.com
Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;lalitdock@gtlaw.com
Felicita A Torres    torres@g-tlaw.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
Alan J Watson    alan.watson@hklaw.com, rosanna.perez@hklaw.com

**USPS Regular Mail (creditors and Trustee):**

Brian Fittipaldi, Esq
Office of the US Trustee
1415 State Street, Suite 148
Santa Barbara, CA 93101

United States Trustee
915 Wilshire Blvd Ste 1850
Los Angeles, CA 90017

Counsel for Creditor BAE Systems Information and Electric
Robert R. Moore, Esq.
Three Embarcadero Center 12th Floor
San Francisco, CA 94111

Joy Equipment Protection Inc
PO Box 1080
Carpinteria, CA 93014

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

CEC Inc
Attn: Jason Carlton President
PO Box 23245
Santa Barbara, CA 93121

Counsel to Blue Wolf Capital Fund II, LP
Alan J. Watson
Holland & Knight, LLP
400 South Hope Street 8th Floor
Los Angeles, CA 90071-2040

Counsel for Northrop Grumman Corp.
Samuel A. Newman
Gibson Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Counsel for Landlord
Thomas N. Harding
Seek Mackall LLP
1332 Anacapa Street Suite 200
Santa Barbara, CA 93101

Brent A Lindstrom
Electro Optical Industries
410 Canon Drive
Santa Barbara, CA 93105


**USPS Regular Mail (parties requesting special notice):**

Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street 17th Floor
Wilmington, DE 19801

Adrian Garcia
2100 Ross Avenue, Ste 2700
Dallas, TX 75201

Sam Butler Hardy IV
2100 Ross Avenue, Ste.2700
Dallas, TX 75201

John J Monaghan
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Timothy J. Trager
REICKER, PFAU, PYLE & McROY LLP
1421 State St Suite B
PO Box 1470
Santa Barbara, CA 93102

Water Store
94 Frederick Lopez
Goleta, CA 93117

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**