**GRIFFITH & THORNBURGH, LLP**
ATTORNEYS AND COUNSELORS
8 EAST FIGUEROA STREET, SUITE 300
SANTA BARBARA, CA 93101
TELEPHONE: 805-965-5131
TELECOPIER: 805-965-6751

Felicita A. Torres, Bar No. 298630    Email: torres@g-tlaw.com
Lauren A. Rode, Bar No. 281803    Email: rode@g-tlaw.com

Attorneys for Liquidating Trustee Appointed under
Confirmed Chapter 11 Liquidating Plan

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>　　　　　　　　DEBTOR. | Case No. 9:16-bk-11912-DS<br><br>Chapter 11<br><br>**LIQUIDATING TRUSTEE'S FOURTEENTH POST-CONFIRMATION STATUS REPORT**<br><br>[No Hearing Set] |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES-IN-INTEREST:**

Corporate Recovery Associates, LLC, the Liquidating Trustee ("Liquidating Trustee") appointed under the confirmed Chapter 11 Liquidating Plan ("Plan")[1] [Docket No. 426] of Debtor Channel Technologies Group, LLC

---

[1] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Plan.

- 1 -

("Debtor"), hereby submits the following Post-Confirmation Status Report ("Status Report"), as required by the Order Confirming Chapter 11 Liquidating Plan [Docket No. 473] ("Confirmation Order"), entered by the Court on March 2, 2018.

### A. Occurrence of the Effective Date.

The Effective Date of the Plan occurred on April 2, 2018. On April 2, 2018, the Liquidating Trustee provided notice of the occurrence of the Effective Date pursuant to the filing and service of the Notice of: (1) Occurrence of Effective Date of Chapter 11 Liquidating Plan, and (2) Deadlines for Filing Certain Claims and Requests for Payment [Docket No. 547].

### B. Status of the Debtor's Efforts to Consummate the Plan.

The Plan provides, among other things, for the establishment of a liquidating trust ("Liquidating Trust") and the appointment of the Liquidating Trustee to act as the trustee of the Liquidating Trust. The Liquidating Trust was organized and established to liquidate the assets of the Debtor's estate for the benefit of the holders of all Allowed General Unsecured Claims against the Debtor. Pursuant to the terms of the Plan, the assets of the Debtor's estate, including but not limited to potential causes of action held by the Debtor's estate, were transferred to the Liquidating Trust on the Effective Date.

#### 1. The Liquidating Trustee's Evaluation and Prosecution of Litigation Claims.

The Liquidating Trustee evaluated thoroughly whether avoidance or other litigation claims should be pursued by the Liquidating Trustee for the benefit of the Debtor's creditors. Based upon such evaluation, the Liquidating Trustee took certain actions, including negotiating agreements with five entities for tolling the statutory deadline for pursuing avoidance claims under Section 546 of the

bankruptcy code, and prosecuting the Litigation Claims.[2] Having negotiated settlement of disputes with various parties, the Liquidating Trustee is not a party to any pending tolling agreements. Further, all Litigation Claims have been successfully resolved and liquidated as follows:

      **a.** **<u>Preference Action.</u>** The parties to the Preference Action, (9:18-ap-01057-DS), entered into a confidential global settlement agreement pursuant to which both the Preference Action and the D& O Action were resolved, and the parties filed a stipulation to dismiss the Preference Action with prejudice. On March 25, 2020, the Court entered an order approving the parties' stipulation to dismiss the Preference Action, and the adversary proceeding has been closed.

      **b.** **<u>Grant Thornton Action</u>**. The Liquidating Trustee entered into a confidential settlement of the Grant Thornton Action, and on July 6, 2020, filed a stipulation dismissing the adversary proceeding with prejudice.

---

[2] These Litigation Claims are comprised of i) a preference action filed October 12, 2018, against Lynn Chen, seeking, in part, to avoid and recover pursuant to Sections 547 and 550 of the Bankruptcy Code preferential transfers in approximate amount of $203,713 ("Preference Action"); and the following Complex Litigation Claims: ii) an action filed by the Lynn Pinker law firm ("Lynn Pinker") on the Liquidating Trustee's behalf on October 12, 2018, against BW Piezo Holdings, LLC (an insider of the debtor), Blue Wolf Capital Partners, LLC and other entities, asserting, among others, causes of action for avoidance of fraudulent transfers under Sections 548 and 550 of the Bankruptcy Code ("Fraudulent Transfer Action"). The Fraudulent Transfer Action is based, in part, on Defendants' diversion of approximately $70 million in gross sale proceeds from sale of a debtor-affiliated shell entity.; iii) an action filed in the Santa Barbara Superior Court on October 15, 2018, against a number of former directors and officers of the Debtor, asserting, among others, causes of action for breach of fiduciary duty and negligence ("D & O Action") related, in part, to the diversion of $70 million in gross sale proceeds referenced in the Fraudulent Transfer Action, and iv) an action filed in this Court on April 18, 2019 against Grant Thornton, seeking recovery , pursuant to 11 U.S.C. sections 548 and 549, of post-petition payments made to Grant Thornton ("Grant Thornton Action"). The Preference Action, Fraudulent Transfer Action, D & O Action and Grant Thornton Action are collectively referred to as the "Litigation Claims."

### c. **Complex Litigation.**

Throughout 2021, the Fraudulent Transfer Action continued to be actively litigated against remaining defendants, and the Liquidating Trustee continued to be mindful of conserving and efficiently managing estate cash assets to fund costs incurred in prosecuting the Action. The remaining parties to the litigation were, among other things, engaged in a lengthy discovery dispute which was ultimately resolved by a July 16, 2021 order of this Court.

The Liquidating Trustee and the remaining defendants in the Fraudulent Transfer Action participated in a mediation on November 2, 2021, and several days afterwards the parties ultimately arrived at a confidential settlement of the Action.

On January 7, 2022, the Liquidating Trustee and remaining defendants filed a stipulation to dismiss the Action against the remaining defendants with prejudice. An order approving the stipulation and dismissal was entered on January 10, 2022, and the Fraudulent Transfer Action was closed on January 25, 2022.

The Liquidating Trustee anticipates that, based on the successful resolution and liquidation of all of the Litigation Claims filed in this case there will be some distribution to the Debtor's general unsecured creditors.

### 2. **The Liquidating Trustee's Evaluation of the Claims Asserted Against the Debtor's Estate.**

Since the appointment of the Liquidating Trustee pursuant to the terms of the Plan, the Liquidating Trustee has devoted a significant amount of time and effort performing an initial evaluation of the claims asserted against the Debtor to determine the validity of such claims and whether grounds exist to object to any such claims. Approximately 430 unsecured claims have been asserted against the Debtor's estate, asserting initially more than $37.0 million in unsecured claims against the Debtor. The Liquidating Trustee has identified more than 150 claims

- 4 -

which are subject to dispute in this case and has already filed objections to more than 100 claims, substantially all of which have been sustained by the Court. Additionally, and as set forth in prior reports, as of April 3, 2018, the Liquidating Trustee entered into a stipulation with Lockheed Martin Corporation-Rotary and Mission Systems ("Lockheed") which had filed a general unsecured claim in the amount of $19,568,400. Pursuant to the stipulation, Lockheed's claim was reduced from $19,568,400 to $3,841,683 and treated as an allowed general unsecured claim under the terms of the Plan. As a result of the reduction of Lockheed's claim, and the Court's sustaining of numerous claims objections filed by the Liquidating Trustee, the Liquidating Trustee estimates that there remain approximately $17.4 million in outstanding unsecured claims against the Debtor's estate.

After performing its initial evaluation of pending claims, the Liquidating Trustee determined that further examination of potential disputed claims, and the basis for dispute, would require devotion of substantial time and resources. At that time, the Liquidating Trustee determined, in the exercise of its business judgment, that it would be prudent to avoid further expenditure of time and resources on detailed investigation of pending claims in order to devote attention and resources to the investigation and prosecution of the Litigation Claims.

### 3. **Claims Reconciliation, Analysis and Objections.**

Now that all of the Litigation Claims have been successfully litigated and liquidated, the Liquidating Trustee has turned to a further in-depth analysis and due diligence investigation of the remaining claims, and has been actively involved, along with its counsel, in the reconciliation of claims. As part of this effort, the Liquidating Trustee has performed extensive analysis of pending claims, and the associated reconciliation. The Liquidating Trustee has contacted certain claimants to negotiate various agreements including the filing of formal claim withdrawals, seeking negotiated reductions of asserted claim amounts, and

pursuing subordination agreements. The Liquidating Trustee and counsel have also contacted counsel for multiple claimants with large complex claims that are potentially disputable, and are in the process of examining documents and information received from those claimants. This effort includes the preparation of nondisclosure agreements with certain claimants to facilitate document exchange.

The Liquidating Trustee and its counsel also continue to examine supporting documentation, and related pleadings – including Debtor's schedules and prior orders entered in the bankruptcy case related to pending claims, and are performing extensive legal and financial analysis regarding certain of the potentially disputable claims. This detailed work is being performed to evaluate the bases for objection to potentially disputed claims. The Liquidating Trustee's focus is to communicate with holders of disputed claims for the purpose of negotiating efficient settlements and avoid expenditures on unnecessary claims litigation.

The Liquidating Trustee and its counsel also resolved two administrative tax claims.

On January 28, 2022, the Court entered an order [Docket No. 810], extending through March 31, 2023, the Claim Objection Deadline.

**4.     Term of the Liquidating Trust/Application for Extension.**

Per section 9.3 of the Liquidating Trust Agreement (Docket # 438, Exhibit A), if the Liquidating Trust has not been previously terminated, it terminates on the fifth anniversary of the effective date (April 2, 2023), unless the bankruptcy court has approved an extension of the Liquidating Trust term. Given the complexity of the pending disputed claims analysis, the Trustee may find it necessary to file a timely request for a Court order extending the term of the Liquidating Trust as necessary to the continued liquidating purpose of the Trust. Per the terms of the Liquidating Trust Agreement, an order approving extension of the Trust term must be obtained within the six-month period prior to the

commencement of any extended term. Here, that six-month period (October 2022 through April 2023) has commenced.

### C. Distributions Made Under the Plan.

The Debtor has made all distributions with respect to allowed administrative claims required by the Plan. The Plan is a "pot" plan and, accordingly, there is no fixed payment to holders of Allowed General Unsecured Claims. As set forth hereinabove, the Liquidating Trustee anticipates that, based on the successful resolution of the Litigation Claims filed in this case there will be meaningful distribution to the Debtor's general unsecured creditors.

The Liquidating Trustee is in the midst of extensive evaluation and analysis, on a per-claim basis, of remaining claims, and is in various stages of negotiation with certain claimants. The Liquidating Trustee expects to continue this effort.

Given the complexity of the larger outstanding claims, this analysis will continue to require dedication of significant time. Accordingly, the Liquidating Trustee is unable at this time to predict either the timing or the ultimate recovery by creditors in this case. However, the Liquidating Trustee will be prepared to promptly file a motion for final decree after claims reconciliation is completed, and all claim disputes are resolved.

### D. Post-Confirmation Tax Liabilities.

The Liquidating Trust does not have any undisputed post-confirmation tax liabilities. The Santa Barbara County Treasurer-Tax Collector ("Tax Collector") filed an administrative claim concerning taxes on assets sold while the bankruptcy case was pending. The Liquidating Trustee disputed this claim, and, with the assistance of counsel, negotiated a settlement agreement with the Tax Collector which resolved this disputed claim.

////

////

**E. The Liquidating Trustee's Ability to Continue to Comply with the Terms of the Plan.**

The Liquidating Trustee projects that it will be able to continue to comply with the terms of the Plan.

**F. Plan Consummation and Motion for Final Decree.**

Now that all of the Litigation Claims filed in this case have been successfully resolved, the Liquidating Trustee has turned to extensive evaluation and analysis of remaining disputed claims. The Liquidating Trustee's focus is the efficient resolution of claims disputes and case wind-up. At this juncture, the Liquidating Trustee is unable to provide an estimate as to the date by which the Plan will be fully consummated and by which the Liquidating Trustee will be able to seek a final decree closing this case.

DATED: October 11, 2022.

          GRIFFITH & THORNBURGH, LLP

          By _____
             FELICITA A. TORRES
            Attorneys for Liquidating Trustee
            Appointed under Confirmed Ch. 11 Plan

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 E. Figueroa Street, Suite 300, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
**14th Post-Confirmation Status Report**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **Oct. 11, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **Oct. 11, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Oct. 11, 2022 | Evelyn R. Downs | /s/ Evelyn R. Downs |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*            **F 9013-3.1.PROOF.SERVICE**

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

NEF Service:

Jonathan Boustani     jboustani@btlaw.com
John P Byrne     John.Byrne@byrnelawcorp.com
Cheryl S Chang     Chang@Blankrome.com, Hno@BlankRome.com
Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
Edward J Dennis     , eburch@lynnllp.com;srusso@lynnllp.com
Edward J Dennis     jdennis@lynnllp.com, eburch@lynnllp.com;srusso@lynnllp.com
Daniel Denny     ddenny@milbank.com
Jeffrey W Dulberg     jdulberg@pszjlaw.com
Brian D Fittipaldi     brian.fittipaldi@usdoj.gov
Michael S Greger     mgreger@allenmatkins.com, kpreston@allenmatkins.com
Craig N Haring     charing@blankrome.com
William W Huckins     whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
Ian Landsberg     ilandsberg@sklarkirsh.com, lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfrazier@sklarkirsh.com;cbullock@sklarkirsh.com
Paul J Laurin     plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com;jose.barajas@btlaw.com
Elan S Levey     elan.levey@usdoj.gov, julie.morales@usdoj.gov
Andrew B Levin     ablevin@mintz.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
Stephen F Mcandrew     mcandrewsteve@gmail.com, steve@mcandrewlaw.net;steve@kmcllp.com
David W. Meadows     david@davidwmeadowslaw.com
Eliyahu Ness     eli_ness@outlook.com
Samuel A Newman     sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
Victoria Newmark     vnewmark@pszjlaw.com
Reed H Olmstead     reed@olmstead.law, olmstead.ecf@gmail.com;r41602@notify.bestcase.com
Robert E Opera     ropera@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com
Christian A Orozco     christian.a.orozco@usdoj.gov
Christopher O Rivas     crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
Joseph M Sholder     sholder@g-tlaw.com
Howard Steinberg     steinbergh@gtlaw.com, pearsallt@gtlaw.com;lalitdock@gtlaw.com
Felicita A Torres     torres@g-tlaw.com
United States Trustee (ND)     ustpregion16.nd.ecf@usdoj.gov
Alan J Watson     alan.watson@hklaw.com, rosanna.perez@hklaw.com

**USPS Regular Mail (creditors and Trustee):**

Brian Fittipaldi, Esq
Office of the US Trustee
1415 State Street, Suite 148
Santa Barbara, CA 93101

United States Trustee
915 Wilshire Blvd Ste 1850
Los Angeles, CA 90017

Counsel for Creditor BAE Systems Information and Electric
Robert R. Moore, Esq.
Three Embarcadero Center 12th Floor
San Francisco, CA 94111

Joy Equipment Protection Inc
PO Box 1080
Carpinteria, CA 93014

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

In re:  Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

CEC Inc
Attn:  Jason Carlton President
PO Box 23245
Santa Barbara, CA 93121

Counsel to Blue Wolf Capital Fund II, LP
Alan J. Watson
Holland & Knight, LLP
400 South Hope Street 8th Floor
Los Angeles, CA 90071-2040

Counsel for Northrop Grumman Corp.
Samuel A. Newman
Gibson Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Counsel for Landlord
Thomas N. Harding
Seek Mackall LLP
1332 Anacapa Street Suite 200
Santa Barbara, CA 93101

Brent A Lindstrom
Electro Optical Industries
410 Canon Drive
Santa Barbara, CA 93105


**USPS Regular Mail (parties requesting special notice):**

Laura Davis Jones
Pachulski Stang Ziehl & Jones LLP
919 North Market Street  17th Floor
Wilmington, DE 19801

Adrian Garcia
2100 Ross Avenue, Ste 2700
Dallas, TX 75201

Sam Butler Hardy IV
2100 Ross Avenue, Ste.2700
Dallas, TX 75201

John J Monaghan
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Timothy J. Trager
REICKER, PFAU, PYLE & McROY LLP
1421 State St Suite B
PO Box 1470
Santa Barbara, CA 93102

Water Store
94 Frederick Lopez
Goleta, CA 93117

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**