**GRIFFITH & THORNBURGH, LLP**
ATTORNEYS AND COUNSELORS
8 EAST FIGUEROA STREET, SUITE 300
SANTA BARBARA, CA  93101
TELEPHONE:  805-965-5131
TELECOPIER:  805-965-6751

Felicita A. Torres, Bar No. 298630   Email: torres@g-tlaw.com
Lauren A. Rode, Bar No. 281803       Email:  rode@g-tlaw.com

Attorneys for Liquidating Trustee Appointed under
Confirmed Chapter 11 Liquidating Plan

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>　　　　　　　DEBTOR. | Case No. 9:16-bk-11912-DS<br><br>Chapter 11<br><br>**LIQUIDATING TRUSTEE'S SEVENTH *EX PARTE* MOTION FOR ORDER EXTENDING DEADLINE TO OBJECT TO CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD FEFERMAN IN SUPPORT THEREOF**<br><br>[No Hearing Requested] |

Corporate Recovery Associates, LLC, the liquidating trustee ("Liquidating Trustee") appointed under the confirmed Chapter 11 Liquidating Plan [Docket No. 426] ("Plan") of Debtor Channel Technologies Group, LLC ("Debtor"), hereby moves this Court, on an *ex parte* basis, pursuant to the provisions of the Plan, Section 105 of the Bankruptcy Code and Rule 9006 of the Federal Rules of Bankruptcy Procedure, for an order further extending the March 31, 2023

- 1 -

deadline for the Liquidating Trustee to file objections to claims asserted against the Debtor's estate ("Liquidating Trustee Claim Objection Deadline"), for an additional three months to June 30, 2023.

In making such request, the Liquidating Trustee provides as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.    Background**

Given the number and complexity of the outstanding claims in this case, the Liquidating Trustee employed a measured approach in strategizing to determine when, and whether, to file and litigate objections to claims. This analysis, and the Liquidating Trustee's ultimate objective regarding outstanding claims, were dependent on the outcome of the Liquidating Trustee's Litigation Claims (which were as follows): i) a preference action filed October 12, 2018, against Lynn Chen, seeking, in part, to avoid and recover pursuant to Sections 547 and 550 of the Bankruptcy Code preferential transfers in approximate amount of $203,713 ("Preference Action"); ii) an action filed by the law firm of Lynn Pinker Cox Hurst, LLP ("Lynn Pinker") on the Liquidating Trustee's behalf on October 12, 2018, against BW Piezo Holdings, LLC (an insider of the debtor), Blue Wolf Capital Partners, LLC and other entities, asserting, among others, causes of action for avoidance of fraudulent transfers under Sections 548 and 550 of the Bankruptcy Code ("Fraudulent Transfer Action").

After almost four years of litigation, all of the Litigation Claims were successfully resolved, and the Liquidating Trustee anticipates that there will be some distribution to the Debtor's unsecured creditors.

**B.    The Liquidating Trustee's Claim Reconciliation Efforts.**

Since formal settlement of the last pending Litigation Claim - the Fraudulent Transfer Action - and dismissal of the Action in January 2022, the

Liquidating Trustee has devoted its time to surveying and reconciling all scheduled and filed claims, and evaluating the validity and accuracy of those claims. This investigation has included, but has not been limited to, the following tasks:

- Detailed examination of the debtor's books and records related to filed and scheduled claims, and corresponding documentation filed, if any, by claimants. This has involved the categorization, review and financial analysis of voluminous documents;
- Examination of bankruptcy case sale motions and orders, and pleadings regarding rejection of executory contracts and leases in evaluation of pending claims involving potential sale, or assumption and assignment of contracts that are the subject of certain claims;
- Ongoing legal, forensic, and financial analysis of claims;
- Communication with claimants' counsel to discuss claims, informally request documentation regarding claims, and further perform legal and financial analysis in examination of such documents;
- Drafting and negotiating nondisclosure agreements with claimants;
- Negotiating withdrawal of claims;
- Legal analysis, negotiation and settlement of a disputed administrative tax claim;
- Analysis, discussion and commencement of initial negotiation with claimant's counsel regarding a rejection claim;
- Phone and email contact with miscellaneous claimants asserting claims that are inconsistent with Debtor's books and records for resolution of such claims before objection, either through subordination, withdrawal, or formal resolution; and

- The reconciliation of filed and scheduled claims between the claims agent's, Kroll's (formerly known as PrimeClerk) database, and the Debtor's records.

The Liquidating Trustee has also filed objections to various miscellaneous claims, with hearing set for February 14, 2023 (Docket Nos. 825; 826; 828; 830; 832; 834; 836; 837, and 839).

As the Liquidating Trustee continues document exchange; document analysis and review, and negotiation with holders of larger claims, the Liquidating Trustee will determine whether to commence formal discovery on certain claims in preparation for objection filing. While this analysis is pending, the Liquidating Trustee intends to continue negotiation and discussion with claimants.

The Liquidating Trustee is currently determining, for various claims, whether to 1) continue existing efforts to resolve the claims absent filing of formal claim objections; or 2) file additional miscellaneous claim objections. This analysis continues to be informed by the Liquidating Trustee's exercise of its business judgment in evaluating whether to engage in formal discovery regarding the more complex pending claims being examined; continue discussions aimed at reaching mutual resolution of claims prior to objection, or ultimately file formal objections. The Liquidating Trustee remains prudent in this analysis, bearing in mind the best interests of unsecured creditors in this case and examining whether further formal action regarding pending claims is likely to result in additional benefit to the estate that is not outweighed by costs. In furtherance of continuing these measured efforts in reconciling and evaluating remaining claims, and negotiating resolutions, the Liquidating Trustee seeks a brief extension of the Liquidating Trustee Claims Objection Deadline to June 30, 2023.

## II.

## GOOD CAUSE EXISTS TO GRANT THE RELIEF REQUESTED BY THIS MOTION ON AN EX PARTE BASIS

Good cause exists to grant the relief requested by this Motion without the need for notice to creditors or a hearing on this Motion.

**A.   An Extension of the Liquidating Trustee Claim Objection Deadline Should Be Granted by the Court.**

As set forth in detail in Section II(A) and II(B) of the Second Ex Parte Extension Motion [Doc. 762], the Liquidating Trustee is authorized to seek extensions of the Liquidating Trustee Claim Objection Deadline and this Court may extend that deadline on an *ex parte* basis.

Further, under the facts of this case, good cause exists for this Court to extend the Liquidating Trustee Claim Objection Deadline.

**1.   The Liquidating Trustee Continues to Utilize Its Business Judgment and is Prudently Examining and Reconciling All Pending and Scheduled Claims in an Effort to Resolve Claims in a Cost-Efficient Manner for Estate Benefit.**

As set forth above, since final resolution of the remaining Litigation Claim in early 2022, the Liquidating Trustee has been actively engaged in examination and reconciliation, on a per claim basis, of all scheduled and filed claims. The Liquidating Trustee continues to engage in informal document exchange; perform legal and financial analysis of certain claims, and discussion with certain claimants. The Liquidating Trustee's claim reconciliation analysis continues to be informed by the exercise of the Trustee's business judgment in evaluating whether, for each remaining claim, there would be a tangible benefit to creditors of further action and formal objection to claims litigation that would outweigh the costs incurred in prosecuting such objections.

**2.    No Creditor will Suffer any Undue Prejudice if the Liquidating Trustee Claim Objection Deadline is Extended.**

No creditor will suffer any undue prejudice if the Liquidating Trustee Claim Objection Deadline is extended as requested by the Liquidating Trustee. On the contrary, the requested extension of such deadline is in the interests of the Debtor's creditors.

The Plan provides expressly that the Liquidating Trustee has the right to seek extensions of the Liquidating Trustee Claim Objection Deadline. Accordingly, creditors are on notice that the Liquidating Trustee may seek extensions of the Liquidating Trustee Claim Objection Deadline.

The Liquidating Trustee has been diligently performing its reconciliation and evaluation of filed and scheduled claims in this case and continues to determine (given the information being gathered and examined) whether, and to what extent, claims objections would enhance any return to creditors, or whether any benefit to be had would be ameliorated by the costs entailed.  The Debtor's creditors benefit by allowing the Liquidating Trustee sufficient time to continue these efforts to efficiently resolve potential claim disputes, and perform continued analysis of whether to engage in further formal discovery and communication with claimants or whether to file formal objections.

Based upon the foregoing, the Liquidating Trustee hereby respectfully submits that this Court can, and should, extend the Liquidating Trustee Claim Objection Deadline, without any need for notice to creditors or an opportunity for hearing thereon.

### III.

### CONCLUSION

Based upon the foregoing, the Liquidating Trustee respectfully requests that the Court enter an order granting the following relief:

Extending the Liquidating Trustee Claim Objection Deadline from March 31, 2023 to June 30, 2023, without prejudice to the Liquidating Trustee's right to seek further extensions of such deadline for cause shown.

DATED: January 20, 2023         GRIFFITH & THORNBURGH, LLP.

By  */s/ Felicita A. Torres*
FELICITA A. TORRES,
LAUREN A. RODE
Attorneys for Liquidating Trustee
Appointed under Confirmed Chapter 11
Liquidating Plan

# DECLARATION OF RICHARD FEFERMAN

I, Richard Feferman, hereby declare:

1. I am over the age of 18, and I am a resident of the State of California. The facts stated herein are within my own personal knowledge, unless otherwise stated herein, and, if called as a witness, I could and would competently testify thereto.

2. This declaration is offered in support of the Liquidating Trustee's Seventh <u>Ex Parte</u> Motion for Order Extending Deadline to Object to Claims ("Motion"), filed by Corporate Recovery Associates, LLC ("CRA"), the liquidating trustee ("Liquidating Trustee") appointed under the confirmed Chapter 11 Liquidating Plan [Docket No. 426] ("Plan") of Debtor Channel Technologies Group, LLC ("Debtor"). Pursuant to the Motion, the Liquidating Trustee moves this Court, on an <u>ex parte</u> basis, pursuant to the provisions of the Plan, Section 105 of the Bankruptcy Code and Rule 9006 of the Federal Rules of Bankruptcy Procedure, for an order extending the March 31, 2023 deadline, which was an extension of the deadline provided for by the Plan for the Liquidating Trustee to file objections to claims asserted against the Debtor's estate ("Liquidating Trustee Claim Objection Deadline").

3. I am the Senior Managing Director of CRA. Pursuant to the Plan, as modified by the *Stipulation for Non-Material Modification of Confirmed Chapter 11 Liquidating Plan in Order to Remedy Any Inconsistency Between the Chapter 11 Liquidating Plan and the Liquidating Trust Agreement* [Docket No. 546], approved by order of the Court on April 6, 2018 [Docket No. 549], CRA was designated to serve as the Liquidating Trustee of the liquidating trust ("Liquidating Trust"), established by the Plan. CRA and I are acting in this case solely in our respective capacities as set forth above.

4. Since the appointment of the Liquidating Trustee, pursuant to the

terms of the Plan, I have devoted a significant amount of time and effort toward evaluating claims asserted against the Debtor to determine the validity of such claims and whether grounds exist to object to claims. I have identified more than 150 claims which are subject to dispute in this case, and the Liquidating Trustee has already filed objections to more than 100 claims.

5. Given the number and complexity of the outstanding claims in this case, the Liquidating Trustee employed a measured approach in strategizing to determine when, and whether, to file and litigate objections to claims. This analysis, and the Liquidating Trustee's ultimate objective regarding outstanding claims, were dependent on the outcome of the Liquidating Trustee's Litigation Claims (which were as follows): i) a preference action filed October 12, 2018, against Lynn Chen, seeking, in part, to avoid and recover pursuant to Sections 547 and 550 of the Bankruptcy Code preferential transfers in approximate amount of $203,713 ("Preference Action"); ii) an action filed by the law firm of Lynn Pinker Cox Hurst, LLP ("Lynn Pinker") on the Liquidating Trustee's behalf on October 12, 2018, against BW Piezo Holdings, LLC (an insider of the debtor), Blue Wolf Capital Partners, LLC and other entities, asserting, among others, causes of action for avoidance of fraudulent transfers under Sections 548 and 550 of the Bankruptcy Code ("Fraudulent Transfer Action").

After almost four years of litigation, all of the Litigation Claims were successfully resolved, and the Liquidating Trustee anticipates that there will be some distribution to the Debtor's unsecured creditors.

6. Since formal settlement of the last pending Litigation Claim - the Fraudulent Transfer Action - and dismissal of the Action in early 2022, the Liquidating Trustee has devoted its time to surveying and reconciling, on a per-claim basis, all scheduled and filed claims, and evaluating the validity and accuracy of those claims. This investigation has included, but has not been limited to, the following tasks:

- Detailed examination of the debtor's books and records related to filed and scheduled claims, and corresponding documentation filed, if any, by claimants. This has involved the categorization, review and financial analysis of voluminous documents;
- Examination of bankruptcy case sale motions and orders, and pleadings regarding rejection of executory contracts and leases in evaluation of pending claims involving potential sale, or assumption and assignment of contracts that are the subject of certain claims;
- Ongoing legal, forensic, and financial analysis of claims;
- Communication with claimants' counsel to discuss claims, informally request documentation regarding claims, and further perform legal and financial analysis in examination of such documents;
- Drafting and negotiating nondisclosure agreements with claimants;
- Negotiating withdrawal of claims;
- Legal analysis, negotiation and settlement of a disputed administrative tax claim;
- Analysis, discussion and commencement of initial negotiation with claimant's counsel regarding a rejection claim;
- Phone and email contact with miscellaneous claimants asserting claims that are inconsistent with Debtor's books and records for resolution of such claims before objection, either through subordination, withdrawal, or formal resolution; and
- The reconciliation of filed and scheduled claims between the claims agent's, Kroll's (formerly known as PrimeClerk) database, and the Debtor's records.

7. The Liquidating Trustee has also filed objections to various claims, with hearing set for February 14, 2023 (Docket Nos. 825; 826; 828; 830; 832; 834; 836; 837, and 839).

8.  As the Liquidating Trustee continues document exchange, review, and negotiation with holders of larger claims, the Liquidating Trustee will determine whether to commence formal discovery on certain claims in preparation for objection filing. While this analysis is pending, the Liquidating Trustee intends to continue negotiation and discussion with claimants.

9.  The Liquidating Trustee is currently determining, for various claims, whether to 1) continue existing efforts to resolve the claims absent filing of formal claim objections; or 2) file additional miscellaneous claim objections. This analysis continues to be informed by the Liquidating Trustee's exercise of its business judgment in evaluating whether to engage in formal discovery regarding the more complex pending claims being examined; continue discussions aimed at reaching mutual resolution of claims prior to objection, or ultimately file formal objections. The Liquidating Trustee remains prudent in this analysis, bearing in mind the best interests of unsecured creditors in this case and examining whether further formal action regarding pending claims is likely to result in additional benefit to the estate that is not outweighed by costs. In furtherance of continuing these measured efforts in reconciling and evaluating remaining claims, and negotiating resolutions, the Liquidating Trustee seeks a brief extension of the Liquidating Trustee Claims Objection Deadline to June 30, 2023.

10. No creditor will suffer any undue prejudice if the Liquidating Trustee Claim Objection Deadline is extended as requested. On the contrary, the requested extension of such deadline is in the interests of the Debtor's creditors.

11. The Plan provides expressly that the Liquidating Trustee has the right to seek extensions of the Liquidating Trustee Claim Objection Deadline. Accordingly, creditors are on notice that the Liquidating Trustee may seek extensions of the Liquidating Trustee Claim Objection Deadline.

I declare under penalty of perjury under the laws of the State of California

//

1 | and the United States of America that the foregoing is true and correct.
2 | Executed this 20 day of January, at San Diego, California.

*Richard Feferman*

In re:  Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 E. Figueroa Street, Suite 300, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
**Liquidating Trustee's 7th Ex Parte Motion for Order Extending Deadline to Object to Claims; Memo Points & Authorities; Dec. of Richard Feferman**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **Jan. 20, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:
On (*date*) **Jan. 20, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**</u> (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)      **, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Jan. 20, 2023 | Evelyn R. Downs | /s/Evelyn R. Downs |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                 **F 9013-3.1.PROOF.SERVICE**

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

NEF Service:

Jonathan Boustani     jboustani@btlaw.com
John P Byrne     John.Byrne@byrnelawcorp.com
Cheryl S Chang     Chang@Blankrome.com, Hno@BlankRome.com
Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;jessica@lesliecohenlaw.com
Edward J Dennis     jdennis@lynnllp.com, eburch@lynnllp.com;sgottsch@lynnllp.com
Daniel Denny     ddenny@milbank.com
Jeffrey W Dulberg     jdulberg@pszjlaw.com
Brian David Fittipaldi     brian.fittipaldi@usdoj.gov
Paul R. Glassman     pglassman@stradlinglaw.com
Michael S Greger     mgreger@allenmatkins.com, kpreston@allenmatkins.com
Craig N Haring     charing@blankrome.com
William W Huckins     whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
Mette H Kurth     mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
Ian Landsberg     ilandsberg@sklarkirsh.com, lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfrazier@sklarkirsh.com;mduran@sklarkirsh.com
Paul J Laurin     plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com;jose.barajas@btlaw.com
Elan S Levey     elan.levey@usdoj.gov, julie.morales@usdoj.gov
Andrew B Levin     ablevin@mintz.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
Stephen F Mcandrew     mcandrewsteve@gmail.com, steve@mcandrewlaw.net;steve@kmcllp.com
David W. Meadows     david@davidwmeadowslaw.com
Eliyahu Ness     eness@perkinscoie.com
Samuel A Newman     sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
Victoria Newmark     vnewmark@pszjlaw.com
Reed H Olmstead     reed@olmstead.law, r41602@notify.bestcase.com
Robert E Opera     ropera@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Christian A Orozco     christian.a.orozco@usdoj.gov
Christopher O Rivas     crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
Joseph M Sholder     sholder@g-tlaw.com
Ross Spence     ross@sdllaw.com, brittany@sdllaw.com;justin@sdllaw.com;stacey@sdllaw.com
Howard Steinberg     steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
Felicita A Torres     torres@g-tlaw.com
United States Trustee (ND)     ustpregion16.nd.ecf@usdoj.gov
Alan J Watson     alan.watson@hklaw.com, rosanna.perez@hklaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**