**G**RIFFITH & **T**HORNBURGH, LLP

ATTORNEYS AND COUNSELORS

8 EAST FIGUEROA STREET, SUITE 300

SANTA BARBARA, CA 93101

TELEPHONE: 805-965-5131

TELECOPIER: 805-965-6751

Felicita A. Torres, Bar No. 298630   Email: torres@g-tlaw.com
Lauren A. Rode, Bar No. 281803      Email: rode@g-tlaw.com

Attorneys for Liquidating Trustee Appointed under
Confirmed Chapter 11 Liquidating Plan

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>         DEBTOR. | Case No. 9:16-bk-11912-DS<br><br>Chapter 11<br><br>**LIQUIDATING TRUSTEE'S EIGHTH *EX PARTE* MOTION FOR ORDER EXTENDING DEADLINE TO OBJECT TO CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD FEFERMAN IN SUPPORT THEREOF**<br><br>[No Hearing Requested] |

Corporate Recovery Associates, LLC, the liquidating trustee ("Liquidating Trustee") appointed under the confirmed Chapter 11 Liquidating Plan [Docket No. 426] ("Plan") of Debtor Channel Technologies Group, LLC ("Debtor"), hereby moves this Court, on an *ex parte* basis, pursuant to the provisions of the Plan, Section 105 of the Bankruptcy Code and Rule 9006 of the Federal Rules of

Bankruptcy Procedure, for an order further extending the June 30, 2023 deadline for the Liquidating Trustee to file objections to claims asserted against the Debtor's estate ("Liquidating Trustee Claim Objection Deadline"), for an additional 60 days for a deadline of August 30, 2023.

**Status of Claims Reconciliation, Analysis and Objections.**

Since formal settlement of the last pending Litigation Claim - the Fraudulent Transfer Action - and dismissal of the Action in January 2022, the Liquidating Trustee has devoted its time to surveying and reconciling all scheduled and filed claims, and evaluating the validity and accuracy of those claims. This investigation has included, but has not been limited to, the following tasks:

- Detailed examination of the debtor's books and records related to filed and scheduled claims, and corresponding documentation filed, if any, by claimants. This has involved the categorization, review and financial analysis of voluminous documents;
- Examination of bankruptcy case sale motions and orders, and pleadings regarding rejection of executory contracts and leases in evaluation of pending claims involving potential sale, or assumption and assignment of contracts that are the subject of certain claims;
- Ongoing legal, forensic, and financial analysis of claims;
- Communication with claimants' counsel to discuss claims, informally request documentation regarding claims, and further perform legal and financial analysis in examination of such documents;
- Negotiating withdrawal and subordination of claims;
- Legal analysis, negotiation and settlement of a disputed administrative tax claim;
- Extensive analysis, correspondence, negotiation and ultimate settlement with claimant's counsel regarding a rejection claim;

GRIFFITH &
THORNBURGH, LLP
ATTORNEYS AND
COUNSELORS

- Phone and email contact with miscellaneous claimants asserting claims that are inconsistent with Debtor's books and records for resolution of such claims before objection, either through subordination, withdrawal, or formal resolution; and

- The reconciliation of filed and scheduled claims between the claims agent's, Kroll's (formerly known as PrimeClerk) database, and the Debtor's records.

- Identifying and reconciling multiple claims which were identified on the Court's CM-ECF claims register by a different claim number than the official claim number established by Kroll (formerly known as Prime clerk).

The Liquidating Trustee has also filed multiple objections to various miscellaneous claims, including:

- Multiple objections set for hearing on February 14, 2023, which were sustained by Court order entered February 21, 2023.

- An Omnibus Objection to Claims [set No. 10] filed June 1, 2023 and set for hearing July 11, 2023.

The Liquidating Trustee continues to thoroughly examine Debtor's voluminous business records and reconcile and compare associated claim documentation, and expects to file a final set of omnibus objections to claims prior to the current June 30 deadline.

While the Liquidating Trustee intends to file all final claim objections by the current June 30 deadline, the hearing dates for the remaining objections fall after the current deadline. Accordingly, out of an abundance of caution, the Liquidating Trustee requests that the June 30 deadline be extended for an additional 60 days to August 30, 2023. While the Liquidating Trustee fully intends to complete the claims reconciliation and objection process before the expiration of the current

3

1 deadline and intends to commence distributions (while reserving for disputed 2 claims) as soon as practicable after the objections are filed, the requested extension 3 will allow the Liquidating Trustee a buffer period subsequent to the objection 4 hearing dates in the event any issues arise with the objections or otherwise that the 5 Liquidating Trustee may be able to ameliorate with an amended, alternative or 6 further objection.

7 For the above reasons, the Liquidating Trustee seeks an extension of the 8 Liquidating Trustee Claims Objection Deadline to August 30, 2023.

9 Good cause continues to exist, as set forth in detail in paragraph II(A) and II 10 (B) of the Second *Ex Parte* Motion for Order Extending Deadline to Object to 11 Claims ("Second *Ex Parte* Extension Motion") [Doc. 762], for granting the relief 12 requested hereby on an *ex parte* basis.

13 This Motion is made and based on the above allegations and representations, 14 the Memorandum of Points and Authorities and the Declaration of Richard 15 Feferman ("Feferman Declaration") appended hereto, the Plan and the other 16 papers, pleadings, and documents on file in this Chapter 11 case, and on any other 17 evidence, both oral and documentary, as the Court may consider in connection 18 with this Motion.

19 **WHEREFORE**, the Liquidating Trustee prays that the Court enter an order 20 granting the following relief:

21 1. Extending, from June 30, 2023, to August 30, 2023, the deadline to 22 file objections to claims asserted against the Debtor's estate, without prejudice to 23 the Liquidating Trustee's right to seek further extensions of such deadline for 24 cause shown; and

25 2. Granting to the Liquidating Trustee such other and additional relief as 26 the Court deems just and proper.

27 ###

28

4

| | | |
|---|---|---|
| 1 | DATED: June 12, 2023 | GRIFFITH & THORNBURGH, LLP |
| 2 | | |
| 3 | | By */s/ Felicita A. Torres*<br>FELICITA A. TORRES, |
| 4 | | LAUREN A. RODE, Attorneys for |
| 5 | | Liquidating Trustee Appointed under<br>Confirmed Chapter 11 Liquidating Plan |

GRIFFITH &
THORNBURGH, LLP
ATTORNEYS AND
COUNSELORS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.  The Liquidating Trustee Claims Reconciliation Efforts.**

As set forth above, the Liquidating Trustee has been diligently engaged in extensive claim reconciliation activity, including the following tasks:

- Detailed examination of the debtor's books and records related to filed and scheduled claims, and corresponding documentation filed, if any, by claimants. This has involved the categorization, review and financial analysis of voluminous documents;

- Examination of bankruptcy case sale motions and orders, and pleadings regarding rejection of executory contracts and leases in evaluation of pending claims involving potential sale, or assumption and assignment of contracts that are the subject of certain claims;

- Ongoing legal, forensic, and financial analysis of claims;

- Communication with claimants' counsel to discuss claims, informally request documentation regarding claims, and further perform legal and financial analysis in examination of such documents;

- Negotiating withdrawal and subordination of claims;

- Legal analysis, negotiation and settlement of a disputed administrative tax claim;

- Extensive analysis, correspondence, negotiation and ultimate settlement with claimant's counsel regarding a rejection claim.;

- Phone and email contact with miscellaneous claimants asserting claims that are inconsistent with Debtor's books and records for resolution of such claims before objection, either through subordination, withdrawal, or formal resolution; and

GRIFFITH &
THORNBURGH, LLP
ATTORNEYS AND
COUNSELORS

- The reconciliation of filed and scheduled claims between the claims agent's, Kroll's (formerly known as PrimeClerk) database, and the Debtor's records.
- Identifying and reconciling multiple claims which were identified on the Court's CM-ECF claims register by a different claim number than the official claim number established by Kroll (formerly known as Prime clerk).

The Liquidating Trustee has also filed multiple objections to various miscellaneous claims, including:

- Multiple objections set for hearing on February 14, 2023, which were sustained by Court order entered February 21, 2023.
- An Omnibus Objection to Claims [set No. 10] filed June 1, 2023 and set for hearing July 11, 2023.

The Liquidating Trustee further expects that all final claim objections will be filed by the current June 30 deadline. Out of an abundance of caution, the Liquidating Trustee seeks an additional sixty-day extension of the claim objection deadline to account for the possibility that an issue may arise prior to resolution of the remaining claim objections to be filed this month.

## II

## GOOD CAUSE EXISTS TO GRANT THE RELIEF REQUESTED BY THIS MOTION ON AN *EX PARTE* BASIS

Good cause exists to grant the relief requested by this Motion without the need for notice to creditors or a hearing on this Motion.

**A.    An Extension of the Liquidating Trustee Claim Objection Deadline Should Be Granted by the Court.**

As set forth in detail in Section II(A) and II(B) of the Second *Ex Parte* Extension Motion [Doc. 762], the Liquidating Trustee is authorized to seek

extensions of the Liquidating Trustee Claim Objection Deadline and this Court may extend that deadline on an *ex parte* basis.

Further, under the facts of this case, good cause exists for this Court to extend the Liquidating Trustee Claim Objection Deadline.

**1. The Liquidating Trustee Has Continued to Reconcile and Resolve Claims in a Cost-Efficient Manner for the Estate's Benefit and is Prepared to Shortly File a Final Set of Claim Objections**

As set forth above, since final resolution of the remaining Litigation Claim in early 2022, the Liquidating Trustee has been actively engaged in examination and reconciliation, on a per claim basis, of all scheduled and pending claims, and continues to examine (based on communication with various miscellaneous claimants, informal document exchange; legal and financial analysis of certain claims, and initial discussion with certain claimants) whether, for each remaining claim, there would be a tangible benefit to creditors of further action and formal objection to claims litigation that would outweigh the costs incurred in processing such objections.

The Liquidating Trustee has also filed multiple claim objections (including several in January 2023 that have all been sustained), and expects that all final claim objections will be filed shortly and before the current June 30 deadline expires. The Liquidating Trustee seeks the additional brief extension out of an abundance of caution.

**2. No Creditor will Suffer any Undue Prejudice if the Liquidating Trustee Claim Objection Deadline is Extended.**

No creditor will suffer any undue prejudice if the Liquidating Trustee Claim Objection Deadline is extended as requested by the Liquidating Trustee. On the contrary, the requested extension of such deadline is in the interests of the Debtor's creditors.

GRIFFITH &
THORNBURGH, LLP
ATTORNEYS AND
COUNSELORS

Case 9:16-bk-11912-DS Doc 893 Filed 06/12/23 Entered 06/12/23 14:43:09 Desc
Main Document Page 9 of 15

1 The Plan provides expressly that the Liquidating Trustee has the right to seek extensions of the Liquidating Trustee Claim Objection Deadline. Accordingly, creditors are on notice that the Liquidating Trustee may seek extensions of the Liquidating Trustee Claim Objection Deadline.

The Liquidating Trustee has been diligently performing its reconciliation of and evaluation of pending and scheduled claims in this case and has filed multiple claim objections (which have been sustained); has a hearing pending on Omnibus Objection to Claims [Set No. 10] on July 11, and will file a final set of objections by June 30. The Debtor's creditors benefit by allowing the Liquidating Trustee sufficient time subsequent to the hearing dates set and to be set on all filed claim objections so that the Liquidating Trustee can address any issue that may arise.

Based upon the foregoing, the Liquidating Trustee hereby respectfully submits that this Court can, and should, extend the Liquidating Trustee Claim Objection Deadline, without any need for notice to creditors or an opportunity for hearing thereon.

### III.

### CONCLUSION

Based upon the foregoing, the Liquidating Trustee respectfully requests that the Court extend the Liquidating Trustee Claim Objection Deadline from June 30, 2023 to August 30, 2023, without prejudice to the Liquidating Trustee's right to seek further extensions of such deadline for cause shown.

DATED: June 12, 2023          GRIFFITH & THORNBURGH, LLP

                              By  */s/ Felicita A. Torres*
                              FELICITA A. TORRES,
                              LAUREN A. RODE
                              Attorneys for Liquidating Trustee Appointed
                              under Confirmed Chapter 11 Liquidating
                              Plan

GRIFFITH &
THORNBURGH, LLP
ATTORNEYS AND
COUNSELORS

9

# **DECLARATION OF RICHARD FEFERMAN**

I, Richard Feferman, hereby declare:

1. I am over the age of 18, and I am a resident of the State of California. The facts stated herein are within my own personal knowledge, unless otherwise stated herein, and, if called as a witness, I could and would competently testify thereto.

2. This declaration is offered in support of the Liquidating Trustee's Seventh *Ex Parte* Motion for Order Extending Deadline to Object to Claims ("Motion"), filed by Corporate Recovery Associates, LLC ("CRA"), the liquidating trustee ("Liquidating Trustee") appointed under the confirmed Chapter 11 Liquidating Plan [Docket No. 426] ("Plan") of Debtor Channel Technologies Group, LLC ("Debtor"). Pursuant to the Motion, the Liquidating Trustee moves this Court, on an *ex parte* basis, pursuant to the provisions of the Plan, Section 105 of the Bankruptcy Code and Rule 9006 of the Federal Rules of Bankruptcy Procedure, for an order extending the June 30, 2023 deadline, which was an extension of the deadline provided for by the Plan for the Liquidating Trustee to file objections to claims asserted against the Debtor's estate ("Liquidating Trustee Claim Objection Deadline").

3. I am the Senior Managing Director of CRA. Pursuant to the Plan, as modified by the *Stipulation for Non-Material Modification of Confirmed Chapter 11 Liquidating Plan in Order to Remedy Any Inconsistency Between the Chapter 11 Liquidating Plan and the Liquidating Trust Agreement* [Docket No. 546], approved by order of the Court on April 6, 2018 [Docket No. 549], CRA was designated to serve as the Liquidating Trustee of the liquidating trust ("Liquidating Trust"), established by the Plan. CRA and I are acting in this case solely in our respective capacities as set forth above.

4. Since formal settlement of the last pending Litigation Claim - the

Fraudulent Transfer Action - and dismissal of the Action in January 2022, the Liquidating Trustee has devoted its time to surveying and reconciling all scheduled and filed claims, and evaluating the validity and accuracy of those claims. This investigation has included, but has not been limited to, the following tasks:

- Detailed examination of the debtor's books and records related to filed and scheduled claims, and corresponding documentation filed, if any, by claimants. This has involved the categorization, review and financial analysis of voluminous documents;
- Examination of bankruptcy case sale motions and orders, and pleadings regarding rejection of executory contracts and leases in evaluation of pending claims involving potential sale, or assumption and assignment of contracts that are the subject of certain claims;
- Ongoing legal, forensic, and financial analysis of claims;
- Communication with claimants' counsel to discuss claims, informally request documentation regarding claims, and further perform legal and financial analysis in examination of such documents;
- Negotiating withdrawal and subordination of claims;
- Legal analysis, negotiation and settlement of a disputed administrative tax claim;
- Extensive analysis, correspondence, negotiation and ultimate settlement with claimant's counsel regarding a rejection claim;
- Phone and email contact with miscellaneous claimants asserting claims that are inconsistent with Debtor's books and records for resolution of such claims before objection, either through subordination, withdrawal, or formal resolution; and
- The reconciliation of filed and scheduled claims between the claims agent's, Kroll's (formerly known as PrimeClerk) database, and the

GRIFFITH &
THORNBURGH, LLP
ATTORNEYS AND
COUNSELORS

Debtor's records.

- Identifying and reconciling multiple claims which were identified on the Court's CM-ECF claims register by a different claim number than the official claim number established by Kroll (formerly known as Prime Clerk).

5. The Liquidating Trustee has also filed multiple objections to various miscellaneous claims, including:

- Multiple objections set for hearing on February 14, 2023, which were sustained by Court order entered February 21, 2023.
- An Omnibus Objection to Claims [set No. 10] filed June 1, 2023 and set for hearing July 11, 2023.

6. The Liquidating Trustee continues to thoroughly examine Debtor's voluminous business records and reconcile and compare associated claim documentation, and expects to file a final set of omnibus objections to claims prior to the current June 30 deadline.

7. While the Liquidating Trustee intends to file all final claim objections by the current June 30 deadline, the hearing dates for the remaining objections fall after the current deadline. Accordingly, out of an abundance of caution, the Liquidating Trustee requests that the June 30 deadline be extended for an additional 60 days to August 30, 2023.

8. While the Liquidating Trustee fully intends to complete the claims reconciliation and objection process before the expiration of the current deadline and intends to commence distributions (while reserving for disputed claims) as soon as practicable after the objections are filed, the requested extension will allow the Liquidating Trustee a buffer period subsequent to the objection hearing dates in the event any issues arise with the objections or otherwise that the Liquidating Trustee may be able to ameliorate with an amended, alternative or further

GRIFFITH &
THORNBURGH, LLP
ATTORNEYS AND
COUNSELORS

1  objection.

2      9.    Good cause continues to exist, as set forth in detail in paragraph II(A) and II (B) of the Second *Ex Parte* Motion for Order Extending Deadline to Object to Claims ("Second *Ex Parte* Extension Motion") [Doc. 762], for granting the relief requested hereby on an *ex parte* basis.

    10.    No creditor will suffer any undue prejudice if the Liquidating Trustee Claim Objection Deadline is extended as requested. On the contrary, the requested extension of such deadline is in the interests of the Debtor's creditors.

    11.    The Liquidating Trustee has been diligently performing its reconciliation of and evaluation of pending and scheduled claims in this case and has filed multiple claim objections (which have been sustained); has a hearing pending on Omnibus Objection to Claims [Set No. 10] on July 11, and will file a final set of miscellaneous objections by June 30. The Debtor's creditors benefit by allowing the Liquidating Trustee sufficient time subsequent to the hearing dates set and to be set on all filed claim objections so that the Liquidating Trustee can address any issue that may arise.

    12.    The Plan provides expressly that the Liquidating Trustee has the right to seek extensions of the Liquidating Trustee Claim Objection Deadline. Accordingly, creditors are on notice that the Liquidating Trustee may seek extensions of the Liquidating Trustee Claim Objection Deadline.

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

    Executed this 12th day of June 2023, at San Diego, California.



Richard Feferman

In re: Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 E. Figueroa Street, Suite 300, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
**Liquidating Trustee's 8th Ex Parte Request to Extend Deadline to Object to Claims**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 12, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:
On (*date*) **June    , 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**</u> (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)    **, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| June 12, 2023 | Evelyn R. Downs | /s/Evelyn R. Downs |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

In re:  Channel Technologies Group, LLC
United States Bankruptcy Court, Case No. 9:16-bk-11912-DS

**By ECF Notice:**

- Jonathan Boustani    jboustani@btlaw.com
- John P Byrne    John.Byrne@byrnelawcorp.com
- Cheryl S Chang    Chang@Blankrome.com, Hno@BlankRome.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- Edward J Dennis    jdennis@lynnllp.com, eburch@lynnllp.com;sgottsch@lynnllp.com
- Daniel Denny    ddenny@milbank.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Brian David Fittipaldi    brian.fittipaldi@usdoj.gov
- Paul R. Glassman    pglassman@stradlinglaw.com
- Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com
- Craig N Haring    charing@blankrome.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
- Mette H Kurth    mkurth@foxrothschild.com, mette-kurth-7580@ecf.pacerpro.com
- Ian Landsberg    ilandsberg@sklarkirsh.com, lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfrazier@sklarkirsh.com;mduran@sklarkirsh.com
- Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com;jose.barajas@btlaw.com
- Elan S Levey    elan.levey@usdoj.gov, julie.morales@usdoj.gov
- Andrew B Levin    ablevin@mintz.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
- Stephen F Mcandrew    mcandrewsteve@gmail.com, steve@mcandrewlaw.net;steve@kmcllp.com
- David W. Meadows    david@davidwmeadowslaw.com
- Eliyahu Ness    eness@perkinscoie.com
- Samuel A Newman    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- Victoria Newmark    vnewmark@pszjlaw.com
- Reed H Olmstead    reed@olmstead.law, r41602@notify.bestcase.com
- Robert E Opera    ropera@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Christian A Orozco    christian.a.orozco@usdoj.gov
- Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- Joseph M Sholder    sholder@g-tlaw.com
- Ross Spence    ross@sdllaw.com, brittany@sdllaw.com;justin@sdllaw.com;stacey@sdllaw.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- Felicita A Torres    torres@g-tlaw.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
- Alan J Watson    alan.watson@hklaw.com, rosanna.perez@hklaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**